UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RASHID JAHM,                        )
            Plaintiff,              )
                                    )
            v.                      )
                                    )        C.A. No.05-11638-JLT
DENNIS D. LEIBER, et al.,           )
            Defendants.             )
                                    )

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, plaintiff's application to proceed without prepayment of fees is denied without prejudice. If plaintiff submits a new, fully-completed application to proceed without prepayment of the filing fee, she shall also demonstrate good cause why this action should not be dismissed for the reasons stated below.

<u>BACKGROUND</u>

On August 2, 2005, Rashid Jahm, a resident of Lawrence, Massachusetts, filed a civil rights complaint accompanied by an Application to Proceed Without Prepayment of Fees. Plaintiff asserts claims pursuant to 42 U.S.C. §§ 1983, 1985(3), and a state tort claim of intentional emotional distress. Compl. at p. 3. Plaintiff's complaint lists the following defendants: (1) Circuit Court Judge Dennis D. Lieber, (2) Deputy County Circuit Court Clerk Mary Kelly, (3) The State of Michigan, and the city of Walker, (4) Governor Jennifer M. Granholm, (5) Director of the Judicial Tenure Commission Paul J. Fisher, (6) Craig Noland of Great American Insurance, (7) Kemper Insurance President Claim

Dept., (8) Catherine Garcia-Lindstorm, (9) Circuit Court Chief Judge George S. Buth, and (10) Shawn M. Breimayer (CSR). <u>Id.</u> at pp. 1-2.

Plaintiff contends that he was injured in a car accident with a police officer in October of 1999, and that he was never fairly compensated for his injuries. <u>Id.</u> at p. 4. Plaintiff's complaint consists primarily of a recounting of events surrounding an earlier state court proceeding in Michigan, where he claims that he was "deprived [of] his constitutional right[s]," and that the Defendants "tricked, conspired, and manipulated...to avoid liability." <u>Id.</u> at ¶ 5. He claims that the Defendants deprived him of "due process, equal protection of the laws and of equal privileges and immunities under the laws." <u>Id.</u> at p. 3. Plaintiff's allegations seem to revolve around the conduct of the parties and judges in the prior court proceedings in Michigan. <u>Id.</u> at ¶¶ 17-31.

Plaintiff is seeking special, general, consequential, and punitive damages. <u>Id.</u> at p. 2. He claims, among other things, that he is emotionally injured and has had to endure hours of "pain and suffering of litigation." <u>Id.</u> at ¶¶ 36-37. Plaintiff also alleges that the prior litigation "destroyed [his] faith and trust in the American judicial system," and that he "lives in fear that he will be incarcerated for standing up for his constitutional rights." <u>Id.</u> at ¶¶ 39-40.

DISCUSSION

I.   The Application to Proceed Without Prepayment of Fees

A party filing a civil action in this Court must either (1) pay the $250 filing fee for civil actions or (2) seek to be granted in forma pauperis by filing an application to proceed without prepayment of the filing fee.  See 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized, double-sided form for fee waiver applications entitled "Application to Proceed Without Prepayment of the Filing Fee and Affidavit."

Plaintiff failed to fully answer questions one, two, three and five on the application to proceed without prepayment of fees.  See Application, Docket No. 1.  Plaintiff fails to answer question one on the form, which asks litigants if they are incarcerated.  See Question No. 1.  Question two on the form asks litigants if they are currently employed and if not, asks information about their last employment.  See Question No. 2. Although plaintiff reveals the fact that he is not employed, he has failed to reveal the date of his last employment, the amount of his take-home salary or wages and pay period, and the name of his last employer.  See Question No. 2(b).

Although plaintiff indicates in Question 3(d) that he

3

receives disability or workers compensation payments, he failed to answer Questions 3(a), 3(b), 3(c), 3(e) and 3(f) and failed to state the source of his disability or workers compensation payments, the amount he received and the amount he expects he will continue to receive.  See Question No. 3.

Question five on the form asks litigants if they own any real estate, stocks, bonds, securities or other financial instruments, automobiles or any other thing of value.  See Question No. 5.  Although plaintiff reveals the fact that he owns property valued at "4900," he has failed to describe the property.  See Question No. 5.

Because the application is incomplete, I cannot make a determination whether plaintiff qualifies for in forma pauperis status and will deny it without prejudice.  I will grant plaintiff additional time to submit a new, fully-completed application.

II. Plaintiff's Complaint is Subject to Dismissal

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915.. See 28 U.S.C. § 1915.  A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or

fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b). In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) Here, plaintiff's claims are subject to dismissal.

As an initial matter, lower federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions pursuant to the Rooker-Feldman[1] doctrine. Hill v. Town of Conway, 193 F.3d 33, 34 (1st Cir. 1999) (citing Wang v. New Hampshire Bd. of Registration, 55 F.3d 698, 703 (1st Cir. 1995)). The jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United State Supreme Court. See Feldman, 460 U.S. at 482-86; Rooker, 263 U.S. at 415-16. Here, to the extent that plaintiff's complaint may be read as attempting to appeal the decision of the Michigan Court, it is subject to dismissal under the Rooker-Feldman doctrine. See Hill, 193 F.3d 33 at 34 (dismissing).

To the extent that plaintiff asserts claims against judicial

---

[1]The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). See Hill, 193 F.3d at n. 1 (describing history of doctrine).

defendants based on his dissatisfaction with the manner in which his case was decided, the doctrine of absolute judicial immunity also requires dismissal.  The doctrine of judicial immunity protects judges from suit for any normal and routine judicial act.  See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); Pierson v. Ray, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects integrity of judicial process); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (citation omitted) (same).

Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity.  Cok 876 F.2d at 2; Stump v. Sparkman, 435 U.S. 349, 356-357 (1978) (scope of judge's jurisdiction construed broadly).  Even, as here, where a plaintiff alleges that a judge conspired with one party to rule against it, or that a decision was legally incorrect, such allegations do not pierce the immunity extended to judges.  Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996); cf. Stump, 435 U.S. at 356-357 (alleged erroneous, malicious acts).  Thus, plaintiff's claims against the judicial defendants must be dismissed because these allegations are based solely on judicial acts.  Stump, 435 U.S. at 356-357; Pierson, 386 U.S. at 553-554; Jefferson v. City of Hazlehurst, 936 F. Supp. 382, 387 (S. D. Miss. 1995) (judicial immunity protects judge from liability for acts or omissions in exercise of his judicial function or capacity within limits of his jurisdiction) (citing Cleavinger v.

6

Saxner, 474 U.S. 193, 199 (1985)).

Similarly, employees of a court have quasi-absolute judicial immunity when they perform tasks that are an integral part of the judicial process.  See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772 (3rd Cir. 2000) (deputy court administrator); Moore, 96 F.3d at 1245 (law clerks have judicial immunity because their duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function); Mullis v. United States Bankr. Court for the Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987) (clerks and deputy clerks).  Here, plaintiff's claims against the clerk defendants are subject to dismissal based on judicial immunity.  See Gallas, 211 F.3d at 772; Moore, 96 F.3d at 124; cf. Dellenbach v. Letsinger, 889 F.2d 755, 763 (7th Cir. 1989) (danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts--alleging as here a conspiracy between the adjunct and the judge-- warrants this extension of judicial immunity to these persons).

Because the Court is dismissing plaintiff's federal claims against defendants, grounds will not exist for federal subject-matter jurisdiction over plaintiff's state law claims.  Under 28 U.S.C. § 1367, "district court may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims under which it has original jurisdiction." 28 U.S.C. §

1367(c); see <u>Claudio-Gotay v. Becton Dickinson Caribe, Ltd.</u>, 375 F.3d 99, 104 (1st Cir. 2004) (citing <u>Rodriguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995)("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."). Here, the Court will decline to exercise pendent jurisdiction over plaintiff's state law claims.

<u>CONCLUSION</u>

ACCORDINGLY, plaintiff's application to proceed without prepayment of fees is DENIED without prejudice.  If plaintiff wishes to proceed with this action, he shall, within 35 days of the date of this Order, (1) submit a new, fully completed application to proceed without prepayment of fees and (2) demonstrate good cause, in writing, why this action should not be dismissed for the reasons stated above.  If plaintiff fails to submit a new application or demonstrate good cause, this action will be dismissed without prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>26th</u> day of <u>October</u>, 2005.

<u>/s/ Joseph L. Tauro</u>
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE