UNITED STATES DISTRIC COURT

District of Massachusetts

1 courthouse way, suite 2300

Boston, Massachusetts. 02210

617-748-9152

FILED
IN CLERKS OFFICE

2005 NOV 22  A II: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

Rashid Jahm
 Pro se Plaintiff
Vs

**Dennis D. Lieber**, in his official
And individual capacity,
Circuit Court Judge
    Defendants-Appellees

**Mary Kelly**, in her official
And individual capacity,
Deputy County Circuit Court Clerk
    Defendants-Appellees

**Craig Noland (P30717)**
Smith, haughey,Rice, & Roegge
200 calder Plaza Bldg.
250 monroe N. W.
Grand Rapids, MI. 49503
(616) 774-8000
    Defendant-Appellees.

**Shawn M. Breimayer**, CSR (6888)
180 Ottawa NW Suite10500D
Grand Rapids, MI 49503
Phone: (616) 632-5012
    Defendant-Appellees

**George S. Buth** in his official and
Individual capacity Circuit Court Chief Judge
180 Ottawa NW Suite 11200A
Grand Rapids, MI 49503
Phone: (616) 632-5020
    Defendant-Appellees

State of Michigan, ex rel.
And City of Walker A Michigan
Municipal Corp.
    Defendants-Appellees.

Case No:05CV11638-JLT

Jury Trial Demanded

180 Ottawa NW Suite10500D
Grand Rapids, MI 49503
Phone: (616) 632-5012

180 Ottawa NW Suite 2400
Grand Rapids, MI 49503
Phone: (616) 632-5480

Michigan Department of Attorney
General Mike Cox.
G. Mennen Williams Building,
7th Floor 525 W. Ottawa St.
P.O. Box 30212

Governor Jennifer M. Granholm
P.O. Box 30013
Lansing, Michigan 48909
Phone (517) 373-3400

Lansing, MI 48909
Main Number (517) 373-1110

Paul J. Fischer, in his official
And his individual capacity
Executive Director
    Defendant-Appellees.

Michigan Judicial Tenure Commission
3034 West Grand Blvd Suite 8-450
Detroit, MI 48202
Phone: (313) 875-5110

Catherine Garcia- Lindstorm in his official and individual capacity
Walker Police Department
4343 Remembrance Rd.Walker, MI. 49544-1181
Phone:(616) 791-6802
    Defendant-Appellees

Kemper Insurance president Claim Dept
One Kemper Lane Long Grove, IL. 60049
Claim No.169DU024091 Claim No. 565AU109329
Phone:(847) 320-3844
    Defendant-Appellees

Steven C. Couch Asst.Vice President Claim
Great American Insurance.
Professional Liability Division
1755 north Collins Boulevard
LB # 506
Richardson, TX. 75080-3638
Phone: (972) 437-7101
    Defendant- Appellant

Midwest Claim Services
Brian Cardecia vice president or who might be concern
1700 Opdyke Court, Auburn hills, MI 48326
1-800-225-6561
    Defendant- Appellant

- George L. McCarger  (P45588) and Stephen C. Bransdorfer (P11133)
 161 Ottawa Ave. N.W. Ste 411-S
 Grand Rapids, MI. 49503-2898
 Phone:(616) 774-8422
    Defendant- Appellant

Broad Spire Claim No.169DU324091, 565AU109329
Kathy Griffin
P.O. Box 8141
300 E Center Dr suite 100
Vernon hills, IL. 60061
 Phone:(800) 239-8692

## SOMMON, COMPLAINT

Plaintiff believes no judicial immunity for violation of plaintiff's civil right and Acts in

excess of judicial authority which constitutes misconduct, particularly when Judge

Dennis Lieber and other State employees deliberately disregards the requirements of

fairness and due process. See **\*Cannon v. Commission on Judicial Qualifications,**

(1975) 14 Cal. 3d 678, 694

In 1996, Congress passed a law to overcome this ruling, which stated that judicial

immunity doesn't exist; citizens can sue judges for prospective injunctive relief. See

***Pulliam v. Allen***, 466 U.S. 522 (1984); 104 S. Ct. 1781, 1980, 1981, and 1985

 Eleventh Amendment does not protect state officials from claims for prospective relief

when it is alleged that state officials acted in violation of federal law. See **Warnock v.**

**Pecos County**, Texas. 88 F3d 341 (5th Cir. 1996)

Judge refused to hear plaintiff motion which he said on Oct 4th 2002 he will hear

plaintiff motion. See **Exhibit** C, Page 3

Judge allowed tampered picture's CD in to the trial presented by defendant attorney

Craig Noland. See **Exhibit** C, Page 4

When Presiding judge Dennis Lieber has been acted out of judicial duties. He has enforced a void order which he did not have jurisdiction to act, (an order issued by a judge without jurisdiction), that become trespassers of the law, and are engaged in treason (see below).

## TREASON

Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason. **U.S. v. Will**, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); **Cohens v. Virginia,** 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821)

Note: Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the supreme law of the land. The judge is engaged in acts of treason.

The U.S. Supreme Court has stated "no state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it". See also **In Re Sawyer,** 124 U.S. 200 (188); **U.S. v. Will,** 449 U.S. 200, 216, 101 S. Ct. 471, 66 L. Ed. 2d 392, 406 (1980*);* **Cohens v. Virginia,** 19 U.S. (6 Wheat) 264, 404, 5 L. Ed 257 (1821*).* **Cooper v. Aaron,** 358 U.S. 1, 78 S. Ct. 1401 (1958)

Plaintiff was imposed sanctions by Judge Dennis Lieber because of Plaintiff exercise of constitutional rights. See  **Sherar v. Cullen**, 481 F. 2d 946 (1973)

Plaintiff's Denial of Constitutional right and refusing to hear plaintiff's motion by Judge Dennis Lieber and Judge Butt were a denial of due process of law". **Simmons v. United States**, 390 U.S. 377 (1968)

Plaintiff complaints of the above named Defendants and for causes of action against them, allege as follows:

## NATURE OF THIS ACTION

1. This is a federal civil rights action pursuant to 42 U.S.C. § 1983 and § 1988, and the federal constitutional provisions and statutes referred to herein, by all the above names mentions, as defendants are Michigan State employees and Others including defendant attorney Craig Noland (P30717), and including insurance companies together has conspire against plaintiff.

2. Plaintiff seeks compensation from Defendants in the form of special, general, consequential, and punitive damages – except as prohibited by law – including the other fees and costs reasonably incurred in the prosecution of this action.

3. The damages Plaintiff seeks from Defendants are the proximate, direct and consequential result of Defendants' willful, and/or malicious, and/or intentional, and/or reckless and/or deliberately indifferent actions and/or omissions, individually or in concert with others, which violated Plaintiffs' federal constitutional and statutory rights including – but not limited to – their conduct in:

4. Unlawfully depriving, and conspiring to deprive, Plaintiff of his well-established

federal constitutional and statutory rights and his rights to enjoy the due process and equal protection of law and the equal application of the law.

Now comes plaintiff who has been victimize by Michigan state judicial and plaintiff has exhaust his state level last hope when Michigan Supreme Court has fail to protect his constitutional right. Plaintiff's complaint contains several claims, all of which remain at issue. All defendants deprived plaintiff from his constitutional right. Plaintiff seeks constitutional and This Court has jurisdiction over all defendants to stop them not to deprive plaintiff from constructional right.

The first is a claim under 42 U.S.C. Section 1983 in which plaintiff alleges that all conspiring parties, acting under color of state law, deprived plaintiff of his constitutional right under equal protection of the laws under the Fourteenth amendment. The second is a claim under 42 U.S.C. Section 1985(3) in which plaintiff alleges that all parties conspired to deprive plaintiff of his rights to due process, equal protection of the laws and of equal privileges and immunities under the laws. The third is a state law claim in which plaintiff asserts a claim of intentional infliction of emotional distress based primarily on the alleged incident of plaintiff's Oct. 31.1999 car accident.

Plaintiff is requesting justice, due process and fair trial from this honorable court under a fair jury.

Plaintiff, as and for his complaint, alleges the following upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters.

Plaintiff's information and belief is based, during Auto accident (plaintiff was hit from passenger side by police car) and plaintiff filed motions and complaints against Frauds, breach of protected order as In Pro se against defendant Craig Noland but response from the trial judge.

Judge D. Lieber did not hear plaintiff's motions and complaints intentionally and further conspire with other parties to victimize plaintiff and using his influence to get court administrative staffs to do misconduct against plaintiff which show proof on the face of the court records and other documents and confusing the case further tampering with transcript which is available for proof. Plaintiff believes that, in addition to the evidence contained in the court records himself or herself; substantial evidentiary support will exist for the allegations set forth after a reasonable opportunity for discovery.

## Jurisdiction of this Court

Jurisdiction of this action is based upon federal question jurisdiction pursuant to Title 28, United States Code, Sections 1331, 1331(a) and the Due Process Clause of Art. IV of the United States Constitution. This court has jurisdiction over plaintiff's common law claims, infra, and venue is proper pursuant to Title 28, United States Code, Section 1391. The issue before this court is the violation of the Plaintiff's civil rights pursuant to

Title 42 U. S. C. § 1983 and 1985(2) and raises federal questions and constitutional issues.

1. This is a civil rights case brought under Title 42 U. S. C. § 1983 and 1985(2) for violations of the Plaintiff's rights to due process of law under the 14th Amendment of the United States Constitution and for obstruction of justice. Plaintiff contends that these Defendants conspired with State Actors acting under color of state law to undermine the Plaintiff's right.

2. The State Actors allowed defendant Craig Noland in his alleges case of frauds, defamations, slander per se case to act as legal counsel for breach and violation of plaintiff's protected order in the same case.

3. The state actors allowed defendant Craig Noland to present altered and tampered pictures of plaintiff Auto accident case of Oct, 31.1999.

4. The state actors allowed the defendant Craig Noland commit the crimes of perjury, tampering with physical evidence, and tampering with transcripts of the trial together with Court reporter Shawn M. Breimayer CSR (6888) a judicial process in order to conceal their fraud.

5. The State Actors, which included few state employees, state judges and all parties tricked, conspired and manipulated them into a conspiracy to conceal the breach constitutional conduct so as to allow the defendants to avoid liability in plaintiff's Auto accident case

6. The standard for reversing a verdict because of general judicial misconduct during trial is rather stringent.' Kennedy, 901 F.2d at 709. To sustain a claim of this kind, there must be an 'extremely high level of interference' by the trial judge which creates 'a pervasive climate of partiality and unfairness.' U.S. v. DeLuca, 692 F.2d 1277, 1282 (9th Cir.'82). See also Laurins, at 537 ('A judge's participation [in the trial] justifies a new trial because plaintiff proof with documented record shows actual bias and leaves an abiding impression that the jury were implanted to damage plaintiff and get outcome for their personal gain

7. At the same time, however, courts have recognized that a trial judge is 'more than an umpire.' U.S. v. Laurins, 857 F.2d 529, 37 (9th Cir.'88), cert. denied,

492 U.S. 906 ('89). It is perfectly appropriate for a judge to 'take part where

necessary to clarify testimony and assist the jury in understanding the evidence.'

U.S. v. De Sisto, 289 F.2d 833, 834 (2d Cir.'61). See also Laurins, at 537 (trial

judge 'may participate in the examination of witnesses to clarify evidence,

confine counsel to evidentiary rulings, ensure the orderly presentation of

evidence, and prevent undue repetition'); U.S. v. Mostella, 802 F.2d 358, 361

(9th Cir.'86) (same); U.S. v. Poland, 659 F.2d 884, 93 (9th Cir.) (Finding

questions calculated to make testimony clearer to jury not improper), cert.

denied, 454 U.S. 1059 (1981). But in the case of plaintiff it was opposite. Judge

accept and allowed tampered and altered pictures and evidence presented by the

Craig Noland when plaintiff point out that these picture are tampered and

altered trial judge warn plaintiff not to object about the tampered pictures.

8.  The inappropriate role of judge D. Lieber that he played in plaintiff's jury trial

has been the subject and cause of a number of appeals.

Courts have said a trial judge must always remain fair and impartial. But judge

D. Lieber was not fair. Kennedy v. Los Angeles Police Dep't, 901 F.2d 702, 09

(9th Cir.'89). He must be ever mindful of the sensitive role [the court] plays in a

jury trial and avoid even the appearance of advocacy or partiality. Which he did

appeared against plaintiff ' ' Id. (quoting U.S. v. Harris, 501 F.2d 1, 10 (9th

Cir.'74)).

9.  The fact is the state trial judge's behavior rendered the trial so fundamentally

unfair as to violate federal due process under the U.S. Constitution. Gayle v.

Scully, 779 F.2d 802, 06 (2d Cir.'85), cert. denied, 479 U.S. 838 ('86); McBee v. Grant, 763 F.2d 811, 18 (6th Cir.'85).

10. Mostella, 802 F.2d at 362 (judge's excessive bias and allowing tampered and altered picture of the scene presented by the defendant's attorney Craig Noland did amount to 'extreme overstepping of his proper judicial role'--conviction affirmed); Poland, 659 F.2d at 894 (finding trial judge's impatience with plaintiff, yelling, warning and displays of irritation.

11. Plaintiff motions was refused and never allowed to be heard by the Judge D. Lieber to that the Constitution has been violated').

12. Trial judge did not ask plaintiff if he want to be represented by new counsel.

13. Trial judge sign the order with out plaintiff new counsel.

14. Trial Judge refused to hear motion of fraud filed from plaintiff and was filed within 7 days.

15. Trial Judge always favor defendant Craig Noland even though plaintiff filed motion.

16. Judicial independence is predicated on "good faith" decision-making. It was never intended to include "bad-faith" decision-making, where a judge knowingly and deliberately disregards the facts and law of a case. This is properly the subject of disciplinary review, irrespective of whether it is correctable on appeal. And egregious error is also misconduct, since its nature and/or magnitude presuppose that a judge acted willfully, or that he is incompetent.

17. Plaintiff has assessed of judicial misconduct mechanisms during his trial and after his trial when plaintiff represent himself.

18. The most serious misconduct by judges is that which is the least likely to subject them to discipline. It is not what they do in their private lives, off the bench, but what they do on the bench in the course of litigation. The obvious image is the judge who runs his courtroom as if he owns it, who looks down from his elevated bench and treats litigants in an imperious and abusive fashion. But even where a judge is, as he is supposed to be, patient and dignified in his demeanor, every court appearance, just like every written motion, involves a judge ruling on a procedural or substantive aspect of a case. And there are judges who, while presenting a veneer of fairness, are intellectually dishonest. They make rulings and decisions which are not only a gross abuse of discretion, but which knowingly and deliberately disregard "clear and controlling law" and obliterate, distort, or fabricate the facts in the record to do so.

19. Why would a judge be intellectually dishonest? He may be motivated by undisclosed bias due to personal or political interest. Judicial selection processes are politically controlled and closed, frequently giving us judges who are better connected than they are qualified. And once on the bench, these judges reward their friends and punish their enemies. Although ethical codes require judges to disclose facts bearing upon their impartiality, they don't always do so. They sit on cases in which they have undisclosed relationships with parties, their attorneys, or have interests in the outcome, and do so deliberately because they wish to advantage either one side over another or sometimes themselves. Trial

Judge was not original assignee to the plaintiff case he came last minutes just for the trial and did know nothing about the base of the case. He still kept himself in the trial case when he comes to know that he was judge in plaintiff's divorce case.

20. Judge exercises their wide discretion in favor sides of defendant. That's the side for whom deadlines were flexible and for whom procedural standards and evidentiary rules didn't apply.. Meanwhile, Plaintiff struggles to meet deadlines and has its worthy motions denied. In extreme Judge design a judicial process that make victory for defendant and defeat for plaintiff that was the standards use in entire trial during trial was none legal principles, rules of evidence, Judge never heard motions filed by plaintiff but made favorable decision for Craig Noland.

21. It involves a judge's knowing and deliberate misrepresentation of the material facts on which the case pivots. These facts determine the applicable law. If the applicable law doesn't allow the judge to do what he wants to do. Judge changed the material facts so that judge can apply law. Judge just rendered decisions without reasons or factual findings.

22. Trial Judge yells on plaintiff.

23. Trial Judge ignores plaintiff motions. Did not care to hear even plaintiff valid points.

24. Trial Judge made decision in favor of defendant when Craig Noland went forward to close to judge table during trial and whisper with judge. That whispering conversation was not heard by the court reporter to report it.

25. Judge rule was above the law and not correctly on the admissibility of the evidences. Proof can be provided.

26. The instructions to the jury were not consistent with the law covering the law and constitutional rights of the plaintiff.

27. Bias and prejudice did intervene to cause unfair results to plaintiff.

28. Errors were called at the judgment day by plaintiff with out his counsel to the judge's attention in trial proceedings. That Craig Noland has done fraud with plaintiff.

29. Trial Judge shouted on plaintiff you take that judgment paper now when plaintiff refuses to take final judgment paper on Oct. 4. 2002 presented by Craig Noland because it was all fraud that's why plaintiff refuse to accept it.

30. Plaintiff asks the court to rule that it is improper for defendants to represent other defendants.

31. Plaintiff asks the court to rule that Defendants' conduct appears to constitute several criminal acts and should be investigated by a prosecutor.

32. Plaintiff asks the court to rule that the conduct of the defendants constitutes professional misconduct and recommend that the Chief Disciplinary Counsel initiate an investigation.

33. Court costs should be assessed to Defendants.

34. Injunctive Relief

35. This court should issue orders sanctions sua sponte if the defendants attempt to undermine the Plaintiff's due process rights before this court.

36. It has injured him emotionally, causing him mental suffering, loss of sleep, depression, nervousness, grief, anxiety, worry, anger, mortification, shock, memory loss, humiliation, indignity, embarrassment, and paranoia, uncertainty, apprehension; and,

37. As well as incurring him the pain and suffering of litigation, which has required thousands of hours of his time and energy to learn the law and for research and writing to pro se

38. It has caused plaintiff to suffer and aggravate a lack of concentration that has resulted in an inability to perform his normal life That Plaintiff has suffered severe and permanent damage to his life.

39. Destroyed plaintiff faith and trust in the American judicial system, causing him to believe that lawyers and judges can break the rules with impunity and get away with it.

40. He lives in fear that he will be incarcerated for standing up for his constitutional rights

41. It is at present causing him emotional pain and suffering. That he anticipates that he will never again be able to function as a normal member of society,

42. Plaintiff suffers permanent damage from legal abuse syndrome.

43. Plaintiff have told in front of jury during trial that these picture have been tampered but trial judge instead of investigation of these picture I was given warning by the trial judge of not to mention.

44. Regarding defamations. Motion which plaintiff has never been heard on Nov.1.2002? Even though plaintiff file motion regarding defamation and frauds.

Plaintiff was given date by Hon. Judge D. Lieber during Oct, 4.2002 when plaintiff file motion objecting to the due process violation of plaintiff right of due process and violation of fair trial. And defamation, frauds.

**45.** Even though. Plaintiff have brought proof of new finding but court never even heard when I was given Date by Hon Judge D. Lieber for Nov. 1. 2002. But trial judge intentionally ignore the motion and judge did not showed up. Even though he was in the building and defendant Craig Noland was in the building too.

**46.** Defendant Mr. Craig Noland is grossly negligence for violating plaintiff's protected order, which I can prove, degrading, ethnic remarks toward plaintiff and bringing plaintiff sex life that was not related to case. I am astonished to find out regarding tampering with my photos of my car accident.

### Relief Requested

Court find defendant to brings him to justice Plaintiff should be compensated for defendant wanton act in personally for the amount of $200.000 and whatever jury feels fair compensation for relief. **Plaintiff requested claim trial by jury. See Rule 38(b) of the federal Rules of Civil procedure.**

**George S. Buth**

**43** Defendant refuses to hear motion for legal help and transcript compensation (due to his disability to pay fees for transcript), which was filed on DEC. 10. 2002.

**44** Defendant was bias and violates plaintiff's constitutionals right by not investigating on letter that was sent on Oct. 20. 03 by state Court Administrative office responded to filed plaintiff's complaint on Nov.12.

2002 for planting some jury members to control the outcome of the

trial.see Exhibit: C. Page 1

**45**  Defendant George S. Buth refused to hear plaintiff's motion filed on

Dec. 4-2002. When Judge Dennis Lieber breach rule of law and due

process. Commit treason by breaching oath of fairness for all. see

Exhibit: C. Page 2


**Paul J. Fischer**

**46** Defendant knowingly and wanton bias with plaintiff and try to confuse

the fact for discipline the judge for bias and allege.

**47** Defendant has used same tactics when answering to three complaints of

plaintiff against two judges.

**48** Defendant has acted on his own risk over looking the law and plaintiff's

constitutional right and bias towards plaintiff.

**49** Defendant intentionally ignores the evidence, which is in the court

records as proof of misuse of power and bias.

**50** Defendant did not ask for proof.

Defendants is liable for creating confusion in the justice and giving mental

anguish to plaintiff request for justifying his pain and suffering $100,000 or

remove him from his very sensitive job. Plus investigation.

**Mary Kelly.** Deputy County Clerk.

**51** Plaintiff's request of retrial and firing of his attorney document are not

in the administrative office. Plaintiff has proof of filing.

**52** Mary Kelly took the papers herself from plaintiff. And give him one with stamped. And charged plaintiff $20 for fee.

**53** Plaintiff is doubt full if plaintiff's attorney 9-17-2002 motion of withdrawal as counsel for the plaintiff is still in the administrative office file.

**54** Mary Kelly many times came to counter when plaintiff went to file motion she always confuse to plaintiff and yell at him. She defraud plaintiff.

**55** Docket sheet is tampered 9-17-2002 document is not enter See exhibit B, Page 1 and 2

**56** Partial transcript was allowed to be filed with altered and tampered see Exhibit B, Page 2 Docket sheet

**George L. McCarger**  (P45588) and Stephen C. **Bransdorfer** (P11133)

**57** George L. McCarger  (P45588) and Stephen C. Bransdorfer (P11133) as Attorneys for plaintiff has breach of trust, breach of attorney client relationship, and covering up fraudulent activity by Defendant attorney Craig Noland.

**58** George L. McCarger  (P45588) and Stephen C. Bransdorfer (P11133) was fired by plaintiff prior to sep 15th 2002. Neither attorney represent plaintiff. Anything both attorneys have done on behalf of plaintiff was illegal and was not approved by the plaintiff. If they have done any correspondence with defendant attorney that will be conspiracy with plaintiff.

**59** Plaintiff was not aware of if both attorneys have received any money including wage loss or any kind settlement or award from defendant.

**60** Plaintiff made objection on Oct. 4th 2002 during court hearing that plaintiff don't want to be represented by his attorney because of his breach of trust and hiding and covering illegal activities of Craig Noland defendant attorney's tampering and altering with pictures and document.

## Catherine Garcia- Lindstorm

**61** Defendant heard when Craig Noland offer weekend boat ride to insurance claim adjuster in front of the elevator when plaintiff and his attorney was waiting for the elevator.

**62** Defendant always came during entire trial in police chief uniform.

**63** Defendant called to stop Craig Noland when Craig Noland was taking testimony of plaintiff's two expert witnesses. That was clearly harassment tactics to plaintiff witnesses.

## Defendant Craig Noland

In committing the acts of which reference is made in this complaint, Defendants have acted willfully, maliciously, wantonly, oppressively, intentionally, knowingly, fraudulently, in bad faith, and with reckless disregard of the consequences and with such entire want of care as raises the presumption of conscious indifference and malice toward Plaintiffs such as to entitle Plaintiffs to punitive damages of Ten Millions Dollars or Bar him from practice of Law for life under united state law; further, that Defendants acted with the specific intent to cause serious harm to Plaintiffs. Defendants' conduct was intentional and reckless and designed to cause

severe damage to Plaintiffs. Further, Defendants' conduct was extreme and outrageous as those terms are defined in united state law and without justifiable legal excuse. Plaintiffs have suffered severe emotional distress because of Defendants' actions and plaintiff has been unable to maintain mental feeling of closures of the case. Defendant Mr. Craig Noland insulting plaintiff, I am sure in justice opinion will be disgraceful and hurtful toward plaintiff. Defendant racist, unwarranted, vicious attack on plaintiff was inhuman. Defendant causes plaintiff to question the purpose of personal protected order. He is liable of all the suffering that plaintiff went through. His attacks on plaintiff were inhuman and irrelevant to the case. And acting above the law in the court encouraged and applauded by the trial judge and silently approved his purposeless and malicious actions. Hate, bigotry, and incivility did advance the cause of destroy legal right and constitutional right.

**64** Strict Liability,

**65** Fraud and Misrepresentation,

**66** Conspiracy to Misrepresent, alter document and Commit fraud,

**67** Violation of constitutional right, violation of due process

**68** Intentional Infliction of emotional Distress,

**69** Extortion,

**70** Slander per Se.

**71** Defamation

**72** Libelous

**73** Violation of MRC. 9.104(3) (4)

74 Filling of claim with insurance under professional insurance code instead of Auto accident insurance claim code with police car of Oct. 31. 1999.

75 Getting thousand of dollar of checks from insurance company that were issues on plaintiff name and never inform plaintiff. Where are those checks? Why plaintiff was not informed?

**Defendant great American Insurance**.

76 Refuse to accept claim form professional malpractice claim.

77 And refuse to give me information about his type of insurance.

78 And refuse to give me information about what kind of professional insurance coverage he carries. And what is cover.

79 Midwest claim Services Representative was offered Boat Ride on weaken getaway by defendant attorney Craig Noland in front of the elevator when plaintiff himself and plaintiff's attorney and police chief Catherine Garcia was standing.

### Relief Requested

Great American insurance is liable for $100,000 with interest and other courts cost might come to plaintiff.Great American is liable for not cooperating with Plaintiff. Plus other fees or expenditure might occur. Jury trial demanded.

**Shawn M. Breimayer, CSR (6888)**

80 Defendant was on day off dated: Oct. 4. 2002

81 Defendant Shawn was on day off but specially brought to report the final judgment order.

**82** Even though original time of case was 8:30 o'clock on Oct. 4. 2002 but Shawn court reporter could not come early so case hearing has to be delayed until Shawn came and hearing commenced at 9.53 am. Even though the scheduled reporter was on duty at 8:30 am on Oct. 4. 2002.

**83** Why Shawn reporter was brought to report?

**84** Special early time was arranged just only for this case usually trial judge hear cases after noon.

**85** Judgment was arrange very secret time for the final judgment so no other person can be present in the court it was very fearful scene for plaintiff.

### Punitive damages

Defendants' conduct as described above is willful, intentional and malicious resulting from fraud, insult and malice and is associated with aggravating circumstances, such as willfulness, wantonness, malice, oppression, outrageous conduct, indignity, insult, fraud, and criminal conduct, thus warranting plaintiff's recovery of punitive damages, to be determined by the trier of fact. Plus litigation fees can be taken into consideration when estimating the foregoing punitive damages that are more than $ 75000. Whatever jury feels fair to compensate plaintiff.

### Jury Demand

Plaintiff hereby demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**Ad Dannum Clause**

Michigan State is responsible for their employees for their unwanted actions against plaintiff and plaintiff make responsible to Michigan State for relief and demand jury trial.

Based upon the foregoing pleaded facts, plaintiff prays for compensatory and punitive damages in the amount of Ten Million Dollars ($10,000,000.00) from Michigan State Dept for depriving plaintiff from his civil right, due process and deprive him from constitutional right. And give him mental torture.

Or, in the alternative, that this court fine that Craig Noland should be disbarred from practice and Craig Noland and his firm be investigated to determine if their participation in representing in similar cases requires discipline, and compensatory and punitive damages in the amount of five hundred thousand ($500,000).

### First Relief request from Michigan State

WHEREFORE, plaintiff prays that this Court:

> A. Order defendants to disclose the requested records in their entireties and make copies available to plaintiff.
>
> B. Provide for expeditious proceedings in this action;
>
> C. Award plaintiff its costs and reasonable interest incurred in this action; and
>
> D. Grant such other relief as the Court may deem just and proper.
>
> E. Demand jury trial.

### Second Relief request

WHEREFORE, plaintiff prays that this Court find and bring Craig Noland.

A. Order defendant Craig Noland to disclose the requested

records in their entireties and make copies available to plaintiff.

B. Provide for expeditious proceedings in this action;

C. Award plaintiff its costs and reasonable interest incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

E. Demand jury trial.

F. Order and Find Craig Noland and order him to provide

plaintiff under oath who are the other parties were with him in

planting the jury member and altering the photo and loading the

original picture of the accident on the CD. Plaintiff request relief

from Craig Noland for the amount of $5000000 with interest or

whatever Jury feel fair for his actions and damages to plaintiff.

And bar him from practice.

Very Respectfully Submitted                    DT: 11-21-05

Rashid Jahm
49 Hallenan Ave
Lawrence, MA.01841
(978) 258-9419

State of Michigan

The circuit court for county of Kent

Rashid A Jahm.

file No 00-08794-NI

Plaintiff

Ho- Dennis B. Lieber

city of walker, a Michigan Municipal
Corporation and Eugene E. Kars

Rashid Jahm.
3009 Eastern S E APt 303E
Grand Rapids, MI 49508
616- 559- 6185    Request for Rehial
Dear Hon judge .    firing of Attorney

Craig Noland = Roegge
Smith, Haughey, Rice,
Attorney for deffendents
200 calder Plaza Bldg
250 Monroe N. W.
Grand Rapis, Mi 49503
616- 974- 8000

Pl due To the trust and client Attorney relation
ship. which was not properly infarmed me when. lot of paper and
document was changing hand between Attorney. I was not consult
and my Attorney did not ask me what I want To Explain about
The Picture was Tampter. I was not give No chance.
and All I was doing is Crying and not able To say anything
That why I fire my Attorney. he will be not handling my
Care anymore from - 2-14-02 -
Dear Sir
          I request to Honorable court To retrial
of the case because of violation of eivil Right and

...judiciare issues

and I believe he has violated my civil right, intentiona
harm. Humaliation, Libel, slander, per se. Accusation
fabrication, Misleading Jury, Tampering with Photos
change the fact. I was crying No body stop him Not even
Hon Judge. I me need Justice, I need Justice.
    I request To The highest courts To investigate in The
whole situation.
    I has been conspiracy. I beg To The Hon Judge To
look in To this.

    Dear Sir
        As you know deffendent admit he did
not put The breaks. and he answer he do not know
    why he did not put The Breaks. dear Sir that cleanly
is Gross Negligence of The defendent. and I asks To court
To give me Permission so I can give This information
To Media so community be Aware of That.

                                    Rashie John
                                9-14—0?

00-08794-NI   JAHM, RASHID A vs. MICHIGAN STATE POLICE et al

| No. | Date of Filing | Operator | Pleadings and Actions  Journal Book-Page-Nbr    Ref Nbr | Original Amt Due/ Amt Dismissed | Balance Due |
|---|---|---|---|---|---|
| 111 | 09/06/02 | cnvKCVdk t00 | Partial transcript of trial filed. ( Pages= 43, condensed )  (heard on 8/28/02)   (Shawn M. Breimayer) | 0.00 | 0.00 |
| 112 | 09/09/02 | cnvKCVdk t00 | Verdict Form filed. | 0.00 | 0.00 |
| 113 | 09/09/02 | cnvKCVdk t00 | Record of jury trial filed. (11th day, September 9, 2002) | 0.00 | 0.00 |
| 114 | 09/16/02 | cnvKCVdk t00 | Notice of submission of order pursuant to MCR 2.602(B)(3) and proof of service filed. | 0.00 | 0.00 |
| 115 | 09/17/02 | cnvKCVdk t00 | Response to proposed judgment for defendants and proof of service filed. by Stephen C. Bransdorfer on behalf of Rashid A. Jahm | 0.00 | 0.00 |
| 116 | 09/17/02 | cnvKCVdk t00 | Motion for withdrawal as counsel for plaintiff Rashid A. Jahm, notice of hearing & proof of service filed. mt fee pd. ( set for 10/4/02 @ 8:30 a.m. ) | 0.00 | 0.00 |
| 117 | 09/18/02 | cnvKCVdk t00 | Request for retrial filed. | 0.00 | 0.00 |
| 118 | 09/20/02 | cnvKCVdk t00 | Motion for entry of judgment, notice of hearing, brief & proof of service filed. mt fee pd. ( set for 10/4/02 @ 8:30 a.m. ) | 0.00 | 0.00 |
| 119 | 09/23/02 | cnvKCVdk t00 | Notice of hearing on plaintiff's motion and objection opposing defendants' proposed judgment filed. ( set for 11/1/02 @ 1:30 p.m. ) | 0.00 | 0.00 |
| 120 | 09/23/02 | cnvKCVdk t00 | Objection, response of plaintiff motion opposing defendant's proposed judgement filed.   by Rashid A. Jahm | 0.00 | 0.00 |
| 121 | 10/04/02 | cnvKCVdk t00 | Proof of Service filed.   (Order Authorizing Withdrawal of Counsel for Plaintiff Rashid A. Jahm) | 0.00 | 0.00 |
| 122 | 10/04/02 | cnvKCVdk t00 | Order withdrawing counsel filed. for Jahm whose attorney is Stephen C. Bransdorfer | 0.00 | 0.00 |



**Michigan Supreme Court**
**State Court Administrative Office**
P.O Box 30048
Lansing, Michigan 48909
Phone: (517) 373-5353   Fax: (517) 373-8760
hughesj@courts.mi.gov
James P. Hughes, Regional Administrator

October 20, 2003

Rashid Jahm
3009 Eastern, S.E.
Apartment 302E
Grand Rapids, Michigan 49508

Dear Mr. Jahm:

The State Court Administrative Office, Region II, received your letter of November 12, 2002. I apologize for the delay in responding, however, our current workload and staffing levels made a quicker response impossible

We have forwarded a copy of your letter to the Chief Judge of the 17th ; Court, Judge George S. Buth.

You may also wish to consult with an attorney to discuss any appellate that may be available to you.

Sincerely,

James P. Hughes
Regional Administrator, Region II

rkg

cc:    Hon. George S. Buth

2

# STATE OF MICHIGAN
## THE CIRCUIT COURT FOR THE COUNTY OF KENT

Rashid A. JAHM
        Plaintiff,                          File No: 00-08794-NI

V                                        Honorable Dennis B. Leiber
City of Walker, a Michigan Municipal
Corp, Mr Craig Noland
           Defendant

RASHID A JAHM                        Smith, Haughey, Rice, & Roegge
3009 Eastern S.E, APT. 303E          Craig Noland (P30717 )
Grand Rapids, MI49508             Attorney for defendant
616)559-6185                      200 Calder Plaza Bldg.
                                 250 Monroe N.W.
                                 Grand Rapids, MI 49503-2251
                                 616-774-8000

## NOTICE OF HEARING

*Kent County Clerk DEC 4 2002 & Filed*

Please Take notice that plaintiff's Motions and Objection opposing defendants Pooposed
Judgments and reveres on sanctions, which was file in time within seven days shall be
brought on for hearing before the Honorable Cheif GEORGE BUTH in the Kent County
Circuit Court, 180 Ottawa Ave. N. W., Grand Rapids, Michigan, 49503, on Friday, Dec,
04, 2002 at 1:30 P.M and Motion of said issues in the motions, including civil violation
issues. They will be heard on 12-06-02 in circuit court Kent county. / : 3° P M

By Plaintiff

Rashid Jahm

3

## STATE OF MICHIGAN
## THE CIRCUIT COURT FOR THE COUNTY OF KENT

Rashid A. JAHM
        Plaintiff,

V

City of Walker, a Michigan Municipal
Corp, Mr. Craig Noland
        Defendant

File No: 00-08794-NI

Honorable Dennis B. Leiber

RASHID A JAHM
3009 Eastern S.E, APT. 303E
Grand Rapids, MI49508
616)559-6185

Smith, Haughey, Rice, & Roegge
Thomas F.Blackwell (P10856)
Attorney for defendant
200 Calder Plaza Bldg.
250 Monroe N.W.
Grand Rapids, MI 49503-2251
616-774-8000

### NOTICE OF HEARING

Please Take notice that plaintiff's Motions and Objection opposing defendants proposed
Judgments and bar on sanctions, and including every mater previously address but not
limited which was file in time within seven days shall be brought on for hearing before
the Honorable Dennis Leiber in the Kent County Circuit Court, 180 Ottawa Ave. N. W.,
Grand Rapids, Michigan, 49503, on Friday, November 01- 2002 at 1:30 P.M.Mr. Craig
Noland was not show up at given time I have proof that he was aware of that date. I
request the Honorable judge regarding response to Mr. Craig Noland letter of sanction
but He misspoken of fact and he got the judgments . This is also answer to defendant
attorney Thomas F. Blackwellon dated.12-13-02-02 document

By Plaintiff .

Rashid Jahm
12-26-02

4

