UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RASHID JAHM, pro se,

    Plaintiff,

v

DENNIS D. LIEBER, In His Official And Individual
Capacity, MARY KELLY, In Her Official And Individual
Capacity, CRAIG NOLAND, SHAWN M.
BREIMAYER, SCR, GEORGE S. BUTH, In His Official
And Individual Capacity Circuit Court Chief Judge,
STATE OF MICHIGAN, Ex Rel, MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL MIKE
COX, GOVERNOR JENNIFER M. GRANHOLM,
PAUL J. FISCHER, In His Official And His Individual
Capacity, MICHIGAN JUDICIAL TENURE
COMMISSION, CATHERINE GARCIA-LINDSTROM,
In His Official And Individual Capacity, KEMPER
INSURANCE PRESIDENT CLAIM DEPT., STEVEN C.
COUCH, MIDWEST CLAIM SERVICES, GEORGE L.
McCARGER, STEPHEN C. BRANSDORFER, BROAD
SPIRE CLAIM NO. 169DU324091, 565AU109329,
KATHY GRIFFIN

    Defendants.

CASE NO. 05-CV-11638-JLT

HON. JOSEPH L. TAURO

### DEFENDANT NOLAND'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

Defendant, Craig R. Noland, brings this Motion to Dismiss for Lack of Personal Jurisdiction, and alternatively, for Improper Venue pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), respectively. In support of his Motion, defendant relies upon his Brief in Support and his Affidavit filed herewith.

    1.    This Court has no personal jurisdiction over defendant. Defendant is domiciled in Michigan, where he resides. Defendant does not, and never has, been domiciled in the Commonwealth of Massachusetts. He has no place of business in the Commonwealth and has no minimum contacts with

Massachusetts. Bringing defendant into this Court seriously violates Constitutional due process and offends traditional notions of fair play and substantial justice.

2. Alternatively, this Court should dismiss plaintiff's claims for want of proper venue. Proper venue lays in a judicial district where any of the defendants resides (if all reside in the same State); a judicial district in which a substantial portion of the events or omissions, or property giving rise to or the subject of the claim occurred or is situated; or in a judicial district which may exercise personal jurisdiction over the defendants at the time plaintiff commences the action. 28 U.S.C. § 1391. A judicial district in Michigan constitutes proper venue for plaintiff's claims.

3. In preference to transferring this case to a Michigan judicial district this Court should exercise its discretion and dismiss plaintiff's claims without prejudice. Plaintiff can establish no facts showing that a transfer better comports with the interests of justice. More importantly, a Kent County, Michigan, Circuit Court has already adjudicated plaintiff's claims against defendant, and *res judicata* applies.

WHEREFORE, defendant Craig R. Noland moves that the Court dismiss this case for lack of personal jurisdiction or, in the alternative, dismiss it for improper venue and award defendant his attorneys fees and costs, along with such other relief this Court deems equitable and just.

DATED: December 30th, 2005

*Craig R. Noland (SJD)*
Craig R. Noland (P30717)
250 Monroe Avenue
200 Calder Plaza Building
Grand Rapids, MI 49503-2251
(616) 774-8000

*[signature]*
Stephen J. Duggan (BBO # 137610)
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
508-230-2500

Certificate of Service
I hereby certify that a true copy of the
Foregoing documents was served
On all known parties herein by causing a
Copy of the same to be mailed, postage
Prepaid on December 30, 2005.

*[signature]*

**Error! Unknown document property name.**