UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RASHID JAHM, pro se,

    Plaintiff,

CASE NO. 05-CV-11638-JLT

v

HON. JOSEPH L. TAURO

DENNIS D. LIEBER, In His Official And Individual Capacity, MARY KELLY, In Her Official And Individual Capacity, CRAIG NOLAND, SHAWN M. BREIMAYER, SCR, GEORGE S. BUTH, In His Official And Individual Capacity Circuit Court Chief Judge, STATE OF MICHIGAN, Ex Rel, MICHIGAN DEPARTMENT OF ATTORNEY GENERAL MIKE COX, GOVERNOR JENNIFER M. GRANHOLM, PAUL J. FISCHER, In His Official And His Individual Capacity, MICHIGAN JUDICIAL TENURE COMMISSION, CATHERINE GARCIA-LINDSTROM, In His Official And Individual Capacity, KEMPER INSURANCE PRESIDENT CLAIM DEPT., STEVEN C. COUCH, MIDWEST CLAIM SERVICES, GEORGE L. McCARGER, STEPHEN C. BRANSDORFER, BROAD SPIRE CLAIM NO. 169DU324091, 565AU109329, KATHY GRIFFIN

    Defendants.

## DEFENDANT NOLAND'S BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

### INTRODUCTION

Defendant Craig R. Noland has moved that this Court dismiss plaintiff's Complaint for want of personal jurisdiction. Defendant resides in Michigan and has never resided or claimed domicile in the Commonwealth of Massachusetts. Defendant conducts no business in Massachusetts and has no minimum contacts with Massachusetts to support this Court's exercise of personal jurisdiction over him.

In the alternative, and in preference to transferring plaintiff's case to a United States District Court in Michigan, defendant asks that the Court dismiss plaintiff's Complaint on the basis of improper venue.

Proper venue lies with a District Court in Michigan, not in the District of Massachusetts. Plaintiff can establish no facts to support that a transfer of his case more fully comports with the interests of justice. This Court should, therefore, dismiss it.

Furthermore, a Circuit Court in Kent County, Michigan, has already adjudicated plaintiff's claims against defendant. Plaintiff's Complaint in this Court merely repeats those claims again in a Federal forum. *Res judicata*, therefore, applies. Transferring plaintiff's case to Michigan will not result in plaintiff's obtaining any relief whatsoever against defendant.

This Brief is supported by defendant's Affidavit filed herewith.

## I.    STATEMENT OF FACTS

**A.    Plaintiff's Auto-Negligence Case**

The tortured history of this case began on October 31, 1999, in the City of Walker, Kent County, Michigan. Plaintiff, then a Michigan resident, was involved in an automobile accident. The other driver was Walker police officer Eugene E. Kars, who was on duty and driving a patrol car.

Plaintiff retained counsel and brought Case No. 00-08794-NI, in the Kent County Circuit Court against the City of Walker[1] and Officer Kars for negligence and gross negligence. Plaintiff sought to hold defendants City and Kars liable for his injuries, which allegedly included serious impairment of body function, fear, pain and suffering, mental anguish, emotional distress, anxiety, humiliation, aggravation of pre-existing conditions, property damage, and loss of earning capacity. (Plaintiff's Second Amended Complaint, Affidavit-Exhibit 1, ¶¶ 12 & 17-18). Plaintiff's physical injuries were allegedly to his back, spine, neck joints, ligaments and other parts of his body and included a closed head injury. (*Id.*, ¶ 17).

The City of Walker and Officer Kars were represented by defendant Craig Noland as defense trial counsel (Affidavit, ¶ 11).

---

[1] Plaintiff sued the City of Walker pursuant to a Michigan statutory exception to governmental immunity. *See* MCL § 691.1405.

Pursuant to statute, MCL § 600.4953, *et seq.*, and court rule, MCR 2.403, plaintiff and defendants City and Kars were required to participate in Case Evaluation on January 10, 2002 (*Id.*, ¶ 15). This resulted in an award to the plaintiff for $15,000 which defendants accepted and plaintiff rejected. The lawsuit then proceeded to trial with plaintiff exposed to sanctions, including defendants' reasonable attorney fees (*Id.*, ¶ 15).

After eleven days of trial, from August 21 through September 9, 2002, a jury returned a verdict of no cause of action for the defendants (*Id.*, ¶¶ 16, 17).

On October 4, 2002, the court entered Judgment in favor of defendants and an Order permitting the withdrawal of plaintiff's counsel (*Id.*, ¶¶ 18, 19). The trial judge, Dennis B. Leiber, and plaintiff's trial counsel, Stephen C. Bransdorfer, are both named by plaintiff as defendants in this case.

Pursuant to MCR 2.403(O)(1), the defendants City and Kars filed a post Judgment motion for case evaluation sanctions. On November 15, 2002, the trial court awarded the City and Officer Kars $74,722.53, which plaintiff has never paid (*Id.*, ¶ 20).

On October 23, 2002, plaintiff filed a Claim of Appeal with the Michigan Court of Appeals. The appeal was dismissed by Order dated May 20, 2003, because plaintiff did not obtain and file the requisite Circuit Court transcripts. Plaintiff's Motion for Reconsideration was denied by Order of the Court of Appeals dated July 16, 2003, and on May 20, 2003 the Michigan Supreme Court denied plaintiff's Application for Leave to Appeal (*Id.*, ¶¶ 21-26; Affidavit-Exhibits 5-10).

**B.    Plaintiff's Second Lawsuit**

On October 22, 2002, plaintiff, this time pro se, filed Kent County Circuit Court Case No. 02-10523-NI against the City of Walker and defendant Craig Noland. He alleged strict liability on the part of the City of Walker for the injuries allegedly arising from the automobile accident of October 31, 1999. Against the defendant Noland plaintiff alleged that he "masterminded" the original auto-negligence case

to his advantage; that he tampered with the evidence, defamed the plaintiff, and that he violated plaintiff's privacy, a protective order in Case No. 00-08794-NI, and plaintiff's 14th Amendment rights (*Id.*, ¶27; Affidavit-Exhibit 11).

On November 19, 2002, defendant City of Walker responded to plaintiff's second suit filing with a Motion for Summary Disposition and Brief in Support. There the City asserted (1) that plaintiff's complaint failed to comply with the general rules of pleading and failed to state a cause of action in avoidance of governmental immunity; (2) because plaintiff's auto negligence case remained on appeal, the Michigan Court Rules precluded his second action; and (3) *res judicata*.

On November 21, 2002, defendant Noland filed a Motion for Summary Disposition and Brief in Support as his first responsive pleading. In it he asserted that (1) as the attorney for plaintiff's adversaries in litigation, he owed no legal duty to plaintiff; (2) he enjoyed absolute judicial immunity to claims for defamation with respect to his conduct in the underlying case; (3) he acted as a private individual for purposes of alleged constitutional violations; and, (4) he could not be held liable for alleged civil conspiracy (*Id.*, ¶ 28; Affidavit-Exhibits 12, 13).

On January 7, 2003, the court granted both defendants' Motions for Summary Disposition. It held that because plaintiff made the same claims as in his case then on appeal the court had no jurisdiction and that *res judicata* applied. As to the defendant Noland, it held that he owed no actionable duty to plaintiff as a party adverse to his clients in litigation.[2] Finally, with regard to plaintiff's allegations of violations of Constitutional rights, the court found that defendant Noland was not a state actor (*Id.*, ¶ 29; Affidavit-Exhibit 14).

On or about January 13, 2003, plaintiff filed what was, in substance, a motion for reconsideration. The court denied plaintiff's motion by Opinion and Order dated January 14, 2003, because it merely

---

[2] *See Friedman v. Dozorc*, 312 N.W.2d 585 (Mich. 1981).

raised the same issues on which the Court had previously ruled (*Id.*, ¶ 30; Affidavit-Exhibit 15). This time plaintiff filed no appeal and proceedings in Case No. 02-10523-NI thus became final (*Id.*, ¶ 31).

C.   **Plaintiff's Instant Action**

Plaintiff, apparently now a resident of the Commonwealth of Massachusetts, filed this case against defendant Noland and numerous others on December 1, 2005. With respect to defendant Noland, plaintiff's Complaint repeats essentially the same allegations ruled on by the Michigan Circuit Court in January, 2003. Specifically, he re-alleges, albeit with more detail and statutory references, 42 U.S.C. § 1983, § 1985, and § 1988, violations of his constitutional rights (Complaint, ¶¶ 1 & 4); civil conspiracy (*Id.*, ¶ 5); violation of the protective order in Case No. 00-08794-NI (*Id.*, ¶ 46); defamation (*Id.*); and tampering with evidence (*Id.*).

In paragraphs 64, 65, 68, 69, 73, 74 and 75, without the short and plain statement of the claim required by Fed. R. Civ. P. 8(a)(2), plaintiff may make against defendant Noland new claims for Strict Liability, Fraud and Misrepresentation, Intentional Infliction of Emotional Distress, Extortion, Violation of MCR 9.104(3) and (4)[3], Filing a Claim Under the Professional Insurance Code instead of the No Fault

---

[3] Subchapter 9.100 of the Michigan Court Rules govern the Attorney Grievance Commission and the Attorney Discipline Board. In the parts plaintiff apparently intends to cite, MCR 9.104 says:

> **RULE 9.104 GROUNDS FOR DISCIPLINE IN GENERAL; ADJUDICATION ELSEWHERE**
>
> (A) The following acts or omissions by an attorney, individually or in concert with another person, are misconduct and grounds for discipline, whether or not accruing in the course of an attorney-client relationship.
>
> \* \* \*
>
> (3) conduct that is contrary to justice, ethics, honesty or good works;
>
> (4) conduct that violates the standards or rules of professional responsibility adopted by the Supreme Court.
>
> \* \* \*

Automobile Insurance Act[4], and for receiving money from an insurance company in the form of checks "issue in plaintiff name and never inform plaintiff" (sic). Plaintiff's request for relief from defendant Noland varies between $500,000 (*Id.*, p. 22) and $10,000,000 (*Id.*, p. 18) and asks that the Court ban him from the practice of law for life (*Id.*, p. 18).

### D.    Defendant Craig Noland

As more fully set forth in his Affidavit, defendant Noland has resided in Michigan since 1979, when he began his employment with Smith Haughey Rice & Roegge, P.C., in Grand Rapids. Defendant has worked continuously for that firm and remains there to this day. Defendant has never conducted any business in Massachusetts and, for its part, Smith Haughey Rice & Roegge has never had an office in Massachusetts. Its four offices are in Michigan, i.e., Grand Rapids, Traverse City, Ann Arbor, and Lansing.

The absence of any contact whatsoever between defendant Noland and the Commonwealth of Massachusetts incontrovertibly supports his Motion to Dismiss for Lack of Personal Jurisdiction. In the alternative, defendant asks the Court to dismiss plaintiff's Complaint for improper venue. In preference to transferring this case to Michigan, defendant further requests that the Court dismiss plaintiff's Complaint without prejudice. This is because *res judicata* precludes the claims plaintiff seeks to make in this case.

---

[4] Defendant infers that paragraph 74 of plaintiff's Complaint is meant to refer to his attempts in 2003 to deal directly with Great American Insurance Company as defendant Noland's errors and omissions insurance carrier. Plaintiff's reference to the "professional insurance code" presumably refer to MCL § 500.624, governing casualty insurance policies, and to administrative regulations thereunder. Plaintiff has joined as a defendant in this case Steven C. Couch, allegedly as Vice-President of Claims, Great American Insurance Company.

The Michigan No-Fault Automobile Insurance Act, which governed plaintiff's claims arising from his 1999 automobile accident, is MCL § 500.3101, *et seq.*

## II.   STANDARD OF REVIEW

In diversity actions, the Court determines personal jurisdiction by applying the law of the state in which the court sits. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *Gray v. O'Brien & The Sugarloaf Mountain Corp.*, 777 F.2d 864, 866 (1st Cir. 1985). Plaintiff bears the burden of proving sufficient facts to permit this Court's proper exercise of jurisdiction over the defendant. *Gray*, 777 F.2d at 866 (citing *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 904 (1st Cir. 1980)); *Ureneck v. Xu Yingnong*, 2002 Mass. App. Div. 141, 142 (Mass. Dist. Ct. 2002); *Cunningham v. Ardrox, Inc.*, 40 Mass. App. Ct. 279, 279; 663 N.E.2d 577 (1996). Plaintiff must go beyond the pleadings and affirmatively prove that there is personal jurisdiction. *Chlebda v. H. E. Fortna & Bro., Inc.*, 609 F.2d 1022, 1024 (1st Cir. 1979). The court may not draw any unnecessary inferences in favor of the plaintiff from defendant's affidavit. *A.I. Credit Corp. v. Barmack, Inc.*, 1993 Mass. App. Div. 92, 93 (Mass. Dist. Ct. 1993).

## III.   LAW & ARGUMENT

**A.   This Court has no Personal Jurisdiction over Defendant**

1.   <u>There is No General Personal Jurisdiction</u>

Under Massachusetts General Laws ch. 223A, § 2, the Court may exercise general personal jurisdiction over a defendant "domiciled in, organized under the laws of, or maintaining his or its principal place of business in, this commonwealth ... ." "[A] person's domicile is usually the place where the person dwells and which forms the center of his life" and "[o]ne does not acquire a new domicil until he gives up the old one." *Cunningham*, 40 Mass. App. Ct. at 282 (citing *Dane v. Bd. of Registrars of Voters of Concord*, 374 Mass. 152, 161-62; 371 N.E.2d 1358 (1978)).

As more fully set forth in his Affidavit, defendant currently resides in Michigan and has never resided in Massachusetts. He maintains his place of business in Grand Rapids, Michigan. He has not conducted business in Massachusetts in the past, and does not currently conduct any. Thus, this Court may not exercise general personal jurisdiction over defendant.

2.  There is No Limited Personal Jurisdiction

Any assertion by plaintiff that this Court may exercise long-arm jurisdiction over defendant requires that he satisfy two criteria:

1)  that the defendant engaged in activities cognizable under a specific subsection of Mass. Gen. Laws ch. 223A; and.

2)  that the exercise of jurisdiction comports with traditional due process requirements of fair play and substantial justice.

*Turpin v. Mori Seiki Co., Ltd.*, 56 F. Supp. 2d 121, 124 (D. Mass. 1999); *Corcoran v. United Natural Foods, Inc.*, 18 Mass. L. Rep. 477 (Mass. 2004); *Cunningham*, 40 Mass. App. Ct. at 280-81.

The Massachusetts Long Arm Statute authorizes the exercise of personal jurisdiction to the limits allowed by the U.S. Constitution. *Conn. Nat'l Bank v. Hoover Treated Wood Prods., Inc.*, 37 Mass. App. Ct. 231, 233; 638 N.E.2d 942 (1994); *A.I. Credit*, 1993 Mass. App. Div. at 94. Therefore, § 3 Personal Jurisdiction Based Upon Act or Conduct Within Commonwealth, "cannot authorize jurisdiction which is constitutionally unacceptable, even though the fact pattern asserted in support of jurisdiction apparently satisfies the statute's literal requirements." *Good Hope Indus., Inc. v. Ryder Scott Co.*, 378 Mass. 1, 6; 389 N.E.2d 76 (1979). On the other hand, even where constitutionally permissible, a court may not exercise personal jurisdiction unless presented with facts that satisfy the literal requirements of Section 3. *Id.*

In this case, the Court need not concern itself with the literal requirements of Section 3 because defendant has no contacts with Massachusetts whatsoever, and the exercise of personal jurisdiction over him would violate his due process guarantees.

Due process requires "some minimum contact with the Commonwealth which resulted from an affirmative, intentional act of the defendant, such that it is fair and reasonable to require the defendant to come into the State to defend the action." *Conn. Nat'l Bank*, 37 Mass. App. Ct. at 236.

As the Supreme Court of Massachusetts held in *Good Hope Indus., Inc. v. Ryder Scott Co.*:

> Only if the nonresident defendant has such 'minimum contacts' with the state that the maintenance of the suit does not offend traditional notions of fair play and justice, or if the defendant has performed some act 'by which [it] purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws,' may the forum, consistently with due process, extend its long arm to embrace it.

378 Mass. at 7 (internal citations and quotations omitted; alteration in original).

Likewise, the First Circuit has stated that "[i]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Chlebda*, 609 F.2d at 1024 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

In this case, defendant committed no affirmative or intentional act that would make it fair and reasonable for the Court to require that he come from Michigan to the Commonwealth to defend plaintiff's action. Plaintiff cannot reasonably argue that defendant purposefully availed himself of the privileges of conducting any activity in Massachusetts. The Court must, therefore, dismiss plaintiff's Complaint for lack of personal jurisdiction. To do otherwise would be an affront to due process.

**B.     Venue is not Proper in this Judicial District.**

   1.     <u>Proper Venue Lies In a Michigan Judicial District</u>

Under 28 U.S.C. § 1391(a), proper venue exists within a judicial district where any of the defendants reside (if all reside in the same State); a judicial district in which a substantial portion of the events or omissions, or property giving rise to or the subject of the claim occurred or is situated; or, finally, a judicial district which may exercise personal jurisdiction over the defendants at the time plaintiff commences the action. In this case, only a judicial district in Michigan constitutes proper venue for plaintiff's action.

Dismissal, therefore, is proper pursuant to 28 U.S.C. § 1406(a). The statute says in pertinent part:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

   2.     <u>Plaintiff Can Establish No Facts Warranting Transfer of His Action to Michigan. It Should Be Dismissed</u>

Whether to dismiss plaintiff's action or to transfer it to Michigan in the interests of justice rests within this Court's discretion. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779 (D.C. Cir. 1983); *see also Cook v. Fox*, 537 F.2d 370 (9th Cir. 1976) (district court did not abuse its discretion in dismissing action against Michigan federal judge for lack of jurisdiction rather than transferring the action to Michigan).

Instead of transferring this case to a Michigan judicial district, the Court should exercise its discretion to dismiss plaintiff's claims without prejudice. This is because he can establish no facts showing that a transfer better comports with the interests of justice. A Kent County, Michigan, Circuit Court has already adjudicated plaintiff's claims against defendant. To the extent that plaintiff seeks to re-

litigate those claims in this or any other United States District Court, *res judicata* applies. *See Coleman v. Crisp*, 444 F. Supp. 31 (D.C. Okl. 1977) (where action could not have been properly brought in a district, and no reason appears why it would be more in the interest of justice for the court to transfer the case than to dismiss it, case should be dismissed); *Nizami v. Woods*, 263 F. Supp. 124 (D.C.N.Y 1967).

## CONCLUSION

Defendant requests that the Court grant his Motion to Dismiss plaintiff's Complaint for want of personal jurisdiction. He asks in the alternative that it grant his Motion to Dismiss for improper venue. In addition, defendant requests that the Court award him his attorney's fees and costs and such other relief as the Court deems equitable and just.

DATED: December 30th, 2005

Craig R. Noland (P30717)
250 Monroe Avenue
200 Calder Plaza Building
Grand Rapids, MI 49503-2251
(616) 774-8000

Stephen J. Duggan (BBO # 137610)
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
508-230-2500

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on all known parties herein by causing a copy of the same to be mailed, postage prepaid on December 30, 2005.