UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RASHID JAHM, Pro se Plaintiff,

Plaintiff,

CASE NO. 05-CV-11638-JLT

v

HON. JOSEPH L. TAURO

DENNIS D. LIEBER, In His Official And Individual
Capacity, MARY KELLY, In Her Official And Individual
Capacity, CRAIG NOLAND, SHAWN M.
BREIMAYER, SCR, GEORGE S. BUTH, In His Official
And Individual Capacity Circuit Court Chief Judge,
STATE OF MICHIGAN, Ex Rel, MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL MIKE
COX, GOVERNOR JENNIFER M. GRANHOLM,
PAUL J. FISCHER, In His Official And His Individual
Capacity, MICHIGAN JUDICIAL TENURE
COMMISSION, CATHERINE GARCIA-LINDSTROM,
In His Official And Individual Capacity, KEMPER
INSURANCE PRESIDENT CLAIM DEPT., STEVEN C.
COUCH, MIDWEST CLAIM SERVICES, GEORGE L.
McCARGER, STEPHEN C. BRANSDORFER, BROAD
SPIRE CLAIM NO. 169DU324091, 565AU109329,
KATHY GRIFFIN,

Defendants.

## AFFIDAVIT OF CRAIG R. NOLAND

STATE OF MICHIGAN )
                   ) ss.
COUNTY OF KENT )

Craig R. Noland, a defendant named herein, being duly sworn deposes and says:

1.      I make this Affidavit on the basis of personal knowledge. If sworn as a witness I would be

competent to testify to the matter herein contained.

2.     For the reasons stated hereinafter, I am not subject to the personal jurisdiction of the courts of the Commonwealth of Massachusetts. Further, venue in the United States District Court for the District of Massachusetts is improper for reasons that include that I have never resided in the Commonwealth of Massachusetts and none of the events of which plaintiff complains occurred in the Commonwealth of Massachusetts.

3.     I was born on April 28, 1954 in Chicago, Illinois.

4.     I graduated from Indiana University Law School in 1979 with a Juris Doctor Degree.

5.     Upon graduation from law school, I commenced employment as an Associate Attorney with the law firm of Smith Haughey Rice & Roegge in Grand Rapids, Michigan.

6.     I became a shareholder of the firm, and remain a member of the firm to this date. I have had no other professional employment.

7.     I was admitted to practice law in the State of Michigan in 1979 and my State Bar No. is P-30717. I am not admitted to the bar of any State other than Michigan. Specifically, I am not admitted in the Commonwealth of Massachusetts.

8.     I was admitted to practice in the United States District Court for the Western District of Michigan on November 14,1979. I am not admitted to practice in any District Court outside Michigan and am not admitted in the United States District Court for the District of Massachusetts particularly.

9.     When I was hired by Smith Haughey Rice & Roegge in 1979, the firm had one office located in Grand Rapids, Michigan. Currently, the firm has four offices located in Grand Rapids, Traverse City, East Lansing, and Ann Arbor, Michigan. The firm does not have any offices outside the State of Michigan.

10.     I have not conducted any business in Massachusetts.

2

11.     Sometime prior to October 25, 2000, I was retained to represent defendants, City of Walker and Police Officer Eugene E. Kars in the defense of a civil action filed on behalf of Rashid A. Jahm under Docket No. 00-08794-NI in the Kent County Circuit Court.

12.     In Case No. 00-08794-NI, plaintiff was represented by the law firm of Bransdorfer & Russell. The attorneys of record were Stephen C. Bransdorfer (P11133) and George L. McCarger, III (P45588).

13.     A true copy of the Second Amended Complaint and Jury Demand in Case No. 00-08794-NI dated July 16, 2001 is attached as Affidavit-Exhibit 1.

14.     As provided by statute, MCL § 600.4953, *et. seq.*, and the Michigan Court Rules, MCR 2.403, Case No. 00-08794-NI was subject to Case Evaluation which took place on January 10, 2002.

15.     The Case Evaluators rendered an evaluation in the amount of $15,000.00, which plaintiff rejected and defendants accepted. Pursuant to Court Rule, after plaintiff's rejection of the case evaluation, Case No. 00-08794-NI proceeded to trial.

16.     Case No. 00-08794-NI was tried to a jury over eleven separate days from August 21 to September 9, 2002.

17.     In Case No. 00-08794-NI, the jury unanimously returned a verdict of no cause of action for the defendants. The jury found that defendant Kars was neither grossly negligent nor negligent at all.

18.     On October 4, 2002, the Court entered a Judgment in favor of defendants. A copy is attached as Affidavit-Exhibit 2.

19.     On October 4, 2002, the Court also entered an Order Authorizing Withdrawal Of Counsel For Plaintiff Rashid A. Jahm. A copy of the Order is attached as Affidavit-Exhibit 3.

20.     On or about November 15, 2002, on motion of defendants City and Kars, the Court entered a Judgment Awarding Case Evaluation Sanctions in Favor of Defendants Against Plaintiff. A copy of

3

that Judgment is attached as Affidavit-Exhibit 4.  To date plaintiff has paid nothing on the $74,722.53 awarded.

21.　　On or about October 23, 2002, plaintiff filed a Claim of Appeal with the Michigan Court of Appeals.  A copy of the Claim of Appeal is attached as Affidavit-Exhibit 5.

22.　　On or about February 26, 2003, plaintiff filed his Brief with the Michigan Court of Appeals.  A copy of the Brief (without attachments) is attached as Affidavit-Exhibit 6.

23.　　Defendants filed a Motion to Dismiss plaintiff's appeal of the Judgment in Case No. 00-08794-NI on the basis that plaintiff failed to obtain the transcript of the trial testimony and other proceedings in the trial court.  A copy of the Motion to Dismiss, dated April 10, 2003 is attached as Affidavit-Exhibit 7.

24.　　On May 20, 2003, the Michigan Court of Appeals entered an Order dismissing plaintiff's appeal of the Judgment in Case No. 00-08794-NI.  A copy of the Order is attached as Affidavit-Exhibit 8.

25.　　Plaintiff, as appellant, filed a Motion for Reconsideration of the Court of Appeals' May 20, 2003, Order.  This was denied by an Order of the Court of Appeals dated July 16, 2003, a copy of which is attached as Affidavit-Exhibit 9.

26.　　Plaintiff appealed the Orders of the Court of Appeals to the Michigan Supreme Court.  The Application For Leave To Appeal was denied by Order dated May 20, 2003.  A copy of that Order is attached as Affidavit-Exhibit 10.

27.　　On October 22, 2002, the day before his first filing in the Court of Appeals, plaintiff filed a new lawsuit in the Kent County Circuit Court under Case No. 02-10523-NI, *sub nom.* Rashid A. Jahm v City of Walker, a Michigan Municipal Corporation, and Craig Noland.  A copy of plaintiff's Summons and Complaint is attached as Affidavit-Exhibit 11.

4

28.    On November 19, 2002, defendants City and Kars filed a dispositive motion in response to plaintiff's Complaint and on November 21, 2002, a Motion for Summary Disposition of Dismissal and/or to Strike, together with a supporting Brief were filed on my behalf in Case No. 02-10523-NI.  Copies of the Motion and Brief filed for me are attached as Affidavit-Exhibits 12 and 13 respectively.

29.    By Opinion and Order dated January 7, 2003, the Circuit Court granted the Motions for Summary Disposition of the defendants City and Noland, and dismissed Case No. 02-10523-NI.  A copy of the Court's Opinion and Order is attached as Affidavit-Exhibit 14.

30.    On January 13, 2003, plaintiff filed in Case No. 02-10523-NI a "Motion of summary Judgment for Strict Liability on tort claim, Joint and Several" (sic), which the Circuit Court treated as a motion for reconsideration and denied by Opinion and Order dated January 14, 2003.  A copy of the Opinion and Order is attached as Affidavit-Exhibit 15.

31.    Plaintiff did not initiate an appeal of the Court's January 7 and 14, 2003, Opinions and Orders in Case No. 02-10523-NI. As a consequence they became final.

Further, deponent saith naught.

_____
Craig R. Noland

On this 28th day of December, 2005, before me, a Notary Public in and for said County and State, personally appeared Craig R. Noland, to me known to be the same person described in, who executed the within instrument, and who acknowledged the same to be his free act and deed.

_____
Heather Bruce
Notary Public, Ottawa County, MI
Acting in Kent County, MI
Commission Expires: 09/02/2008

Rashid Jahm v Dennis D. Lieber, et. al.
United States District Court – District of Massachusetts
05-11638-JLT

# Affidavit-Exhibit 1
# Second Amended Complaint and Jury Demand

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

RASHID A. JAHM,

          Plaintiff,                   FILE NO. 000-08794-NI

v.                                   HON. DONALD A. JOHNSTON

CITY OF WALKER, a Michigan Municipal      **SECOND AMENDED COMPLAINT**
Corporation and EUGENE E. KARS.              **AND JURY DEMAND**

          Defendants.
_____/

BRANSDORFER & RUSSELL, LLP.
Stephen C. Bransdorfer (P11133)
George L. McCargar, III (P45588)
Suite 411-S, Waters Building
161 Ottawa Avenue, N.W.
Grand Rapids, MI 49503-2898
PHONE:    (616) 774-8422
FAX:        (616) 774-0326
_____/

      Plaintiff, Rashid A. Jahm, states his Second Amended Complaint against the Defendants,

City of Walker and Eugene E. Kars, as follows:

### GENERAL ALLEGATIONS

      1.      Plaintiff Rashid A. Jahm is a resident of Kent County, Michigan.

      2.      Defendant City of Walker is a Michigan municipal corporation operating and

located in Kent County, Michigan.

      3.      At all relevant times, Defendant Eugene E. Kars was an agent and employee of

the City of Walker Police Department acting in Kent County, Michigan.

      4.      The amount in controversy exceeds $25,000 and is within the jurisdiction of this

Court.

      5.      This cause of action arises out of an automobile collision which occurred on

October 31, 1999, at or about 10:11 a.m., in the City of Walker, Kent County, Michigan, within the intersection of 3 Mile Road and Alpine Avenue (the "intersection").

6.      At all relevant times, Defendant City of Walker was the owner of a 1998 Ford 4 door sedan, Vehicle Number FAFR71WXWX147363 (the "motor vehicle"), which was driven by Defendant Eugene E. Kars at the time of the collision.

7.      On October 31, 1999, at or about 10:11 a.m., Plaintiff was lawfully operating a 1986 Buick Lasabre 2 door sedan in the east lane proceeding south on Alpine Avenue and was in the intersection in the City of Walker, Michigan. Plaintiff was proceeding with the traffic signal showing a green light for him to travel through the intersection.

8.      On October 31, 1999, at or about 10:11 a.m., Defendant Eugene E. Kars, an agent and employee of City of Walker Police Department, was operating the motor vehicle owned by the Defendant City of Walker and was traveling in the eastbound lane of 3 Mile Road in the City of Walker, Michigan. The traffic signal showed a red light directing Defendant Eugene E. Kars to stop and not enter into the intersection.

9.      On October 31, 1999, at or about 10:11 a.m., Defendant Eugene E. Kars, while operating the motor vehicle owned by the Defendant City of Walker in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury results, disregarded the red signal light, continued into the intersection and struck the vehicle operated by Plaintiff, as Plaintiff was lawfully traveling through the intersection with the green light.

### Count 1.    Liability of Defendant City of Walker

10.     Plaintiff realleges paragraphs 1 through 10 as if fully restated herein.

11.     As owner of the motor vehicle driven by Defendant Eugene E. Kars at the time of the collision, Defendant City of Walker is a governmental agency liable for Plaintiff's bodily injuries and property damage resulting from the negligent operation of that motor vehicle by Defendant Eugene E. Kars in accordance with the provisions of M.C.L.A. 691.1405.

12.     Defendant City of Walker is liable for all physical and emotional injuries suffered

- 2 -

by Plaintiff, including a serious impairment of a body function, fear, pain and suffering, mental anguish and loss of earning capacity and damages all as described in Count 2, as a result of the negligence of Defendant Eugene E. Kars.

### Count 2.    Liability of Defendant Eugene E. Kars

13.    Plaintiff realleges paragraphs 1 through 12 as if fully restated herein.

14.    Defendant Eugene E. Kars owed Plaintiff the following duties of care:

    a.    to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCLA 257.627(1);

    b.    not to drive the motor vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCLA 257.626;

    c.    to keep the motor vehicle constantly under control;

    d.    to drive the motor vehicle on the roadway with due diligence and circumspection and not endanger or be likely to endanger other persons or property, MCLA 257.626b;

    e.    to obey the red signal light and stop the motor vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff, MCLA 257.603(c)(2), MCLA 257.653(b)(2);

    f.    to observe the intersection in front of the motor vehicle driven by him and owned by Defendant City of Walker when he knew or should have known that failure to observe Plaintiff's vehicle would endanger the life or property of Plaintiff and any other person using the intersection, MCLA 257.603(c)(2), MCLA 257.653(b)(2).

15.    As a direct and proximate result of the breach of Defendant Eugene E. Kars' duties, the collision occurred and the injuries stated in this complaint resulted.

16.    Defendant Eugene E. Kars was negligent and grossly negligent when he caused

- 3 -

the vehicle owned by Defendant City of Walker to strike the Plaintiff's automobile. Defendant Eugene E. Kars' negligence and gross negligence caused Plaintiff to suffer severe physical injuries.

17.    As a direct and proximate result of the negligent and grossly negligent actions of Defendant Eugene E. Kars, Plaintiff has suffered and will continue to suffer a serious impairment of a body function, pain and suffering, emotional distress, anxiety, humiliation, mental anguish, and aggravation of pre-existing conditions. Plaintiff's damages include, but are not limited to, the following injuries:

> serious injuries to his back, spine, neck joints, ligaments and other parts of his body, including a closed head injury, as well as other related and appreciable difficulties, injuries and consequences that have occurred, developed or aggravated any pre-existing conditions that might have existed.

18.    Defendant Eugene E. Kars is liable for all damages suffered by Plaintiff, including past, present and future physical and emotional injuries, mental anguish, emotional distress, fear, pain and suffering, lost wages, loss of earning capacity and property damage as a result of Defendant Eugene E. Kars' negligence and gross negligence.

**WHEREFORE**, Plaintiff asks this Court to find Defendant City of Walker and Defendant Eugene E. Kars liable for the injuries and damages caused to him and award the following:

> a.    Compensation for past, present and future physical injuries, impairments and disfigurements;
>
> b.    Compensation for past, present and future emotional injuries including fear, shock, mental anguish, humiliation and emotional distress;
>
> c.    Compensation for past, present and future pain and suffering;
>
> d.    Compensation for lost wages, work loss and loss of earning capacity;
>
> e.    Compensation for property damage;

- 4 -

f.    Exemplary or punitive damages;

g.    All costs, attorneys fees and interest;

h.    All other damages this Court finds to be reasonable and just in equity and good conscience.

Dated: 7-16-01        , 2001        _____
                                    Rashid A. Jahm, Plaintiff


STATE OF MICHIGAN    )
                     ) ss.
COUNTY OF K E N T    )

On this 16th day of July        , 2001, before me personally appeared the above named Plaintiff, Rashid A. Jahm, and made an oath that he has read the foregoing Complaint by him subscribed and knows the contents thereof, and that the same is true to the best of his knowledge except as to the those matters therein stated to be on his information and belief, and to those matters he believes them to be true.


                    _____
                    Mary L. Currey                Notary Public
                    Kent County, Michigan acting in Eaton County
                    My Commission Expires: 8/11/01

                    BRANSDORFER & Russell, LLP
                    _____
                    Stephen C. Bransdorfer (P11133)
                    George L. McCargar, III (P45588)
                    Suite 411-S, Waters Building
                    161 Ottawa Avenue, N.W.
                    Grand Rapids, MI 49503-2898
                    (616) 774-8422


- 5 -

## <u>DEMAND FOR JURY</u>

NOW COMES Plaintiff, Rashid A. Jahm, by and through his attorneys, Bransdorfer & Russell, LLP, and hereby demands a trial by jury in the above-entitled cause.

BRANSDORFER & RUSSELL, LLP

Stephen C. Bransdorfer  (P11133)
George L. McCargar, III  (P45588)
Attorneys for Plaintiff

- 6 -

Rashid Jahm v Dennis D. Lieber, et. al.
United States District Court – District of Massachusetts
05-11638-JLT

# Affidavit-Exhibit 2
# Judgment for Defendants

STATE OF MICHIGAN

THE CIRCUIT COURT FOR THE COUNTY OF KENT

RASHID A. JAHM,

            Plaintiff,                                File No. 00-08794-NI

v                                            HON. DENNIS B. LEIBER

CITY OF WALKER, a Michigan Municipal
Corporation, and EUGENE E. KARS,

            Defendants.

| | |
|---|---|
| Stephen C. Bransdorfer (P11133) | Craig R. Noland (P30717) |
| David C. Bransdorfer (P49814) | SMITH, HAUGHEY, RICE & ROEGGE |
| George L. McCargar, III (P45588) | Attorneys for Defendants |
| BRANSDORFER & BRANSDORFER, P.C. | 200 Calder Plaza Bldg. |
| Attorneys for Plaintiff | 250 Monroe N.W. |
| 161 Ottawa Ave., N.W. - Ste 411-S | Grand Rapids, MI 49503-2251 |
| Grand Rapids, MI 49503-2898 | (616) 774-8000 |
| (616) 774-8422 | |

## JUDGMENT FOR DEFENDANTS

At a session of said Court, held in the Kent County Courthouse, Grand
Rapids, Michigan, this **4** day of **October**, 2002.

PRESENT: HON. DENNIS B. LEIBER, Circuit Judge

This case was tried before a jury, and the jury rendered a unanimous verdict in favor

of defendants. Specifically, in response to questions set forth on the Verdict Form, the jury

unanimously concluded that defendant Eugene E. Kars' conduct did not amount to gross

negligence, and that defendant Kars was not negligent.

The jury having answered the issues as shown in the record:

SMITH, HAUGHEY, RICE & ROEGGE, A Professional Corporation

IT IS HEREBY ORDERED AND ADJUDGED that this Judgment of No Cause for Action be entered in favor of the defendants, Eugene E. Kars, and the City of Walker, and that the plaintiff take nothing.

IT IS FURTHER ORDERED AND ADJUDGED that defendants are the prevailing parties and that plaintiff shall pay costs as submitted by defendants in accordance with MCR 2.625.

IT IS FURTHER ORDERED AND ADJUDGED that defendants are entitled to mediation sanctions which may be presented in accordance with the provisions of MCR 2.403(O)(8).

DENNIS B. LEIBER

Hon. Dennis B. Leiber
Circuit Court Judge

Attest: A True Copy

SMITH, HAUGHEY, RICE & ROEGGE. A Professional Corporation

2

Rashid Jahm v Dennis D. Lieber, et. al.
United States District Court – District of Massachusetts
05-11638-JLT

# Affidavit-Exhibit 3
# Order Authorizing Withdrawal of
# Counsel for Plaintiff

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF KENT**

RASHID A. JAHM,

        Plaintiff,

                                File No.: 00-08794-NI

v.

                                HON. DENNIS B. LEIBER

CITY OF WALKER, a Michigan Municipal
Corporation and EUGENE E. KARS,

        Defendants.

_____/

BRANSDORFER & RUSSELL, LLP                SMITH, HAUGHEY, RICE & ROEGGE
Stephen C. Bransdorfer (P11133)               Craig R. Noland (P30717)
George L. McCargar III (P45588)                Attorneys for Defendant
Attorneys for Plaintiff                             200 Calder Plaza Building
161 Ottawa Avenue, NW                        250 Monroe, NW
Suite 411-S                                     Grand Rapids, MI 49503-2251
Grand Rapids, MI 49503                       (616) 774-8000
(616) 774-8422

_____/

### ORDER AUTHORIZING WITHDRAWAL OF COUNSEL
### FOR PLAINTIFF RASHID A. JAHM

        Trial by jury in this cause having been completed and Bransdorfer & Russell, LLP, as

successor to Bransdorfer & Bransdorfer, P.C., having filed a Motion for Withdrawal as Counsel

for Plaintiff Rashid A. Jahm in accordance with Rule of Professional Conduct 1.16(b)(3) and

(b)(5) and the Court having heard said counsel and having heard Plaintiff at the hearing on this

matter held October 4, 2002 and being fully advised in the premises,

        IT IS ORDERED that the Motion to Withdraw as Counsel for Plaintiff, as to Bransdorfer

& Russell, LLP and Bransdorfer & Bransdorfer, P.C., be and the same is granted with said

counsel to take all necessary actions in accordance with Rule of Professional Conduct 1.16(d).

Dated: October 4, 2002               **DENNIS B. LEIBER**
                                       Hon. Dennis B. Leiber

Attest: A True Copy



Rashid Jahm v Dennis D. Lieber, et. al.
United States District Court – District of Massachusetts
05-11638-JLT

# Affidavit-Exhibit 4
# Judgment Awarding Case Evaluation Sanctions in favor of Defendants against Plaintiff

## STATE OF MICHIGAN
## THE CIRCUIT COURT FOR THE COUNTY OF KENT

RASHID A. JAHM,

        Plaintiff,

v

CITY OF WALKER, a Michigan Municipal
Corporation, and EUGENE E. KARS,

        Defendants.

File No. 00-08794-NI

HON. DENNIS B. LEIBER

Rashid A. Jahm
In Pro Per
3009 Eastern S.E., Apt. 303E
Grand Rapids, MI 49508
(616) 559-6185

Craig R. Noland (P30717)
SMITH, HAUGHEY, RICE & ROEGGE
Attorneys for Defendants
200 Calder Plaza Bldg.
250 Monroe N.W.
Grand Rapids, MI 49503-2251
(616) 774-8000

### JUDGMENT AWARDING CASE EVALUATION SANCTIONS
### IN FAVOR OF DEFENDANTS AGAINST PLAINTIFF

Defendants filed a Motion requesting the Court to award case evaluation sanctions pursuant to MCR 2.625 and 2.403(O). In consideration of the Motion, the pleadings, and responses to the Case Evaluation;

IT IS HEREBY ORDERED AND ADJUDGED that defendants' Motion be granted and that Judgment be entered in favor of defendants against plaintiff, Rashid A. Jahm, in the amount of $74,422.53.

IT IS SO ORDERED.

DENNIS B. LEIBER

_____
Hon. Dennis B. Leiber, Circuit Judge

Attest: A True Copy



SMITH, HAUGHEY, RICE & ROEGGE, A Professional Corporation

Rashid Jahm v Dennis D. Lieber, et. al.
United States District Court – District of Massachusetts
05-11638-JLT

# Affidavit-Exhibit 5
# Claim of Appeal





# STATE OF MICHIGAN

## IN THE COURT OF APPEALS

(1)  RASHID A JAHM .,

(2)  Plaintiff-APPELLANT,       COA No. _____

(3)  v                           Lower Ct/Tribunal. No. 0008294 Ni

(4)  CITY of walker, a Mich Municipal corp

(5)  Defendant-APPELLEE

## CLAIM OF APPEAL

☑ plaintiff,

(6,7)  RASHID                  ☐ defendant, claims an appeal from the

(8,9)  judgment/order entered  10-4-02 , in the CIRCUIT COURT KENT county
                                                    MCR 7.204(0)(1)

(10)  Date: 10-23-02

(11)                           _____

(12)                           RASHID A JAHM
                               3009 Eastern SE APT 309E
                               Grand Rapids, MI. 49508
                               616-559-6185

Rashid Jahm v Dennis D. Lieber, et. al.
United States District Court – District of Massachusetts
05-11638-JLT

# Affidavit-Exhibit 6
# Appellant's Brief




# STATE OF MICHIGAN

## IN THE COURT OF APPEALS

RASHID JAHM

Plaintiff- APPELLANT     COA No. 244634

(1)    v                            Lower Ct/Tribunal No. 00-8794 N1

WALKER MUNICIPAL CORP,

Defendant- APPELLEE

(2)          **ORAL ARGUMENT**      ☑ **REQUESTED**

☑ **NOT REQUESTED**

# APPELLANT'S BRIEF

(3)

RASHID JAHM
3007 EASTERN SE AN 303E
GRAND RAPIDS, MI 49508
616-559-6185

RECEIVED

FEB 2 7 2003

SMITH, HAUGHEY, RICE & ROEGGE

27

# Table of contents

Page No

Index of Authorities…………………….……………            A

Jurisdictional Statement…………………………….            B

United States v. De Sisto, 289 F.2d 833, 834 (2d Cir. 1961            3


Fraud  and Conspiracy                                     34

Statement Of question                                      2

Argument                                                   4

State of Question Involved  …………….…………. ……….            4

INTRODUCTORY  STATEMENT  OF  FACTS            10

PLAINTIFF'S  AFFIDAVIT                                     17

Statement of Facts ……………………………………………………………18

Argument ……………………………………………………………            10

Statement of Argument Tampering with picture. Altering with evidences.            5

Mentioning of 911, which were irrelevant to injury case. Intention of mind to exploit jury
5

Bring up plaintiff disability in front of jury in degrading manners.            5

Standard of Review………………………………………………………… 24

Analysis……………………………………………………………… 25

Strict Liability of Defendant City of Walker under Tort Law            21

Response and objection were raised In front of Hon. Judge regarding the judgment.            13

Strict Liability of Defendant City of Walker under Tort Law…………………            16

SEC. 500.3135 (1) SEC. 603

Argument 1                                                 23

Stander of Review………………………….…………

Violation of protected order which issues by Hon Judge D. Johnston            10

Plaintiff being from Pakistan, and my disability,

Hon. Did not issues gag order Abuse of Due Process, Intentional avoiding of    **22**
Law and order Id., 497-503; Crampton v. Dep't of State, 395 Mich 347 (1973).

Bias, Erred, Over Looked Facts and Issues

Relief Requested ………………………….…………………    35

Abuse and Bias    27

Memorandum    32

# Index of Authorities

i.

Page Nos

 United States v. De Sisto, 289 F.2d 833, 834 (2d Cir. 1961).
4

 Ireland v. Smith, 214 Mich App 235 (1996),
29

Gibson  v  Neelis, 227 Mich App 187, 189-190; 575 NW2d 313
(1997).            33

Ritchie-Gamester v City of Berkley, 461 Mich 73, 76; 597 NW2d 517
33

(1999).

Cases:   See MDOC v Cain, 451 Mich 470, 494-497 (1996).
8

Under the Due Process Clause. Id., 497-503;
32

Crampton v. Dep't of State, 395 Mich 347 (1973).
32

Spratt V. Dep't of Social Services, 169 Mich App 693, 700 (1988),

.MCLA 691.1405 government owned vehicles; Liability for
negligence operation Sec.    5.

MCLA 691.1407. Government immunity from tort liability Sec. 7
(1) ( 2 )

Jackson v. Rousch 1969, Mich. 18 Mich. (sic) 533

(18 Mich. App. 533, 171 N.W. 2d 557)

Crampton v Michigan Dep't of State, 395 Mich 347, 356 (1975).
8

Relying on Crampton, the Michigan Court of Appeals in

Ireland v. Smith, 214 Mich App 235 (1996),

summarized the due process disqualification standard as follows:
The tests is not [just] whether or not actual bias exists, but also
Whether there was "such a likelihood or appearance of bias that
the judge Was unable to held the balance between vindicating the
interests of the Court and the interests of the [affected party]" Even
when a judge is Personally convinced that he is impartial,
disqualification is warranted "where there are circumstances of
such a nature to doubt as to [the Judge's] partiality, bias or
prejudice. [Id., 251; citations omitted.] Factual allegations against
all named Defendants. The Answering Defendants responded by
filing Answers (Def. [1]Brf. At p. 11)

Eerdmans v Maki, 226 Mich App 360, 366; 573 NW2d 329
(1997).        7

Further Novak, supra at 689-691; Nieves v Bell Industries, Inc,

204 Mich App 459, 464-465; 517 NW2d 235 (1994).

The decision whether to admit evidence is within the discretion of
the trial court and will not be disturbed on appeal absent a clear
abuse of discretion. An abuse of discretion is found only if an
unprejudiced person, considering the facts on which the trial court
acted, would say that there was no justification or excuse for the
ruling made,

Ellsworth v Hotel Corp of America, 236 Mich App 185, 188; 600
NW2d 129 (1999),

or the "result is so palpably and grossly volatile of fact and logic
that it evidences perversity of will, a defiance of judgment, or the

---
[1]

Statutes: (citing SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)).

. Kratze v. Independent Order of Odd fellows,

Garden City Lodge, 442 Mich. 136, 141; 500 N.W.2d 115,141 (1993).:

Schick v. Steiger, 583 F. Supp. 841, 844 (E.D. Mich. 509 N.W.2d 791 (1993).

Guise v. Robinson, 219 Mich. App. 139, 144; 555 N.W.2d 887 (1996).

Bailey v Graves, 411 Mich 510,

514; 309 NW2d (1981); Veselenak v Smith, 414 Mich 567,

573; 327 NW2d 261 (1982); Green v Evens, 156 Mich App

145, 153; 401 NW2d 250 (1985).

The left-turning car began its turn when it was safe, but something unexpected made it slow down or stops. This is an extremely difficult excuse to use because a basic rule of the road says the car making the left turn must wait until it can safely complete the turn before moving in front of oncoming traffic.

Statutes: (citing SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)).

. Kratze v. Independent Order of Odd fellows,

Garden City Lodge, 442 Mich. 136, 141; 500 N.W.2d 115,141 (1993).:

Schick v. Steiger, 583 F. Supp. 841, 844 (E.D. Mich. 509 N.W.2d 791 (1993).

Guise v. Robinson, 219 Mich. App. 139, 144; 555 N.W.2d 887 (1996).

Bailey v Graves, 411 Mich 510,

514; 309 NW2d (1981); Veselenak v Smith, 414 Mich 567,

573; 327 NW2d 261 (1982); Green v Evens, 156 Mich App

145, 153; 401 NW2d 250 (1985).

The left-turning car began its turn when it was safe, but something unexpected made it slow down or stops. This is an extremely difficult excuse to use because a basic rule of the road says the car making the left turn must wait until it can safely complete the turn before moving in front of oncoming traffic.

## STATEMENT OF JURISDICTION

(1)    The Court of Appeals has jurisdiction over this appeal under MCR 7.2I2(C)(4) based on the following information.

(2)    The judgment or order being appealed was entered on OCT, 4, 2002.

(3)    I filed a motion for postjudgment relief on /            . The order denying that motion was entered on            .

(4)    I filed this appeal on 10-22-02            .

# STATE OF MICHIGAN

## IN THE COURT OF APPEALS

RASHID TAHM,

Plaintiff-APPELLANT    COA No. 2-44634

(1)    v                                    Lower Ct/Tribunal No. 00-08994-N1

City of Walker,

Defendant-APPELLEE

## PROOF OF SERVICE

State of Michigan        )
                         )
(2)    County of Kent    )

(3,4)    I affirm that on 2-26-03, I Rashid one copy of

(5)    the following documents on: one copy same as filed in Appeal out.

APPELLANT Briefs

(6)    Proof of Service. It was by certified us Mail

(7)
(8)    Date: 2-26-03

Mr- Thomson Blackwell
(9)    200 Calder Plaza Bldg
250 Monroe N.W
Grand Rapids, MI 49508.

300 9 Easter, S E APT-73 E
Grand Rapids, MI 49508
616-559-6185

24

# STATE OF MICHIGAN

## COURT OF APPEALS

Rashid Jahm                              COA No: 244634

Plaintiff- Appellant              Lower Ct/Tribunal No.00-08794-NI

February 26, 2003

City of Walker A Michigan                    Attorney for the
                                               Defendant
Municipal Corp And Eugene Kars             Thomas Blackwell
Defendant-.Appellee                        200 Calder plaza bldg
                                           250 Monroe N.W
                                        Grand Rapids MI.49503-2251

## Proof of Service

Here comes Rashid Jahm Plaintiff in above caption matter. Plaintiff mailed
Brief of said above matter by us certified mail to defendant's attorney Mr.
Thomas Blackwell on 02-26-03 at 200 Calder Plaza bldg 250 Monroe N. W
Grand Rapids  Michigan.

Respectfully

Rashid Jahm
616-559-6185
3009 Eastern Se apt 303E
Grand Rapids, Mi. 49508

1

# +S T A T E  O F  M I C H I G A N

## C O U R T  O F  A P P E A L S

Rashid Jahm

COA No: 244634

Plaintiff- Appellant

Lower Ct/Tribunal No. 00-08794-NI

February 25, 2003

City of Walker A Michigan
Municipal Corp And Eugene Kars
Defendant-.Appellee

Attorney for the Defendant
Thomas Blackwell
200 Calder plaza bldg
250 Monroe N.W
Grand Rapids, MI.49503-2251

### APPELLANT'S BRIEF

PER CURIUM

Plaintiffs appeal by right from the trial court's order granting summary disposition to

Defendants. The police car hit plaintiff in Oct. 31. 1999. File motion for fraud and

violation of plaintiff protection order.

Mr. Craig Noland for defamation, intentional wanton harm, slander per se, civil right

violation, tampering of the picture, altering the evidence, preparing the plot to work in

conspiracy manner to deceive, falsified statement to harm plaintiff and malicious

statements against Plaintiff during the Trial.

### STATEMENT OF QUESTIONS

1. Whether plaintiff's evidences were so strong only way for city of walker to win the

1

2

case to change judge. Beside others team efforts together with attorney.

2. Whether altering the Transcript was eminent to cover up Misconduct. Closing Statements of defense attorney's transcript did not include reference to 9/11 and Pakistan not exact Mr. Craig Noland said to exploit the jury.

3. Whether tampering of the Picture of plaintiff hitting his head on rear mirror. Cropping the edges of picture to cover up the red spot on the plaintiff forehead from the accident to cover up cause of action.

4. Whether police report show two cars on the left side in the drawing of the scene in the accident report of the defendant car to show obstruction of vision. If the police report is valid then Defendant's attorney falsified to just damage plaintiff Question is weather the police report is valid? Police was at the scene to write the report or Defendant's attorneys? who altered and fabricated obstruction of vision to create a false report?

6. whether Hon. Judge D. Leiber intentionally refuse to hear my motion because of I am not attorney or any influential person. regarding this Trial has refused to hear my motions and objections to judgment for the defendant on Oct. 4, 2002? Hon. Judge Leiber said he would sign the judgment. Even I requested him your Hon because it has been fraud with me. I request you not to sign order your Hon. before proper investigation. But he said he would hear my defamation, objections and causes of mistrial at 1:30 pm Nov. 1, 2002. But as I arrived on Nov.1, 02 at 1: 30 PM in the court and two other attorneys were sitting waiting for Hon. Judge Leiber Neither defendant's attorney was not there in the court either but plaintiff did see Mr. Craig Noland him coming in the court with other person wearing white

2

3

shirt. There was not any kind of information out the court door regarding change. Two other

attorneys were waiting in the court for the Hon. Judge D. Leiber. . See Exhibit No. 1

page No. 7, 8

7. Whether Judgment was signed after I withdraw from my attorney as defendant attorney was

   anguish to get sign on the judgment + Plaintiff objected to judgment with out attorney I was

   not even given chance to find attorney. Defendant and plaintiff file motion for defamation

   and fraud including mistrial. Evidence on Exhibit No. Page No to 6

8. Whether my application for assistance in fee for transcript which I request to Chief judge.

   But it was sign by Hon. Judge D. Leiber. Whether the refusal was partial of tactics and bias

   for my request in assistance for Transcripts. I attached my federal disability paper, knowing

   that I am on disability, which was caused by this car accident? **Evidence Exhibit No. 1**

   **Page No 15, 16, 17.**

9. Whether the case issue changed to the cause of action, rather than the do care of the

   defendant for the public? Hon. Judge Johnston had said in the court during motions. Only

   issue is if defendant did care and watch for other to keep the safety of the public. He was

   turning left.

10. Whether these pictures of the scene of accident were loaded on CD to change the originality

    of the picture. The police supervisor took them at the time of accident. Weather Hon. Judge

    Leiber Circuit Judge erred and bias with dealing with defining the law to juries and not

    applying the rules under the civil juries instruction it is perfectly appropriate for a judge to

    "take part where necessary to clarify testimony and assist the jury in understanding the

3

**4**

evidence." United States v. De Sisto, 289 F.2d 833, 834 (2d Cir. 1961).

12. Weather if there was any call from Jack Keller Ford car dealership.

13. The key issue on appeal is whether the circuit Court erred and bias in instructing the juries about the evidence and importance of the treating physician of the plaintiff and plaintiff's expert testimony during trial. Weather Hon. Judge Leiber look in to the request of Plaintiff to correct an erroneous jury verdict against the weight of strong evidence and witnesses testimony. It is perfectly appropriate for a judge to "take part where necessary to clarify testimony and assist the jury in understanding the evidence." United States v. De Sisto, 289 F.2d 833, 834 (2d Cir. 1961).

14. Weather Hon. Judge looks out for fair trial. And give fair weight to plaintiff evidence and give warning to defendant's attorney for violation ' misrepresentation and let him do to plaintiff harmfully intention remark by Mr. Craig Noland.

15. Whether bring police chief in the trial with the uniform to have jury bias. was harassing plaintiff witnesses. Police chief was every day in the court.

## Statement of Question Involved Section

1. Whether the Trial Court erred in admitting tampered and altered photos as evidence, which were taken by the supervisor at the time of accident with his camera.

**4**

The trial court answers     No

Appellant answers     Yes

2. Whether the Trial Court erred in not defining the law to the Jury in the Civil case of the
importance and value of the Plaintiff's medical evidence and testimony by treating
physicians in trial court. The Plaintiff's treating Chiropractor testified to the impairment
of spine, segmental damage, facet damage, documented nerve damage which was tested
by EMG and testimony for Plaintiff's treating Psychiatrist for TBI in the trial court.

The trial court answers     No

Appellant answers     Yes

3. Whether Trial Court knowingly that plaintiff have already file notice of fraud,
defamation and objection to erred for signing the judgment for the defendant intentionally
and judgment for the defendant. Plaintiff had filed answer to motion of defendant's
attorney within 7 days. Plaintiff filed Notice of fraud objecting to judgment for the
defendant in the court long before Hon. Judge Sign Judgment and objection was made on
Oct. 4 by plaintiff.

The trial court answers     No

Appellant answers     Yes

4. Whether the Trial Court erred in accepting two different diagrams, one which was of the
motorcycle was shown passing by from the right side of defendant's car, going straight on
Alpine. The second diagram submitted by the Defendant's Attorney Mr. Craig
Noland showing 2 cars side by side altered and fabricating an obstruction. The Police

6

report does not support these altered views and obstructions, he has taken the law into his own hand by submitting these diagrams.

     The trial court answers    No

     Appellant answers     Yes

5. Whether the Trial Court erred for not giving a directed verdict to the jury when Hon. Judge Leiber knew by listening to the testimony of Dr. Dennis Payne an expert for the Plaintiff stating Police officers do owe duty of care when passing through a red light and the Plaintiff had the right of way with a green light.

     The trial court answer   No

     Appellant answers     yes

6. Whether the Trial Court erred in not instructing the jury in defining the law in conjunction with provisions of MCLA 691.1405 (a) about the liability of government agencies for bodily injury resulting from negligent operation by any officer, agent or employee of the government agency of a motor vehicle owned by that agency.

     The trial court answers    No

     Appellant Answers     Yes

7 Whether the Trial Court erred in not instructing the jury in defining the law under provisions of MCLA 691.1405 (b), MCLA. 691. 1407 (2) and MCLA. 257. 632. A Directed Verdict to the Jury based on proof, evidence and the testimony of Dr. Dennis Payne saying the Defendant does owe duty of care to the Plaintiff. The Defendant admitted in the Trial when answering the Plaintiff's Attorney's question as to whether the Defendant applied his breaks when he hit the Plaintiff's car, the Defendant answered no, he did not apply the breaks (That alone was grossly negligence) then the Defendant was

asked why he failed to apply the breaks and he answered that he did not know why he did not.

Grounds: A judge is disqualified when the judge cannot impartially hear a case, including but not limited to instances in which: Requirement that the decision maker be "neutral and detached, " id. at 354, and the

Constitutional danger of making decisions outside of an "adversary hearing." Id. at 355.

(1) The judge is personally biased or prejudiced for or against a party or attorney. [MCR 2.003(B)] 6

Relying on *Crampton*, the Michigan Court of Appeals in *Ireland v. Smith*, 214

Mich App 235 (1996), summarized the due process disqualification standard as follows:
The tests is not [just] whether or not actual bias exists, but also

Whether there was "such a likelihood or appearance of bias that the judge was unable to

had the balance between vindicating the interests of the court and the interests of the

[affected party]"Even when a judge is personally convinced that he is impartial,

disqualification is warranted "where there are circumstances of such a nature to doubt as

to [the judge's] partiality, bias or prejudice. *[I*d., 251; citations omitted.]

The *Ireland* Court then held that a judge who has been reversed in a high profile case on

the ground that he made controversial findings of fact must be disqualified on remand.

The Court stated that disqualification was required because the judge would have

Difficulty putting previously expressed views out of his mind and because permitting him

to hear the case on remand would create an appearance of bias. *Id.*, 250-251. Court of

Appeals held that a hearing officer in an administrative hearing should not preside over

the case because he might have already formed an opinion during a prior preceding:

8

"Because this situation poses an intolerable risk that the decision maker may have

prejudged the case, due process requires a new decision maker. *Id.*, 699-700.

Judge Leiber Must Be Disqualified For Violation of the Michigan Code of

Judicial Conduct

Also relevant to the issue of judicial disqualification is the Michigan Code of

Judicial Conduct, whose first three Canons state as follows: summarized the due process

disqualification standard as follows: The tests is not [just] whether or not actual bias

exists, but also Whether there was "such a likelihood or appearance of bias that the judge

Was unable to hold the balance between vindicating the interests of the Court and the

interests of the [affected party]" Even when a judge is Personally convinced that he is

impartial, disqualification is warranted "where there are circumstances of such a nature to

doubt as to [the Judge's] partiality, bias or prejudice. [Id., 251; citations omitted.] Factual

allegations against all named Defendants. The Answering Defendants responded by filing

Answers (Def. [1]Brf. At p. 11)   (citing SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal.

1995)).

**CANON** 1: Requires judges to personally observe high standards of conduct so that
integrity and independence of the judiciary may be preserved.
**CANON** 2: Requires a judge to avoid impropriety and the appearance of impropriety in
all activities.
**CANON** 3: Requires a judge to perform the duties of office impartially and to abstain
from public comment about a pending or impending proceeding in any Court. Violation
of these standards for judicial behavior could lead to discipline against an offending
judge, including discipline as severe as disbarment. Judicial conduct which in extreme
circumstances could result in disbarment for "failing to observe high standards of
conduct" (Canon 1) or for failing to avoid impropriety or the "appearance of impropriety"

---

[1]

(Canon 2), certainly can constitute grounds for disqualification under MCR 2.003. In the Matter of Bennett, 403 Mich 178 (1978), the Michigan Supreme Court ruled that a Judge violated Canon 3 of the Michigan Code of Judicial Conduct, and ordered him suspended for one year without pay when he improperly sought to terminate the appointment of public defenders and appointed substitute counsel in their place, among other acts of misconduct. The Court ruled that the Judge had interfered with the attorney-client relationship by cutting off indigent defendants from their counsel without request or an explanation, which to many members of the original commission reviewing the Judge's behavior, gave the appearance of an arbitrary exercise of judicial power. Bennett at 196.

The trial court answers    No

Appellant Answers    Yes

8  Whether Trial Court erred in allowing in admission as evidence of plaintiff's picture. It was taken from plaintiff's video testimony and together showing videotapes in front of jury prior to finding out the relevancy and accuracy of the films are adequately established and any kind of change of condition is properly and adequately explain in 29A Am. Jur. 2d, "Evidence", at  § 987. When a film represents a stage reproduction of one party's version of the facts it should be examined with care because of party's danger that the filmmaker's art may blur reality in the minds of the jury. Where the motion pictures of reproduction or posed scene are produced under circumstances materially different from those existing at the time in question so that relevancy is lacking See Crampton v Michigan Dep't of State, 395 Mich 347, 356 (1975).

The trial court answers    No

Appellant answers    Yes

9   Whether Trial Court erred in refusing to hear plaintiff's motion for objections in opposing defendants proposed judgment which should have been heard on Friday, November 1, 2002 at 1; 30 PM by Hon. Judge Leiber Which Hon. Judge D. Leiber gave date to hear plaintiff motion in notice of fraud and defamation including opposing to

defendant's proposed judgment on Oct. 4, 2002 for plaintiff objection. And was not heard

even request by plaintiff to Hon. Judge. Spratt v. Dep't of Social Services, 169 Mich App

693, 700 (1988), citing Crampton at 351;

See Ireland v Smith, 214 Mich App 235, 249 (1996) (disqualifying trial

judge because of "the appearance of bias"). Eerdmans v Maki, 226 Mich

App 360, 366; 573 NW2d 329 (1997). Further Novak, supra at 689-691;

Nieves v Bell Industries, Inc, 204 Mich App 459, 464-465; 517 NW2d

235 (1994).

    The trial court answers        No

    Appellant answers              Yes

## ARGUMENT

Enormous, violations, misconduct, bias, erred and illegality in this case on prima facie.

When I was expressing my concern and complain. Hon. Judge yells at me and he said

very loud stop. It was Oct. 04 and I request to court I don't want my attorney because he

did not object to defendant's attorney harm full remarks like 911 and me being from

Pakistan and picking on my disability and intentional wanton attack on plaintiff. And I

request to hon. Judge your Hon. Don't sign this judgment because it has been fraud with

me. You are going too fast. I got afraid and I stopped. Hon Judge said you are talking

very fast my reporter cannot fallow you. Then I request him your Hon. may I talk slow to

finish what I was saying but Hon. Judge said no. I am sure that was not fair with plaintiff.

1   It was intentionally move case to Hon. Judge Leiber court. So walker municipal can win

the case and I did request to administration office in Lansing to investigate if few juror

were knew each other or they were from the same area as defendant. I saw two jurors came together in the courts few times. I am sure Judgment was already made.

**A judge's participation [in the trial] justifies a new trial only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality."   Laurins, 857 F.2d at 537**

2  I can prove with evidence misconduct, bias. Judge was partial as for as his opinion rather listening to expert repots and medical evidence I wish if I can some way express what they have done with me in my injury case it would be fair to order inquiry.

2  Defendant's attorney hides the big evidence by darkening the area of the red spot on the forehead. On right side forehead He cut the picture so close so no one can see it.See exhibit 1 Photo 1 with red spot .

4  when accident happen on Sunday state police came to write the report. Plaintiff was not given ticket. Police report don't not show any kind of two car side by side creating vision obstruction to defendant when this report went in defendant attorney hand it change with on motorcyclist showing going by then after one year defendant's attorney come with idea of fabrication giving the idea of there was two cars obstructing the vision. In other words he even did not trust the police report. He was not even there at the time of accident but still defendant attorney can say oh yea there was two car side by side. But attorney for get when he come up with idea because it was Sunday morning at 10 o'clock how come two car can come same moment I am sure that was intentional over looked by the Hon. Judge not only that Hon. Judge support the idea of defendant attorney Quote Defendant did not have the X ray vision. . See the evidence two fabricated cars Exhibit No 3 page No 21, 22,

23. The Transcript has been altered. Craig Noland's Closing Statements don't mention in reference to saying what Mr. Craig Noland said I am depress because of 9/11 and me being in Pakistan instead now it has changed. That was irrelevant to case. But it was enough for him to exploit the jury. If he did not have said that and if he did not mention my divorce and my sex performance then the out come should have been very different. All I did was crying helpless. Even I mention to my attorney to tell Mr. Craig Noland to stop it bring my personal life I have protected order that's all nothing to this injury case irrelevant to case. But he did not stop him either. Plaintiff is sure Hon Judge leiber was bias for not issuing a gag order against him.

3    The trial court erred in allowing the tampered pictures of the accident scene as a trial's evidence for juries which was presented by the defendant's Attorney Mr. Craig Noland who asked plaintiff to look at the pictures when plaintiff was in cross examination for answering for Mr. Craig Noland as soon as plaintiff saw the pictures and plaintiff told Mr. Craig Noland a defendant attorney these picture are not original these has been tampered. And plaintiff request to Hon. Judge Dennis Leiber that these are tampered pictures. Instead of excusing juries and investigating this evidence before permit to admission for juries to see instead he warns me not to talk about the pictures. And ordering me to answer what Mr. Craig Noland asks you. Plaintiff requests, your Hon how can plaintiff answer if these picture are tampered. Plaintiff told defendant's attorney that how can plaintiff answer you when you are showing him tampered pictures. M & D,

Inc v McConkey, 231 Mich App 22, 26-27; 585 NW2d 33 (1998),

4   Mr. Noland did not comply with the request for the picture's negatives by the Plaintiff and the entire picture was put on CD. As you see plaintiff pictures one look different in face heavy and other look normal. Defendant's attorney refuses to provide original when he was asked. Evidence in exhibit No.1 Page No. 2 and 3.

5   Police report is very valuable in the case because police before he prepare the report he research and ask witness and I am sure police officer must asked defendant about if he has red light or if he has any kind of obstruction or any thing else. As I under stand through reading of police trooper testimony he said he did ask defendant. Question is weather the police report is valid? Who was at the scene to write the report or Defendant's attorneys who altered and fabricated obstruction of vision to create a false scene to deceive plaintiff.

6   Why Hon. Judge D. Leiber regarding this Trial erred and bias in refusing to hear my motions and objections against judgment for the defendant on Oct. 4, 2002? Hon. Judge Leiber said he would sign the judgment for the defendant. Even I requested him your Hon because it has been fraud with me. (It seems Defendant's attorney was in very hurry) I request your Hon. not to sign order Before investigation. But he said he would hear my defamation and causes of mistrial at 1:30 pm Nov. 1, 2002. But as I arrived on Nov.1, at 1:30 PM in his court and two other attorneys were sitting waiting for Hon. Judge Leiber Neither defendant's attorney was nor Hon. Judge in the court either but plaintiff did see Mr. Craig Noland him coming in the court with other person who was wearing white shirt shorter than him in height. See evidence Exhibit No.1 Page No. 7, 8. There was not any kind of information out the court door regarding change. Two other attorneys were

waiting in the court for the Hon. Judge. (That is question) so far plaintiff did not hear his

motion yet. Plaintiff tries to file motion to Circuit Court Chief Judge to complain. But

morning time plaintiff got call from Hon Judge D. Leiber Office that don't come to court

because Chief Judge is not going to hear your case and I call Chief Judge office that I have

motion today but his secretary told plaintiff that we can not hear your motion you have to

talk with Judge Leiber office. So far up to now I did not have heard my motion. Weather

Hon. Judge Leiber look in to the request of Plaintiff to correct an erroneous jury verdict

against the weight of strong evidence and witnesses testimony. It is perfectly appropriate

for a judge to "take part where necessary to clarify testimony and assist the jury in

understanding the evidence." United States v. De Sisto, 289 F.2d 833, 834 (2d Cir. 1961).

7  After the juries verdict plaintiff call his attorney as plaintiff's attorney give him date to

   call his attorney in his office after few days if he may file appeal. When plaintiff called

   to his attorney he said he is going to sign the judgment. And he said he is not going to

   file appeal either. Plaintiff attorney show me the paper from defendant attorney. And

   request my attorney please don't sign any paper with out my permission because I have

   been fraud and defamation. At once I went to administer office, file defamation motion,

   and complain. Plaintiff did object to judgment for the defendant and plaintiff file motion

   for defamation and fraud including mistrial. Evidence on Exhibit No.5. Page No.1

   and exhibits 1 page 9

8  The Hon. Judge D. Leiber did err refuses my request for fee assistance with the

   Transcripts knowing that I am on disability, and same as with my request for legal help.

   Plaintiff is on social security disability. This was caused by this car accident. And he did

not have enough money to pay three thousand. Court reporters are not being cooperatives to call back to let me know how much will cost for opening statement of Mr. Craig Nolan so I can send you money.  Evidence Exhibit No. 1 Page No.12

9   Why the case issue changed to the result of the accident, rather than the cause? Hon. Judge Johnston had said in the court during motions between parties in this case. He explains as referring to close head injury as he mention his experience of 23 years in this court regarding Close head injury. He said it can be cause by impact of the out side force in the car by the accident to damages inside the brain to cause injury. Whole case issue is whether Defendant Eugene used do care and look out for safety for the public when running through the red light without no emergency light and siren on. This was careless by not wearing glasses caused the car accident with plaintiff car. (Section 603)

10  Why these pictures of the scene of the accident were loaded on CD? If the police supervisor has took them at the time of accident with his camera. As plaintiff saw these picture during trial was very different what plaintiff have seen in his attorney's office. Evidence is on exhibit No.1 page No.1 which has reddish hit mark of the rear mirror on the left side of plaintiff forehead and no two picture which Defendant's attorney cut (tampered) that reddish spot to hide it

11  Hon. Judge Leiber Circuit Judge erred with dealing with defining of law to juries and applying the rules under the civil juries instruction by the supreme court of Michigan, lots was already decided in the Hon. Judge Donald Johnston court for three years who organize issues, rules motion from both parties and application of the laws and process to deal with

case. But all the sudden trial was moved from Hon Judge Donald Johnston to Hon. Judge Dennis Leiber court. I am very sure someone must influence to administration fraud to defraud to Plaintiff, Weather Hon. Judge Leiber look in to the request of Plaintiff to correct an erroneous jury verdict against the weight of strong evidence and witnesses testimony. It is perfectly appropriate for a judge to "take part where necessary to clarify testimony and assist the jury in understanding the evidence." United States v. De Sisto, 289 F.2d 833, 834 (2d Cir. 1961).

12 Jack Keller ford never open on Sunday. And plus they have big gate locked on Sunday. Employ told me they never had any false alarm. Defendant admits it was false alarm so in this case there is no any kind of immunity. Plaintiff did not see any light or siren before the accident. And if police officer has light and siren on motorcyclist has never cross him while he stop in the intersection. That what defendant claim. Plaintiff did not see the motorcyclist. It is impossible two people to miss police car not seeing light or siren.

13 Whom the Gross Negligence by the Defendants careless driving and plaintiff got impairment of boldly injured. Which made impossible for plaintiff to live his normal life, appeals from an adverse jury verdict in a civil case action brought under 42 U.S.C. § 1983. And Plaintiff believes that nothing was considered in trial what was prior already decided in the Hon. Judge Donald Johnston Court. That alone was unfair with plaintiff to change the judge on trial date.

14 The key issue on appeal is whether the circuit Court erred in instructing the juries, and follows the guideline from Hon. Judge Donald Johnston, which he already decided about the case in order to be fair with plaintiff. And Judge did Erred in defining the importance of

the evidence in civil cases and importance of the plaintiff's treating physician testimony.

15 Weather Hon. Judge Leiber look in to the request of Plaintiff to correct an erroneous jury

verdict against the weight of strong evidence and witnesses testimony. That error has

brought in not only the instruction issues but raise many other issues like violation of due

process, and violation of bill of right and constitutional right and the failure to correct it

was prejudicial,

16 Defendant's attorney brought police chief in uniform every day sit next to him. There was

no reason for him to bring chief police in the court. Because defendant's attorney wanted to

harass plaintiff's witnesses and influence the Juries for favor for the defendant. Plaintiff

does need justice and entitle to fair trial under these circumstances.

17 Violation of protected order brings up plaintiff sex life that he cannot perform in front of

the jury. That was very humiliating and degrading for plaintiff. What was the use of

protected order if there is no mean to it why I was given the protected order to save me from

unwanted attacked by defendant attorney.

## INTRODUCTORY STATEMENT OF FACTS

1   Plaintiff is resident of the State of Michigan. And he is Citizen of the United State of American.

2. Defendant Eugene Kars was an employee of the City of Walker at the time of accident. The City Walker is a Michigan Corporation, which is the owner of the police car at the time of accident with Plaintiff. Mr. Craig Noland was the Defendant's attorney in the trial court.

Mr. Craig Noland was defendant in **tort claim due to his tampering, defamation, and** Innocent misrepresentation differs from traditional fraud because the defendant need not have intended to defraud the plaintiff. M & D, supra at 27-28. However, the misrepresentation must have benefited the defendant, and the parties must be in privities of contract. Id. accordingly, alleged misstatements, **civil and strict liability with Case No 02-**

**10523-NI**. Exhibit no one page 18 for fraud to defraud the Plaintiff. City of Walker a Michigan Corporation was defendant in circuit court for the County of Kent under **Case No. 02-10523-NI** for **strict liability claim. It makes them automatically** liable for the Defendant Eugene Kars' Statements in the Trial Court. The Defendant stated that he "did not apply the breaks' when questioned why not? His response was that he did not know the reason why he did not. Proof is in the transcript of Eugene E. Kars on page No. 16 and 17.

3   Plaintiff's allegations were raised in Case No 00-08794-NI by plaintiff himself about tampering pictures during answering to defendant's attorney questions during trial. Proof is in plaintiff's transcript.

4   Plaintiff was **warned** by the Hon. Judge not to talk about the **tampered pictures.** The Defendant's attorney presented these pictures as evidence with the permission of your Honor after the Plaintiff raised a question as to the authenticity of the photos being presented to the jury.

5   All of these pictures were loaded onto a CD and were given to Plaintiff instead of in their original state. Why these pictures were loaded on CD? Defendant attorney refused to provide original pictures or any kind of negative.

## PLAINTIFF'S AFFIDAVIT

The car accident was the cause of the Plaintiff's injuries; and dogmatic, memory, problem solving, impairment of body function Walker Municipal (Walker police) was the owner of the car. It make liable to walker municipal (Walker Police) liable for tort liability in Gross negligence of the employee who was hired with out any kind of physical test. He was not wearing his eyesight glasses. Walker municipal is responsible of the plaintiff serious impairment. Defendant admitted that he did not apply the breaks and when questioned why not? He responded that he did not know the reason why he did not apply the breaks.  Reckless and careless driving by the Defendant was the cause of the accident and the result of the Plaintiff's impairment of body functions, including close head injury and documented nerve damages including cognates issues, and other related psychiatric issues including memory retrieval and problem solving. Evidences and

Judge Leiber before he Signed Judgment.

G. Plaintiff did file **Motions** and objections within the 7 days pursuant to MCR 2.602 (B)(3) but plaintiff was given Date to hear objections by Hon. Judge Dennis B. Leiber on Nov. 1, 2002. On the given date. When I arrived at 1:30 but the Hon. Judge and the Defendant's attorney was not there in the court, I was not informed about the change in the date. I did see Mr. Craig Noland entering in the court in front of me but he was with another person who was wearing white shirt, shorter height person than him, Mr. Craig Noland did not come to the court for Hon. Judge Dennis B. Leiber, there wasn't any schedule change notice outside of the court door. Two other attorneys were sitting waiting for the Hon. Judge and since then my motion was not given consideration and any kind of reply.

### Responses. Motions and objection were raised In front of Hon. Judge regarding the judgment.

1) Response of schedule opposing defendants proposed judgment **Exhibit: 5- page No. 4**

2) Request for retrial file sep.18, 2002 **exhibit: 5- at page No.1**

3) Respond of plaintiff motion opposing defendant's proposed judgment. It was file on Sep.22, 2002 **exhibit No. 5 Page No. 4**

4) Notice of Fraud and Defamation and Malice by Mr. Craig Noland.

   **Exhibit No. 5 page No.7**

5) Facts under the statement in Defendant eyewitness and expert testimony. **Exhibit No. 5 page No. 8**

20

reports are on Exhibit No.2.page 1 to 37 Defendant admitted that the alarm to which he was responding was a false alarm. He testified that many alarms are false. He said at his deposition. As he define false mean there is no breaking or entering. Evidence is in Defendant's Eugene E. Kars' Transcript of his deposition.

### STATEMENT OF FACTS

A. Defendant was not wearing glasses at the time of the accident.

B. The Plaintiff talked to Jack Keller at the Car Dealership whether they had emergency call on Sunday on Oct. 31, 1999. Their answer was they are not open on Sunday's and they did not have an emergency call on that date. Plaintiff believes there was not any emergency call because Mr. Keller an employee showed surprise to hear it about emergency call.

C. 3. Defendant did not apply breaks at the time of accident and he admitted by defendant Evidence in Eugene E. Kars Cross Examination on witness stand by Mr. Brandsdorfer page 16.

D. Defendant did not have emergency Lights and Siren activated when running through the red light at the time of the accident.

E. The Hon. Judge Leiber did not instruct the Jury regarding the value of the Evidence and the treating Physician's testimony in civil case.

F. Plaintiff was refused by Judge Leiber to hear motion of fraud and defamation before Hon.

19

6) Plaintiff Response to defendant's Motion to amend **exhibits: No.5 page No 11**.

7) Complaint of jury pooling producers and pre selection in jury favoring defendant and investigation of Michigan State Violation. **Exhibits: No.5 page No.13**

8) Motion to amend legal help **Exhibits: No.5 page No 14**

9) Motion to amend against violation of procedure of selecting white juries than Mix Races help **Exhibits: No.5 page No.15**

10) Motion to amends strict liability of city of walker car own by walker municipal corp. **Exhibit No.5 Page No.16**

11) Sanction on entry Judgment and awarding case evaluations **Exhibits: No.5 page No. 38**

12) Motion to reverse order of mediation sanction. **Exhibits: No.5 page No. 17**

13) Motion to amends new evidence; facts and photo of the scene defendant were not wearing glasses. **Exhibits: No.5 page No.18**

14) Summon and complain. **Exhibits: No.5 page No. 20**

15) Tort claim act – strict liability (Ultra hazardous Activity) **Exhibits: No.5 page No. 22**

16) Motion for new trial amendment of judgments. **Exhibits: No.5 page No.28**

17) Motion for legal help and transcript compensation. **Exhibits: No.5 page No.29**

18) Plaintiff motion for summary disposition violation of confidential protected order, request for retrial, and violation of due process and violation of constitutional right.

**Exhibits: No.5 page No.30**

## Strict Liability of Defendant City of Walker under Tort Law

SEC. 500.3135 (1) SEC. 603

### COUNT I

Plaintiff alleges as fully restated herein. Walker police AKA Walker Municipal Corporation owner of the motor vehicle driven by defendant Eugene E. Kars at the time of collision, Defendant City of walker is a governmental agency liable for the Plaintiff's bodily injuries and property damage resulting from the negligent operation of that police vehicle by Defendant Eugene Kars in accordance with the provisions of M.C. L.A. 691. 1405. Strict liability plaintiff has claimed that defendants are strictly liable (i.e. liable without regard to fault). Strict liability was arise out of city of walker failure to train and manage properly, failure to install vehicle camera and or Black Box in the police car which was involved in the accident with plaintiff. The Plaintiff raises question about the Defendants vision exams, response time reflexes and his Physical examination meeting all requirements to serve the public.

### COUNT II

Defendant City of Walker is liable for all physical and emotional injuries suffered by Plaintiff, including a serious impairment of a body function, fear, pain and suffering, mental anguish and loss of earning capacity and damages all as described, as a result of negligence of defendant Eugene E. Kars.

### COUNT III

Mr. Craig Noland as the Attorney on behalf of the City of Walker charged them more than $74000 which was funded by the insurance company (**Kemp insurance**) to make every effort to defend against plaintiff injury's lawsuit.  Including tampering, fabricating, altering, fraud to defraud, defamation, malicious statement, violation of due process, slandering, accusing, violating plaintiff civil right, deceiving, concealing, falsifying facts, humiliating, embarrassing and degrading the Plaintiff.

## COUNT IV

Mr. Craig Noland is liable and owes the Plaintiff for damages to his character and the harmful intentional acts, I request to court to find remedy for his defamation to plaintiff. As plaintiff was crying helpless in the court there was not any kind objection from the Hon. Judge to stop him even when bringing irrelevant information to the case. The Court erred and was bias for the City of Walker and Mr. Craig Noland, acting without following the law and without caring for the rights of the Plaintiff. There was not any judicial order from the court against Mr. Craig Noland. Not only that Mr. Craig Noland brought every day in the court Chief police with uniform sitting next to him. I did not understand what was the reason to bring the uniformed officer other than to harass my witnesses and influence the jury. I did object to my attorney regarding the uniformed Chief of Police, this led to an unfair trial on the Plaintiff's behalf.

## COUNT V

Hon. Judge Donald A. Johnston was the original Judge for three years of this case, he knew about the case very well and knew every thing about the case. But Mr. Craig

Noland insisted to have Judge Dennis B. Leiber for this case. The outcome of this case
and the rulings showed considerable bias for Mr. Craig Noland and his Client the City of
Walker, due to The Honorable Judge Dennis B. Leiber past history as a Grand
Rapids Assistant City Attorney and then moving on to a 12 year career as a Kent County
Assistant Prosecuting Attorney.

## 1-ARGUMENT

The trial court erred in allowing the tampered pictures of the accident scene as a trial's
evidence for juries which was presented by the defendant Attorney Mr. Craig Noland who
asked plaintiff to look the pictures for answered as soon as plaintiff saw the pictures and
plaintiff told Mr. Craig Noland to defendant attorney these picture are not original these has
been tampered. And plaintiff request to Hon. Judge Dennis Leiber that these are tampered
pictures. But instead of investigating this evidence before permit to admitting these
tampered pictures as evidence instead he warns me to not talk about the pictures. And
ordering me to answer only what Mr. Craig Noland asks you to answer.. I request you your
Hon how can I answer if these picture are tampered. Plaintiff told defendant attorney that
how can I answer you when if you are showing me tampered picture.

Hon. Judge Leiber Circuit Judge erred with dealing with defining of law and applying the
rules, which was already, decided in the Hon. Judge Donald Johnston court for three years
who organize issues, rules motion from both parties and application of the laws and process
to deal with case. But all the sudden trial was moved to Hon. Judge Dennis Leiber court. I
am very sure someone must influence to administration.

Plaintiff, who was injured by the Gross Negligence by the Defendants, appeals from an

adverse jury verdict in a civil case action brought under 42 U.S.C. § 1983. And Plaintiff

believes that nothing was considered in trial what was prior already decided in the Hon.

Judge Donald Johnston Court. That alone was unfair with plaintiff to change the judge

The key issue on appeal is whether the circuit Court erred in instructing the juries, and

follows the guideline from Hon. Judge Donald Johnston, which he already decided about

the case in order to be fair with plaintiff.

Whether Hon. Judge Leiber look in to the request of Plaintiff to correct an erroneous jury

verdict against the weight of strong evidence and witnesses testimony. That error has

brought in not only the instruction issues but raise many other issues like violation of due

process, and violation of bill of right and the failure to correct it was prejudicial,

Defendant attorney brought police chief in uniform every day sit next to him. There was no

reason for him to bring chief police in the court. Because defendant's attorney wanted to

harass plaintiff's witnesses and influence the Juries for favor for the defendant.

## Standard of Review

The standard of review was bias by the trial court and these judgments don't have legal

mean and no legal fairness.

456 Mich 331, 337; 572 NW2d 201 (1998).  Which Hon. Court weill find lots of

misconduct and err NW2d 313 (1997). Under MCR 2.116(C)(10), and trial court did not

consider the weight of the evidence which court should have consider the pleadings,

affidavits, depositions, admissions, and other documentary evidence in the light most

favorable to the nonmoving party. Ritchie-Gamester v City of Berkley, 461 Mich 73, 76;

597 NW2d 517 (1999). Summary disposition was not appropriate because there was

genuine issue with regard to Hon. Judge Donald Johnston ruling for three years about validity of the evidence and factual material fact. *Id.* The trial court have made its own determinations concerning witness credibility. Skinner v Square D Co, 445 Mich 153, 161; 516 NW2d 475 (1994).

## Analysis

There is no doubt under evidences like EMG test, MRI, Mary Free Bed hospital's Final Report of patient's Neuropsychological Evaluation, The spine program of UM Ann Arbor. Medical director Dr. Haig's Report's for Objectively documented nerve damage due to car accident including deficits, Affidavit of Phillip Fox M.D regarding a serious Neurological injury as a result of automobile accident on Oct. 31. 1999.MRI report (cervicalgia) Central Disc bulge at the C3 C4 level, Pain clinic treating Dr. K. Javery report facet damage due to accident on Oct 31. 1999.  Dr. Anthony Trombley chiropractic causes of impairment of body function due to car accident of Oct. 31. 1999. Including Dr. Danial. J. Paul M.D., Dr. William E. Gatlin. Evidences are not limited as mention above. There is no doubt left as for as factual evidence concern and plaintiff testimony in his video disposition which plaintiff repeatedly mention cause of his impairment of body function including close head injury not limited as mention above absolutely from the accident of Oct. 31. 1999 to think

As Hon. Court will notice through depositions like defendant supervisor Steven Dyke's transcript on P. 14, 22, 23, 24, 25,33, 41, 43, 44, who was on the scene. Court will find clearly that defendant was Grossly negligence. He even mention he did not apply breaks and don't know the reason why not.

Secondly he was not wearing eyeglasses, He did not have siren and light on. His own

witness testified that he did have his light on. It was Sunday morning not many cars were on alpine, and He was turning left to going north there is rule always left side turning car has to wait for letting on going traffic first and then move when no car is coming from both side.

Sunday Keller ford dealer never open and they told plaintiff they don't have any record or information on false emergency alarm.

It has been prove that there was false alarm reference to provided information from defendant side but Officer Mooney was the person who response the call

As was discussed Motion for summery disposition before Hon. Judge Donald A. Johnston Circuit Court as it was argued in transcript on page 5, 6, 7, 8, 10, 11, 12, 18, 28, 33,35,37,38, 39, 44, 45, clearly shows that there is enough evidence to prove of cause on action. The witness already has proved that.

Under the police deposition, testimony and police expert Mr. payne research in to policy Hon court will found clearly that city of Walker is liable for hiring people who are not fit for the job and questionable health issues may have limited them do the job for the safety of the public. As Mr. Payne Expert for the plaintiff in his own words quote (city of walker police procedure manual is waste of paper if they run like that.

## Abuse of Due Process, Intentional avoiding of Law and order,

## Bias, Erred, Over Looked Facts and Issues

The trial court erred in failing to issue gag order against when Defendant's attorney was violating including not to limiting malicious statement, slandering, falsifying, defamation, concealing, deceiving, fabricating, knowingly harming plaintiff reputation, degrading,

humiliating, intimidating by bring chief police in uniform to harass plaintiff's expert and violating the protected order of the plaintiff, which was ordered by Hon Judge Donald B. Johnston that Defendant's attorney can not bring issues and matter which are irrelevant to this case against the plaintiff in front of jury,.

1. Court erred in not valuing plaintiff expert testimony and evidences including his treating physician and specialist. Attorney Mr. Craig Noland bring every thing which was not even slightly close to the injury, including plaintiff divorce even mention to the Hon Judge Dennis Leiber, Judge you was on who signed the plaintiff divorce in 1990.

2. Trial court erred in accepting this trial because Hon. Judge was ordering judge in divorce case against plaintiff. Intentionally defendant's attorney mention about divorce case in his opening statement in first day of trial. As Mr. Craig Noland addressing to Hon. Judge. In his words quote (you your Hon sign the divorce paper against plaintiff too. That was clearly a negative impact on plaintiff. Judge should have not sit in the trial after finding he did hear plaintiff divorce. That is enough to influence Judgments against plaintiff as far as getting fair trial. He has already heard his case regarding divorce case. Plaintiff believes judge bias in this trial. Trial should be dismissed. To fulfill his legality and due process.

3. The trial court Hon. Judge erred again when Mr. Craig Noland in his opening statement he was mentioning to juries I am sorry I am boring you all to picking on plaintiff and telling the jury that he is not able to perform sex that was humiliation, defamation and intentional act toward plaintiff. No one object Mr. Craig Noland including Judge but all plaintiff was doing is crying all the time during the trial by Defendant's attorney wanton

act.

4. About 911 (which Statement has been changed in the transcript) I am very sorry to see What goes on some one got to come in to investigate and look in to these issues. And me being Pakistan and having lawsuit with police. And rejection of my disability. (Which was false statement I do have approved disability from federal) As soon as Mr. Craig Noland mention about the 911 and Pakistan Hon. Judge object to that. In judge own words he don't see what is to do here of 911 with injury case and mentioning of Pakistan here in this injury case. But Mr. Craig Noland mentioned again in his closing statement about 911 and me in Pakistan and rejection of my disability. That was falsified statement because I did get the disability. Evidence Exhibit No.1 page No.12.

5. Trail court erred again if Hon. Judge had gag order issued against Mr. Craig Noland on his first mentioning of 911 and me Pakistan. Then Mr. Craig Noland could have stopped. Mr. Craig Noland was trying to exploit the jury's against plaintiff. Situation could have been different if judge could have acted on timely.

6. The trial court erred in denying the plaintiff's instructed verdict to jury and failing to define law to juries as for as goes the importance of evidence and weight of expert testimony about plaintiff injuries and close head injury due to the car accident as was testified by the expert and plaintiff in his video testimony which he mention that proximate cause of action of his brain functional, cognates issues, problem solving, memory, spinal pain and documented nerve damage was his due to car accident of Oct.31st of 1999 .and did not define to juries about other legal issues. This was decided

in the court of Hon judge Donald Johnston.

7. Plaintiff's video testimonies were shown to juries in the trial including his live testimony in the court. Which plaintiff describes motor vehicle was his cause of action of his injury and impairment.

8. The trial court erred in not to hear motions and refusing to accepts new and original evidences which they were in their actuality. Instead of altered and tampered.

9. The trial court erred in allowing the jury to remain during plaintiff objections to tamper pictures when plaintiff with an inadmissible presented them from the defendant's attorney as tampered evidence and Hon. judge warning to plaintiff for bring the truth to the juries for the tampered photo, misrepresented, and ancient past history of plaintiff that the defendant has had no right to introduce. It prejudiced the jury in that it caused the jury to assume that the plaintiff was hiding unacceptable role or history. The court should have declared a mistrial.

10. The trial court erred when court allowed to defendant's attorney to let him cross the legal limitations regarding protected orders and cross line without judicial notice, the common law, positional right of the plaintiff MRE: 202 (1) (b)

11. The trial court erred in allowing the defendant's attorney to present in as evidence of false grades of plaintiff's school record, which was false, and even though plaintiff provides the correct grades. And allowing defendant in concerning irrelevant, immaterial and inflammatory matters concerning the status of plaintiff's employment record of three employers that was not true. That was nothing to do with the plaintiff injury. This line of

irrelevant martial that only created prejudiced against plaintiff in front of juries, which did create a negative association with the plaintiff injury. Without establishing any single evidentiary grounds to support its **relevancy**.

12. Trial court erred in accepting the document, which was **false and fabricated** by the defendant's attorney showing two cars, which that's attorney fabricated to just show obstructed scene for the defendant seeing plaintiff car. But Police report showing in their drawing of the accident no two Cars were there for obstruction to defendant seeing plaintiff 's car.

13. **The Judge's bias:** The Judge erred, displayed bias by generally giving added weight to the evidence of False, and fabricated document producing by Mr. Craig Noland regarding obstruction of seeing through two-cars. Added value to fabricated evidence. In Hon. Judge own words Hon Judge Dennis leiber quote defendant did not had the x ray vision to see through the cars in contrast to the evidence of police report of the scene. Proof of evidence Exhibits No.3 page No. 22, 23.

14. Award should be granted because the defendant's attorney did assassination of plaintiff's character through defendant's innuendo and defendant's attorney use libelous and defamatory language against plaintiff. It was during Mr. Craig Noland of his closing arguments when the plaintiff had no opportunity to rebut these allegations. Hon. Judge did not take any kind of judiciary notice toward defendant's attorney. It was **clearly a bias** toward favorite party.

15. WHEREFORE plaintiff prays the court that plaintiff was not given a fair trial in this case

and violation of constitutional right and violation of due process plaintiff is entitled to his award.

16. Trial court erred in juries pooling and selection with same race selection it was pre plan selection of juries for fulfilled and meet their desire. It was ratio factor in the out come of the Verdict

17. The US Supreme Court ruled in 1986 that such jury selection tactics are unconstitutional in a case called Batson v. Kentucky. But the issue of jurors and race remains an Achilles heel of the American system of justice.

18. And Hon. Judge bias for not giving directed verdict

19. When police officer admit to gross negligence and Dr. Payne testimony plaintiff counsel request to judge for directed verdict as we looked to the strength of evidence.

20. Hon Judge did change mind after a meeting between defendant and plaintiff's attorney. Whole situation change attorneys meeting lots of papers came back and fore from the Hon. Judge to both attorneys.

21. Out come against the weight of the solid evidence is clearly a mistrial and **denial of the fair trial** and intentional over looked in cause of action of the accident of plaintiff injury.

22. Plaintiff believe evidence maintains that court has been bias to contribute victory for defendant's attorney and of judicial misconduct, destruction of fair trial and violating plaintiff's civil rights, violation of due process.

## Memorandum

It was Sunday morning when plaintiff left home for Circuit City on alpine avenue where plaintiff was working as sales person at the time of accident. He took alpine going south exit for Burger King to have breakfast before he goes to work at Circuit City, which opens at 12:00 noon on Sunday. As Plaintiff approached the traffic light just before Burger King the Plaintiff saw a police car slowly moving toward the Plaintiff's car, the Police car neither had emergency light on nor siren. As plaintiff saw that police car is coming directly toward him and not knowing the reason why he was coming without looking out for others, Plaintiff tried to make efforts to avoid the accident but police officer hit Plaintiff's car from the passenger side. But with this strong police hit to plaintiff's car, which made a big dent on the passenger side. Plaintiff's car was lifted up and crashed down causing the Plaintiff to be jostled and strike his head on the rear view mirror picture is in the Exhibit No.2 page No. 1. As police car was moving as plaintiff was going away to left to saving him but defendant car was still in motion. Evidence of picture exhibits No.1.Page No. 4. You can see the plaintiff's car side guard lying on road that show plaintiff did try to save him to went that far left.

Evidence is in Transcript of defendant's Eugene Kars. **That police officer testified in the court during trial. And defendant admitted that he did not apply break when he was questioned why you did not apply breaks he answered he don't know why he did not apply break. Evidence is in the Transcript of his witness stand in**

**the trial court.**

He ripping plaintiff side guard from the passenger side, hitting plaintiff's car one more time, and taking the plaintiff's car side guard with him. **Evidence is on exhibit No. 1 picture No 3 of the side guard as you see on the road and that is another proof that plaintiff went so far to the left   to avoid defendant in order to save him.**

Officer Car was not wearing his glasses at the time of the accident; the police supervisor came to the scene and took Pictures of the scene while we were waiting for the state police officer. **Evidence Exhibits No. 1 page No. 2 proof that defendant is not wearing eyesight Glasses.**

Police officer did not have the light and siren on before the accident. Female city employee by the Last name of Zalewski saw him with **no light** on, she told in her deposition and in her other interview she claim he did have siren on. She knew police officer personally from his work place. **Evidence of her testimony is in her Transcript J. Zalewski. But Mr. Craig Noland's was answering to interrogation regarding light and siren. Evidence of his false statement exhibits No.1 and page No. 8A.**

**He said they were on. Another Falsify statement that is contrary to J. Zalewski of his eyewitness. Exhibit No. 1 Page No. 8B**

Defendant police officer claim he waited in the intersection between two southbound a lane for motorcycle that he claims was going north. That is another proof there wasn't any siren and light on the police car. Otherwise motorcyclist should have seen defendant's police car clearly way back, if he had his light and siren on Because it was very clear view for motorcyclist to see police car. When I saw police car there was no

light and no siren on.

## FRAUD AND CONSPIRACY

Plaintiff alleged in his testimony the tampering of the pictures, which was presented by attorney Mr. Craig Noland at the trial, the plaintiff was warned by the Hon. Judge. When Plaintiff requested an objection on admission of Tampered, altering and defamations that was fraud and conspiracy underlies the defendant's conduct. There was more than two parties working together to violate unlawful act and to arrange a lawful act through illegal means, they have engaged in conspiracy, which makes each party liable for the entire harm caused to a plaintiff as a result of the conspiracy, despite their knowledge of its falsified. Plaintiff has evidence as proof in this brief in proving conspiracy, they should be responsible and will be jointly liable for the injury and damages resulting from the fraud. It has been shown that, except for the fraud, the injury or damage would not have occurred. The fraud has consisted in the misrepresentation and the concealment of material fact. Proof of the altering is that the Mr. Craig Noland drawing two cars, which the police report does show in their drawing. **Proof Exhibit 3 and page No. 22, 23**. Mr. Craig Noland has performed intentional and successful employment of his cunning deception and artifice used to circumvent, cheat and or deceive the plaintiff. Court will find throughout the transcript, which I objected on its originality, an intentional misrepresentation of material existing fact made by Mr. Craig Noland to trial with knowledge of its falsity and for the purpose of inducing the plaintiff to act, and upon. Knowledge of which would be necessary to make other statements not misleading. He made a 'misrepresentation' simply meant to state as a fact, which is false or untrue. He

made a material 'omission' withheld the statement of fact, knowledge of which was

necessary to make other statements not misleading.

Thus, he continued even after the objection by Hon, Judge on the mention of 9/11, which

had nothing to do with the case or the trial. His misrepresentation was false and an

omission made other statements misleading and it was 'material' in the sense that it relates

to a matter of some importance and significance **close head injury** rather than a minor

detail.

Plaintiff is very sure that defendant's attorney his misrepresentation [and omission] was

made knowingly and intentionally, Mr. Craig Noland has acted willfully, maliciously,

wantonly, oppressively, intentionally, knowingly, fraudulently, in bad faith, and with

reckless disregard of the consequences, and with such entire want of care as raises the

presumption of conscious indifference to the consequences, such as to entitle Plaintiffs to

punitive damages under Michigan law, and further such punitive damages are not subject

to limitation provided by in Michigan because Defendants acted with a specific intent to

cause harm to Plaintiffs

## PRAYER  FOR  RELIEF

For the reasons stated above, Petitioners request that his Court grant their motion

to disqualify Judge D. Leiber of his summery of judgments and summery of disposition

of defendants city of walker and  Mr. Craig Noland in Tort  and Defamation, and

documented malicious statement including fraud. Which was never tried before under

any other case wanton in case No. 02-10523-NI Exhibit No. 5  Page No. 44, and  20 to 22

MCR 2.003, plaintiff further request to court Void the trial because of violation and legal

misconduct and bias.

The Due Process Clause and the Michigan Code of Judicial Conduct. This has been violated. I request to Hon. Court to retrial this case No. 00-08794-NI   in the court of Judge Donald Johnston court Case cases. he was original Judge to hear this case.

   WHEREFORE, Plaintiffs request this Hon. Court

Plaintiff request judgment for recovers exemplary damages, pain and suffering against all defendants jointly and severally, in such amount for actual damages as the above. Punitive damages sufficient to deter Defendants from such actions in the future, and reasonable attorneys' fees and expenses of litigation, together with all costs of court and such other and further relief as the court may deem equitable and just.

Respectfully Submitted

Rashid Jahm

3009 Eastern SE Apt 303E

Grand Rapids Mi. 49508

616-559-6185

Rashid Jahm v Dennis D. Lieber, et. al.
United States District Court – District of Massachusetts
05-11638-JLT


# Affidavit-Exhibit 7
# Motion to Dismiss

STATE OF MICHIGAN
IN THE COURT OF APPEALS

RASHID A. JAHM,

         Plaintiff-Appellant,

v

CITY OF WALKER, a Michigan Municipal Corporation,
and EUGENE E. KARS,

         Defendant-Appellees.

Docket No. 244634

Kent County Circuit Court
Case No. 00-08794-NI

---

Rashid A. Jahm
In Pro Per
3009 Eastern SE
Apt. 303E
Grand Rapids, MI 49508
(616) 559-6185

Jon D. Vander Ploeg (P24727)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Defendant-Appellees
250 Monroe Avenue
200 Calder Plaza Building
Grand Rapids, MI 49503-2251
(616) 774-8000

---

## MOTION TO DISMISS

      NOW COME Defendant-Appellees, City of Walker and Eugene E. Kars, by and through Smith

Haughey Rice & Roegge, their attorneys, and hereby move that plaintiff's appeal be dismissed for the

following reasons:

      1.     Plaintiff brought this action seeking damages for alleged injuries resulting from an

intersection collision involving his vehicle and the defendant's police cruiser.

      2.     Plaintiff was represented by attorney Steven C. Bransdorfer, and the case was tried to a

jury over eleven separate days from August 21 to September 9, 2002.

      3.     The jury returned a verdict for the defendants finding that plaintiff had no cause for action.

The jury specifically held that defendant Kars was neither grossly negligent nor negligent at all.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

4.    A judgment of no cause for action was entered by the circuit court on October 4, 2002, and plaintiff thereafter filed this Claim of Appeal.

5.    By statement dated 10/23/02, plaintiff said that he had ordered the transcript from all lower court hearings related to this case. By letter of November 27, 2002, the Clerk of this Court informed plaintiff by letter that he had failed to perfect the appeal by filing a stenographer's ceretificate. He was given 21 days within which to do so.

6.    The undersigned is not aware of plaintiff's having secured or filed a stenographer's certificate to evidence his successful order of the entire trial transcript necessary to this appeal. To the best of the undersigned's understanding, plaintiff has filed only the transcript of defense counsel's closing argument on September 9, 2002, a copy of which was supplied by the court reporter on December 23, 2002. This Court's file shows that he has supplied other selected portions of transcript.

7.    Court of Appeals rules, specifically MCR 7.210(B)(1), require an appellant to order the full transcript of testimony and other proceedings in the trial court. There are two exceptions to the rule, neither of which apply here. The plaintiff-appellant could have moved to proceed on this appeal with less than the entire transcript. He has not done so, nor would there be any cause for the Court to grant such a motion. The other exception is for circumstances where a transcript is unavailable. That does not apply here either.

8.    In other words, the rule is explicit and requires plaintiff to file the entire record of the proceedings, including the transcript of all of the days of trial. Plaintiff has neither successfully ordered nor secured that transcript in this case.

9.    Furthermore, the issues and arguments in plaintiff's brief to this Court demonstrate that this appeal could not proceed without a review of the trial court record in its entirety.

10.    In short, plaintiff has not met the requirements for perfecting and proceeding with his appeal. His failure to secure and provide the trial transcript is fatal to appellate review, and his appeal must be dismissed.

WHEREFORE, Defendants-Appellees respectfully request that this Court dismiss the plaintiff's appeal..

DATED: April 10, 2003

Jon D. Vander Ploeg (P24727)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Defendant-Appellees
250 Monroe Avenue
200 Calder Plaza Building
Grand Rapids, MI 49503-2251
(616) 774-8000

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

Rashid Jahm v Dennis D. Lieber, et. al.
United States District Court – District of Massachusetts
05-11638-JLT

**Affidavit-Exhibit 8**
**Order dated May 20, 2003**

70423

## Court of Appeals, State of Michigan

## ORDER

Rashid A. Jahm v City of Walker

William B. Murphy
Presiding Judge

Docket No.   244634

Janet T. Neff

LC No.   00-008794-NI

Jane E. Markey
Judges

The Court orders that the motion to dismiss pursuant to MCR 7.211(C)(2) is GRANTED for the reason that the appeal was not pursued in conformity with the rules because plaintiff has failed to secure the filing of the full transcript of the testimony and other proceedings in the trial court. MCR 7.210(B)(1).

The motion for extension of time for briefing is DENIED as MOOT.

_Wm B Mn_
Presiding Judge

A true copy entered and certified by Sandra Schultz Mengel, Chief Clerk, on

**MAY 2 0 2003**
Date

_Sandra Schultz Mengel_
Chief Clerk

Rashid Jahm v Dennis D. Lieber, et. al.
United States District Court – District of Massachusetts
05-11638-JLT

# **Affidavit-Exhibit 9**
# **Order dated July 16, 2003**

70483

# Court of Appeals, State of Michigan

## ORDER

Rashid A. Jahm v City of Walker

Docket No.    244634

LC No.    00-008794-NI

William B. Murphy
Presiding Judge

Janet T. Neff

Jane E. Markey
Judges

The Court orders that the motion for rehearing is DENIED.  The motion to extend time to file transcript is DENIED.

_____
Presiding Judge



A true copy entered and certified by Sandra Schultz Mengel, Chief Clerk, on

**JUL  1·6 2003**
Date

_____
Chief Clerk

Rashid Jahm v Dennis D. Lieber, et. al.
United States District Court – District of Massachusetts
05-11638-JLT

# Affidavit-Exhibit 10
# Order dated December 30, 2003

70483

# Order

**Michigan Supreme Court**
**Lansing, Michigan**

Entered:

December 30, 2003

Maura D. Corrigan,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman,
Justices

124386

RASHID JAHM,
        Plaintiff-Appellant,

v

CITY OF WALKER and EUGENE KARS,
        Defendants-Appellees.

SC: 124386
COA: 244634
Kent CC: 00-008794-NI

_____/

On order of the Court, the application for leave to appeal the May 20, 2003 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

/1222



I, CORBIN R. DAVIS, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 30 , 2003                                    

Clerk

Rashid Jahm v Dennis D. Lieber, et. al.
United States District Court – District of Massachusetts
05-11638-JLT

# Affidavit-Exhibit 11
# Summons and Complaint

Case 1:05-cv-11638-JLT   Document 7-12   Filed 12/30/2005   Page 2 of 10
Original - Court                          2nd copy - Plaintiff
1st copy - Defendant                      3rd copy - Return

Approved, SCAO

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | | |
| **Kent** **JUDICIAL CIRCUIT** | | C2-10523-N1 |
| **COUNTY PROBATE** | | |

Court address                                                     Court telephone no.

180 Ottawa Ave., NW, Suite 2400, Grand Rapids, MI 49503          (616) 632-5480

Plaintiff name(s), address(es), and telephone no(s).

Rashid Jahm
3009 Eastern SE Apt 303 E
Grand Rapids, Mi. 49508
616-559-618

v

Defendant name(s), address(es), and telephone no(s).

Craig Noland
200 Calder Plaza Building
250 Monroe, NW
Grand Rapids, Mi 49508
616-774-8000

Plaintiff attorney, bar no., address, and telephone no.

**DENNIS B. LEIBER**
(P-22889)

---

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| OCT 2 2 2002 | JAN 2 2 2003 | Mary Bollinrake |

*This summons is invalid unless served on or before its expiration date.

---

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
· The action ☐ remains ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 00-08794-N1 | Donald A. Johnston | |

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _non previously_. _____ Court.
The action ☐ remains ☒ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| | |

Place where action arose or business conducted
in the circuit court Kent in front of the jury.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date  10-22-02

Signature of attorney/plaintiff

If you require special accommodations to use the court because of disabilities, contact the court immediately to make arrangements.

MCR 3.2(

**Rec'd & Filed**

OCT **2 2** 2002

**Kent County Clerk**

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

RASHID A JAHM
                Plaintiff,

V

CITY OF WALKER, a Michigan Municipal
Corporation.
Craig Noland
           Defendant,

O2- 10523 -N1

**DENNIS B. LEIBER**
**(P-22682)**

SMITH,HAUGHEY, RICE & ROEGGE
Craig Noland Attorney
200 Calder Plaza Building
250 Monroe,NW
Grand Rapids, MI 49503-2251
(616) 774-8000

### SUMMON and Complain

Here come Rashid Jahm filing law suit against Walker Muncipal Corp and Craig Noland.
plaintiff request to Honorable court to find both to bring them to justice. which have been
both liable for the injuries to plaintiff..Walker muncipal is liable because plaintiff was injure
in the car accident on 31 Oct, 1999 on Alpine ave and three mile road.Mr E. Kars was the
driver and employ of the Walker muncipal ,Walker Muncipal was the owner of the car.Mr.
E. Kars admit that he did not apply the break and mention dont know the reason why he
did not use the breaks. on this statement. Walker Muncipal is the liable tort, stric Liability
Claim and Craig Noland have master mind the case to his advantage for making over
$74000 and falsified ,tamper the picture,defamation and violating the 14 ammendment of
the constitution which cause plaintiff unrecoverable harm. Mentioning 911, mentioning
about my disability and Pakistan which were intentional harm and degrading, malicious
statment, libeious, slander per se, violation of privacy and violation of protected order.
I request for the damages which already have been file1,500,000., plus recovery of
humaliation, defamation. Which ever justice find appropreate for the demages under the
constitution.

Evidence are so strong and proveable that Mr. E. Kars was not wearing the Eye Glasses.
clear that It is mater of law to grant a new trial. MCR 2.116 (C)(8)
under this violation by Craig Noland. Law make him equaly liable for injury to plaintiff.
and plaintiff request to Honorable court to review the transcript by US federal prosecuter.

MCL 600.2925a, MCL 600.2925a(2) MCL 600.2957(1), MCL 600.6304(1), MCL
600.6304(4)

MCL 600.2925a, MCL 600.6304

Respectfully

Rashid Jahm    10-22-02

3009 Eastern SE APT 303E

Grand Rapids MI. 49508

616-559-6185

TATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

RASHID A JAHM

Plaintiff,

V

CITY OF WALK, a Michigan Municipal
Corporation

Defendant,

SMITH,HAUGHEY, RICE & ROEGGE
Craig R, Noland (p30717)
Attorney for defendant
200 Calder Plaza Building
250 Monroe,NW
Grand Rapids, MI 49503-2251
(616) 774-8000

TORT CLAIM ACT- STRICT LIABILITY ( Ultra hazardous Activity )

Law suit is being brought against the walker police dept, the evidence clearly indicates
( As mention below ) that such a remedy is necessary to preserve the rights of the plaintiff.

Here come Rashid Jahm bring law suit against the municipal walker police. An uncommon
activity of their employ, The trial witness stand admitting he didn't apply break mentioning
in his own words, not know the reason why he did not use the break. That alone give the
rise to Strict Liability. Under Michigan law, the owner of a motor vehicle involved in a motor
vehicle accident, can be held responsible for non-economic damages suffered by an injured
party. Like most states, Michigan has an "Owners Liability Law" which imposes liability on the
owner of the motor vehicle. Which cause close head injury and documented nerve damage
including facet and cervical and TMJ, .spinal dysfunction and impairment of brain, functional part
Which are all documented. Liability of Foreseeable Risk. Whose consequences a person of
ordinary prudence would reasonably expect might occur as a result of his action. for a trained
police officer that was within the scope of  foreseeable risk, breach in Tort Law . that is question
of his proper training and his health condition to keep him for this job, question of if the car was
drive able, and if he went through all required test which necessary to have him for this
responsible position
substitute domestic services, loss of employment and loss of business or employment
opportunities. Provision of M. C.L, 691.1405.
Non-economic damages means subjective losses including but not limited to , pain,
suffering, inconvenience, mental anguish and suffering emotional distress, loss of society
and companionship, loss of consortium, injury to reputation and humiliation during trial
attacking of Mr. Craig Noland mention in his own words quotes ( I know I am boring you
by picking on plaintiff ) that was clearly irrelevant to case that wanton and intentional and
know the law protected order from the court , he still attack on me even judge told him
about 911 and me being from Pakistan and disability absolutely intentional and joking on
my close head injury and disregarding my Doctors documented and even his

own sychologist mention impairment of mental functions of plaintiff he still mention did not trust on the medical document .Mr. Craig Noland also mention about my divorce which was not related to this my injury case. That was clearly invasion of privacy.

City of walker police claim they properly train police officer but Mr Kars was not trained properly when he can violate provision M.C.L.A 257.627(1) M.C.L.A 257.626 M.C.L.A 257626 (b) MCLA 257.603(c)(2) MCLA 257.653(b)(2) MCLA 257.603(c)(2) MCLA 257.603(b)(2) walker police is responsible for whole activity of the police officer for causing the injury to plaintiff In all not to limited any impairment that may arise from this accident in future including Mr. Craig Noland personally who has master mind the whole case to with conspiracy who might be involved with not limited.

The facts on which an expert witness relied in formulating his opinion must have been reliable. To ascertain whether the underlying facts were sufficiently reliable, a court must determine whether the proposed testimony was derived from recognized scientific knowledge, in that it contains inferences or assertions the source of which rests on the application of scientific methods, and the inferences or assertions must be supported by

 appropriate objective and independent validation. However, the subject of the testimony need not be known to a certainty; if the basic methodology and principles employed to reach the conclusion are sound, the testimony is admissible . This article appeared in the February 21, 2001 issue of The Risk Journal, a membership publication of the Michigan Municipal Risk Management Authority.
A Chinese sage once said: "If language is not used correctly, then what is said is not meant; if what is said is not meant, then what ought to be done remains undone; if this remains undone, morals and art wilt be corrupted; if morals and art are corrupted, justice will go astray and the people will stand about in helpless confusion.

When it comes to police pursuit liability, Michigan local government has been in a state of "helpless confusion" for many years. On July 18, 2000, however, the Michigan Supreme Court, in a consolidation of several police pursuit cases, issued a decision that will have a significant impact on law enforcement liability. The new ruling should relieve the helpless confusion that has prevailed since 1983, beginning with the Michigan Supreme Court decision in Fiser v Ann Arbor

Fiser v Ann Arbor

In  Fiser, the Court held that a police officer's decision to engage in a chase constituted operation" of the motor vehicle. This made it possible to impose liability on the police department when a fleeing felon's vehicle collided with an innocent victim's car, even when the car had no contact or relationship with the police cruiser. The Fiser ruling established that in police chases, the question of whether the police were "a proximate cause" of an accident was a matter of fact to be determined by a jury.

The decision was a thorn in the side of MMRMA for many years. Juries, sympathetic to injury victims and constrained to apply  Fiser, too often gave generous judgments to plaintiffs based on the case. MMRMA's long-held position has been that Fiser was not

applicable in most pursuit cases because
both the police officers and the governments they serve are protected by governmental
immunity. The 1986 Tort Reform Act supported this contention by extending
governmental immunity to individuals performing governmental functions as long as the
individuals were not grossly negligent. The law stipulates five exceptions to governmental
immunity, one of which is the negligent operation of a motor vehicle.

It has been MMRMA's contention that the law's intent was that the negligent operation of
a motor vehicle applied only to government vehicles driven by government employees, and
not to vehicles driven by others involved in police chases.

Nevertheless, judges deferred to Fiser over the years because it came from the Michigan
Supreme Court. MMRMA has worked hard and long to narrow and eventually overturn
Fiser

There is no Governmental immunity when innocence life is in danger by the police.
Police first report drawing don't show any two cars on left side lanes, blocking his vision.

He was going left side how come he can not see to the left side when he is turning left side
through intersection it was hard to see on the right side when you turning left side,

 That is clearly a fabricated story.

When interrogatories were directed to Mr. Craig Noland about the originality of the
picture providing the real picture of the scene He disregard the provision of MCR 2.309
And MCR 3.10, MCR 2.310.

His own female witness she did not hear the siren she claim when defendant pass through
along side that show there was no siren and emergency light.

Robinson v City of Detroit

At long last comes  Robinson, a new Supreme Court decision that overturns Fiser In
Robinson, the Court stated that there could be liability against the police department only
when the police vehicle directly struck the innocent victim's car or in the alternative, struck
or physically forced the fleeing felon's car or another object into the innocent victim's car.
Because this change is not new legislation but rather the Court's discovery of the "true
meaning" of prior legislation, it has immediate effect and will apply to all pending police
pursuit cases.

This new interpretation does away with the burdensome legal fiction that a police officer is
responsible for the acts of the fleeing felon in the course of a chase.

What's in a Word?

In Robinson, the Court also considered the responsibility of the individual police officer.
Although liability against the public entity is limited to certain exceptions, there can be

liability against an individual employee in a wide variety of cases if that employee is grossly negligent. The statutory provision that creates this liability for the public employee, in addition to requiring gross negligence, requires that the negligence be "the proximate cause" of the plaintiff's damages.

Alas, there has been considerable dispute over what constitutes "the proximate cause." In 1994, the Michigan Supreme Court stunned municipalities when it held, in Dedes v Asch that there was really not that much difference between the words "a" and "the." Despite the fact that the Legislature used the phrase "the proximate cause," the Court saw fit to make the original phrase interchangeable with "a proximate cause." The result has been akin to "helpless confusion.

Enter the Strict Textualists.

The current Supreme Court majority believes that it is constitutionally bound to administer the language of the Legislature if it is written clearly. Further, the justices preclude themselves from substituting their judgment for that of the Legislature if the Legislature selects ambiguous language. The Court rejected the prior finding in Dedes, which was premised on "Legislative befuddlement"- the belief that the Legislature did not understand the English language. Starting instead with the presumption that the Legislature was not, as charged, befuddled and that the statute is grammatically sound, the Court in Robinson ruled that the law should be administered based on the words selected y the lawmakers.

Thus, the Court overturned Dedes and held that "a" is not equal to "the" and that henceforth, to be liable, a public employee must be "the" proximate cause of the injury suffered by the plaintiff. The Court's analysis was in the context of the police officer involved in a chase, but has broader implications that may extend to any public employee in any situation. MMRMA will continue to monitor the impact of this decision on other litigated matters.

In the meantime, we remain mindful of Mark Twain's observation: "A powerful agent is the right word.

## Government Immunity

There was a time when citizens could not sue the government for torts committed by government employees. This immunity has been largely waived by the federal and state governments. The state and federal government is now liable for the torts of its employers to the same extent as private employers. However, there are limits. For example, there is no duty of care concerning how the state exercises its discretionary power to enforce the law. that the government owed him or her a special duty, above that owed to the public at large, will he or she prevail in a tort suit against the government.
failure to provide adequate instructions for the use of the product

## Negligence

The majority of personal injury lawsuits in Florida are brought under a theory of negligence. **Negligence** has to do with how careful a person was when he or she caused an injury, and how careful, according to the law, he or she should have been. There are four requirements to proving negligence. A plaintiff must show (1) the defendant had a duty to conform to a certain standard of conduct to protect others from unreasonable risk; (2) the defendant breached that duty; (3) the defendant's breach was the proximate cause of the plaintiff's injury; and (4) the plaintiff suffered an injury.

In general, the law imposes a duty on everyone to behave at least as carefully as I hold that the police owe a duty to innocent passengers like me who are going to work and get hurt by police and police owe duty to civilian for their safety . Statutes governing operation of the emergency vehicles  MCL 257 603(3)(c) Authorizes emergency vehicles to exceed prima facie speed limits,  MSA 9 2332 exempts police officers from speed limits but does not exempt the police from the consequences of a reckless disregard of safety of others futher ,  MCL 257 653 . MSA 9 2353,  Specifically States that the statutes dose not relieve of the driver of  an authorized emergency vehicle from the duty to drive with due regard for the safety of persons using the highway. the statutory references endangering life and the safety of others demonstrate that the legislature has placed a duty upon police officer toward innocent persons


 [MCL 691.1405; MSA 3.996(105).] goverment  agencies are liable for bodily injury and property damage resulting from the negligent operation by police officer, of a motor vehicle of which the Gove mental agency is owner

That make clearly Gross negligence when Police officer E Karr testified in the witness stand that he did not apply the break and he answer that he do not know why he did not apply the break. That is question of investigation if he was in perfect and normal condition to be on job for safety of the public.

As Honorable Judge Johnston write in his words.

Question is If the defendant did use due care and use precaution when he inter the intersection.? Mater of fact he did not use the precaution.

A reasonable, ordinary, prudent person in a similar situation this is known as the **reasonable person standard**. A defendant's actions must fall short of the reasonable person standard in order for the defendant to be found

negligent.

DE BENE ESSE, is a conditional appearance that can not be introduced in evidence if the plaintiff is available in the trial. There was not any legal reason to show to jury. That was violation of the law and statute.

1  If the camera was in the car
2  If he was fit for the job
3  If he has the perfect vision
4  If he was emotionally stable
5  If the car was drive able condition
6  If he was train up to date police dept following rules for the safety for the public.
7  If he was wearing eye Glasses_

DATED:10-18-02                          Respectfully

                                        Rashid Jahm          10--22-02
                                        3009 Eastern SE APT 303E
                                        Grand Rapids, MI.49508
                                        (616) 559-6185

Rashid Jahm v Dennis D. Lieber, et. al.
United States District Court – District of Massachusetts
05-11638-JLT

# Affidavit-Exhibit 12
# Defendant Noland's Motion for Summary
# Disposition of Dismissal and/or to Strike

STATE OF MICHIGAN

THE CIRCUIT COURT FOR THE COUNTY OF KENT

RASHID JAHM,

    Plaintiff,         Case No. 02-10523-NI

v               HON. DENNIS B. LEIBER

CITY OF WALKER, a Michigan
Municipal Corporation, and
CRAIG NOLAND,

    Defendants.

_____

| | |
|---|---|
| Rashid Jahm | Thomas F. Blackwell (P10856) |
| In Pro Per | Attorney for Defendant Craig Noland |
| 3009 Eastern S.E., Apt. 303E | 200 Calder Plaza Bldg. |
| Grand Rapids, MI 49508 | 250 Monroe N.W. |
| (616) 559-6185 | Grand Rapids, MI 49503-2251 |

_____

## DEFENDANT NOLAND'S MOTION FOR SUMMARY DISPOSITION OF DISMISSAL AND/OR TO STRIKE

   Craig Noland, defendant, moves for summary disposition of plaintiff's "SUMMON and Complain" (sic) and "TORT CLAIM ACT - STRICT LIABILITY (Ultra hazardous Activity)" (sic) served upon him with Summons issued October 22, 2002.

   Plaintiff's claims against the defendant Noland should be dismissed pursuant to MCR 2.116(C)(8) because they arise from and relate to defendant's representation of the City of Walker and Eugene E. Kars as defendants in a case brought by plaintiff in this Court under Case No. 00-8794-NI. As the attorney for plaintiff's adversaries in litigation defendant:

1.    owed no actionable legal duty to plaintiff;

2.    enjoys absolute judicial immunity to claims for defamation with respect to his conduct in the underlying case;

3.    acted as a private individual and, therefore, is not subject to civil action for alleged constitutional violations; and,

4.    can not be held liable for alleged civil conspiracy.

To the extent that plaintiff's filings fail to state with the specificity required by MCR 2.111(B)(1) that his complaints arise from and relate in their entirety to Case No. 00-8794-NI, defendant moves for summary disposition of dismissal pursuant to MCR 2.116(C)(10). Furthermore, pursuant to MRE 201 defendant requests that the Court take judicial notice of papers and proceedings in Case No. 00-8794-NI.

Plaintiff's claims against the defendant Noland predicated on alleged violation of the July 17, 2001, Confidentiality Protective Order in Case No. 00-8794-NI (a copy of which is Exhibit A to this Motion) should be dismissed pursuant to MCR 2.116(C)(10). This is because the two executory provisions of the Order do not, but their terms, apply to the trial conduct of which plaintiff appears to complain.

1.    Paragraph 4 of the Order says that "confidential information * * * produced in this case shall not be used or disclosed to any person except for purposes of this case * * *";

2.    Paragraph 6 of the Order says that within sixty (60) days after the conclusion of this case * * * all originals and reproductions of discovery materials containing confidential information produced by the parties * * * shall, at the discretion of the producing party's counsel, be either returned to the producing party's counsel or destroyed by the receiving party's counsel."

2

Alternatively, and only in the event that all of plaintiff's filings and claims against the defendant Noland are not dismissed in their entirety under MCR 2.116(C)(8) and (10), defendant moves that plaintiff's pleadings be struck pursuant to MCR 2.115(B). This is on the ground that they are not drawn in conformity with the applicable Rules of Court.

This Motion is supported by the appended Exhibit A and by defendant's Brief filed and served herewith.

Dated: November 19, 2002

Thomas F. Blackwell (P10856)
Attorney for Defendant Craig Noland
250 Monroe, N.W., Suite 200
Grand Rapids, MI 49503
(616) 774-8000

3

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

RASHID A. JAHM,

              Plaintiff,

v.

CITY OF WALKER, a Michigan Municipal
Corporation and EUGENE E. KARS,

           Defendants.

_____/

FILE NO. 00-08794-NI

HON. DONALD A. JOHNSTON

BRANSDORFER & RUSSELL, LLP
Stephen C. Bransdorfer (P11133)
George L. McCargar, III (P45588)
Attorneys for Plaintiff
161 Ottawa Ave. NW
Suite 411-S
Grand Rapids, MI 49503-2705
(616) 774-8422
_____/

SMITH, HAUGHEY, RICE & ROEGGE
Craig R. Noland (P30717)
Attorneys for Defendants
200 Calder Plaza Building
250 Monroe, NW
Grand Rapids, MI 49503-2251
(616) 774-8000

## CONFIDENTIALITY PROTECTIVE ORDER

At a session of said Court held in the Hall of Justice
City of Grand Rapids, Kent County, Michigan
on this _____ 17th _____ day of July, 2001.

Present:      Hon Donald A. Johnston
                Circuit Court Judge

This matter having come on for hearing upon Plaintiff's Motion for Protective Order, counsel for the parties having appeared in open court, and the Court having heard the arguments of counsel and being fully apprised;

**NOW, THEREFORE, IT IS ORDERED;** a Confidentiality Protective Order shall be entered as follows:

1.     This Protective Order governs the use and disclosure of "discovery materials" containing a party's confidential information produced and to be produced in this case.

2.     "Discovery materials" include documents, interrogatory answers, responses to requests for admission, responses to requests for production, deposition transcripts, deposition

exhibits and other written, recorded or graphic materials produced by or obtained from any party or non-party which contain confidential information.

3.     "Discovery materials" containing confidential information shall include materials concerning a party's medical information, financial information, education and employment information, including, but not limited to, a party's medical records, income tax returns, education and employment records.

4.     All discovery materials governed by this Order which contain confidential information that are produced in this case shall not be used or disclosed to any person except for the purposes of this case and for no other purpose.

5.     Income tax returns of Plaintiff and such other specific discovery materials designated by further Order of the Court shall be disposed of in accordance with paragraph 6 of the within Order.

6.     Within sixty (60) days after the conclusion of this case (whether by settlement, dismissal, or final judgment) all originals and reproductions of discovery materials containing confidential information produced by the parties, along with any summaries or extracts from such materials, whether set down by handwriting, typewriting, printing, photocopying, photostatting, magnetic impulse, mechanical or electronic recording, or any other form of compilation of data, shall, at the discretion of the producing party's counsel, be either returned to the producing party's counsel or destroyed by the receiving party's counsel. In the event counsel for the producing party requests that counsel for the receiving party destroy originals and reproductions of all such discovery materials, along with any summaries or extracts of such materials, counsel for the receiving party shall certify within said sixty (60) day time period that such discovery materials have been destroyed.

7.     All persons to whom confidential discovery materials are disclosed shall be subject to the jurisdiction of this Court for purposes of enforcing this Protective Order. This Protective Order shall continue to be binding after the conclusion of this case, and this Court reserves

jurisdiction over all persons to whom such materials or information were disclosed for purposes of enforcing this Order.

**DONALD A. JOHNSTON**

Honorable Donald A. Johnston
Circuit Court Judge

Examined, Countersigned and Entered

ATTEST A TRUE COPY

Deputy Court Clerk

Deputy Court Clerk

Approved for entry as to form:

Stephen C. Bransdorfer  (P11133)
Attorney for Plaintiff

Craig Noland    (P30717)
Attorney for Defendants

Rashid Jahm v Dennis D. Lieber, et. al.
United States District Court – District of Massachusetts
05-11638-JLT

# Affidavit-Exhibit 13
# Brief in Support of Defendant Noland's Motion for Summary Disposition of Dismissal and/or to Strike

STATE OF MICHIGAN

THE CIRCUIT COURT FOR THE COUNTY OF KENT

RASHID JAHM,

          Plaintiff,

v

CITY OF WALKER, a Michigan
Municipal Corporation, and
CRAIG NOLAND,

          Defendants.

Case No. 02-10523-NI

HON. DENNIS B. LEIBER

---

Rashid Jahm
In Pro Per
3009 Eastern S.E., Apt. 303E
Grand Rapids, MI 49508
(616) 559-6185

Thomas F. Blackwell (P10856)
Attorney for Defendant Craig Noland
200 Calder Plaza Bldg.
250 Monroe N.W.
Grand Rapids, MI 49503-2251

---

## BRIEF IN SUPPORT OF DEFENDANT NOLAND'S
## MOTION FOR SUMMARY DISPOSITION OF DISMISSAL AND/OR TO STRIKE

### INTRODUCTION

Rashid A. Jahm, the plaintiff in this case, is also the plaintiff and appellant in Case No. 00-8794-NI, sub nom. Rashid A. Jahm v City of Walker and Eugene E. Kars.

Case No. 00-8794-NI was tried before the Court from August 21 to September 9, 2002. It ended with a jury verdict in favor of the defendants City and Kars. The Court entered Judgment on the verdict on October 4, 2002.

On October 16, 2002, defendants City and Kars filed a Motion in Case No. 00-8794-NI for Entry of Further Judgment Order Requiring Plaintiff to Pay Defendants' Case Evaluation Sanctions

and Actual Costs.  At page 6 of the Brief in Support of Motion the amount sought is specified.

It is $74,422.53

By the time the Motion for sanctions and costs was filed plaintiff's attorney had withdrawn

from Case No. 00-8794-NI.  Plaintiff, pro se, appealed on October 23, 2002.

Craig R. Noland, named with the City of Walker as a defendant in this case, acted as

attorney of record and trial counsel for the City and Officer Kars in Case No. 00-8794-NI.  Cf.,

Motion-Exhibit A.  This is implied by, but not explicit in, plaintiff's papers entitled "SUMMON and

Complain" (sic) and "TORT CLAIM ACT - STRICT LIABILITY (Ultra hazardous Activity)" (sic)

which are attached to the Summons issued by the Court on October 22, 2002.[1]

The "SUMMON and Complain" alleges in its first paragraph that Mr. Noland, implicitly as

counsel opposing the plaintiff in Case No. 00-8794-NI:

> 1.    "master mind(ed) the case to his advantage for making over
>       $74,000" (presumably by filing the Motion for Sanctions and
>       Costs); and,
>
> 2.    "falsified, tamper the picture and defam(ed)" the plaintiff.  This
>       was allegedly accomplished by "[m]entioning 911 (sic),
>       mentioning about my disability and Pakistan which were
>       intentional harm and degrading, malicious statement, libelous,
>       slander per se, violation of privacy and violation of protected
>       (sic) order."[2]

---

[1]For reasons including that plaintiff's papers do not contain
the "statement of the facts, without repetition, on which the
pleader relies in stating the cause of action, with the specific
allegations necessary reasonably to inform the adverse party of the
nature of the claims the adverse party is called on to defend"
required by MCR 2.111(B)(1), the defendant's present motion is
brought alternatively as a motion to strike under MCR 2.115(B).

[2]As stated in his Motion, defendant infers that the "protected
order" plaintiff refers to is, in fact, the Court's July 17, 2001,
Confidentiality Protective Order in Case No. 00-8794-NI (Motion-
Exhibit A).  For the reasons stated in the Motion, the express

2

The first paragraph also contains a claim of "violating the 14 ammendment (sic) of the constitution which cause plaintiff unrecoverable (sic) harm."

In paragraph 2 of the "SUMMON and Complain" the only reference to Mr. Noland is that the "[l]aw make him equally liable for injury to plaintiff."

Plaintiff's paper entitled "TORT CLAIM ACT - STRICT LIABILITY (Ultra hazardous Activity)" refers to Mr. Noland at the bottom of page 1 and the top of page 2. Repeating many of the defamation claims apparently made in the "SUMMON and Complain" plaintiff says:

> * * * [D]uring trial attacking of Mr. Craig Noland mention in his own words quotes (I know I am boring you by picking on plaintiff) that was clearly irrelevant to case that wanton and intentional and know the law protected order from the court, he still attack on me even judge told him about 911 and me being from Pakistan and disability absolutely intentional and joking on my close head injury and disregarding my Doctors documented and even his own sychologist (sic) mention impairment of mental functions of plaintiff he still mention did not trust on the medical document. Mr. Craig Noland also mention about my divorce which was not related to this my injury case. That was clearly invasion of privacy.

After this, plaintiff's second paper makes only two isolated references to the defendant Noland.

The first is in the last two lines of the first full paragraph on page 2: "Mr. Craig Noland personally who has master mind the whole case to with conspiracy who might be involved with not limited" (sic).

---

terms of the Order do not relate to the trial conduct of which plaintiff complains. Moreover, with respect to paragraph 6 of the Order, Case No. 00-8794-NI was appealed by plaintiff and has not, therefore, come to "conclusion". Therefore, this aspect of plaintiff's claim and of defendant's Motion will not be briefed or further discussed.

3

The second is in the sixth paragraph on page 3: "When interrogatories were directed to Mr. Craig Noland about the originality of the picture providing a real picture of the scene [h]e disregard the provisions of MCR 2.309 [a]nd MCR 3.10 (sic), MCR 2.310."

The defendant Noland's first pleading in response to plaintiff's allegations is a Motion for Summary Disposition of Dismissal and/or to Strike. This Brief is filed in support of that Motion.

## LAW AND ARGUMENT

### I.    Defendant Noland, as the attorney for plaintiff's adversaries in litigation, owed no actionable legal duty to plaintiff.

Plaintiff's pleadings fail to state a cause of action against the defendant Noland within the meaning of MCR 2.116(C)(8). This is because Mr. Noland, as the attorney for plaintiff's adversaries in Case No. 00-8794-NI, owned no actionable duty to plaintiff.

> * * * We agree with the circuit judge and the Court of Appeals that an attorney owes no actionable duty to an adverse party. Friedman v Dozorc, 412 Mich 1, 20 (1981).

The plaintiff in Friedman v Dozorc, supra., was a physician whom the defendants had sued for medical malpractice. After a directed verdict for Friedman in the professional negligence case, he sued the attorneys who had represented the wrongful death plaintiff against him. Dr. Friedman claimed that he and his medical practice had been damaged by the attorneys' negligent, malicious and abusive suit filing.

Affirming the dismissal of Friedman's negligence claim, the Supreme Court recognized that the "creation of a duty in favor of an adversary of the attorney's client would create an unacceptable conflict of interest which would seriously hamper an attorney's effectiveness as

4

counsel for his clients.  * * * the adversary's interests (would) interfere with the client's interests

* * *."  412 Mich at 24-25.

The Supreme Court thus recognized that the duty to an adverse party, which plaintiff seeks

to establish and enforce in this case, runs counter to two bedrocks of the adversarial legal system:

the attorney's duties of loyalty to his client and of zealous advocacy of the client's cause.

With emphasis on the adversarial nature of litigation, the court relied in part on Parnell v

Smart, 66 Cal App 3d 833; 136 Cal Rptr 246 (1977).  In that case the California court held that

a defense attorney, situated similarly to Mr. Noland in Case No. 00-8794-NI, owed no legal duty

to the plaintiff, situated similarly to Mr. Jahm.

> The distinguishing feature of this case is that the defendants occupy
> the position of counselor to the *adverse* party (Farmers) in an *adverse*
> proceeding instituted by the plaintiff.    Defendants were directly
> responsible to their client, Farmers, and were under a duty to
> represent and protect their client's interest against the claim being
> made by plaintiff.  In this role they were duty bound to challenge,
> minimize or, if possible, to defeat the claim being made.  Under these
> circumstances, it is unreasonable to conceive that defendants owed
> some sort of legal duty to plaintiff.  (Emphasis in original.)

412 Mich at 24, quoting 66 Cal App3d at 837-838; 136 Cal Rptr at 248.

Emphasizing further the zealous advocacy required of an attorney in adversary

proceedings, such as Case No. 00-8794-NI, the court cited and quoted Norton v Hines, 49 Cal

App3d 917; 123 Cal Rptr 237 (1975):

> * * * 'The attorney owes a duty to his or her client to present the
> client's case vigarously in a manner as favorable to the client as the
> rules of law and professional ethics demand.'

412 Mich at 24, fn 11.

5

On these bases the Supreme Court agreed with the Tenth Federal Circuit[3] that "[t]he adversary nature of the lawsuit is strongly at odds with this concept (of an attorney owing a duty to his opponent in litigation). The lawyer's duty of care is to his client and to the court." It went on to:

> * * * conclude that the public policy of maintaining a vigorous adversary system outweighs the asserted advantages of due care to an attorney's legal opponent.

412 Mich at 25.

Plaintiff's case against Mr. Noland as the attorney for his adversaries in Case No. 00-8794-NI should and must be dismissed pursuant to MCR 2.116(C)(8). This is because, for lack of any actionable legal duty on defendant's part, plaintiff has failed to state a claim against him.

### II. Defendant Noland, as the attorney for plaintiff's adversaries in litigation, enjoys absolute judicial immunity to claims of defamation with respect to his conduct in the underlying case.

The second reason why plaintiff's pleadings fail to state a cause of action against the defendant Noland within the meaning of MCR 2.116(C)(8) is that he enjoys absolute judicial immunity to claims for defamation.

> * * * [A]n attorney may not be held liable for statements, even though false and malicious, made during the course of a trial, or as a part of a judicial proceeding * * *. Timmis v Bennett, 352 Mich 355, 364 (1958).

---

[3]Quoting Tappen v Agor, 559 F2d 376, 379 (CA 10, 1979).

6

Therefore, even if defendant Noland referred in the trial of Case No. 00-8794-NI to September 11, 2001, to plaintiff's Pakistani origin, to his previous disability claims and to his divorce, as plaintiff alleges, he can not be held civilly liable to plaintiff for defamation. This is true even if the statements were made in discovery, rather than at trial, as implied at page 3 of plaintiff's paper entitled "TORT CLAIM ACT - STRICT LIABILITY (Ultra hazardous Activity).

> * * * The immunity extends to every step in the proceeding and covers anything that may be said in relation to the matter at issue, including pleadings and affidavits. * * * The judicial proceedings privilege should be liberally construed so that participants in judicial proceedings are free to express themselves without fear of retaliation * * *. Couch v Schultz, 193 Mich App 292, 295 (1992).

Where, as here, the "absolute privilege applies, there can be no action for defamation" 193 Mich App 294. Plaintiff's pleadings directed, as they seem to be, at acts which occurred in the litigation of Case No. 00-8794-NI, fail to state a claim on which relief can be granted against the defendant Noland. Plaintiff's case should and must be dismissed pursuant to MCR 2.116(C)(8).[4]

---

[4]In Couch v Schultz, supra., the Court of Appeals affirmed summary disposition of dismissal on grounds of absolute judicial immunity pursuant to MCR 2.116(C)(8). Cf., 193 Mich App at 293.

### III.    Defendant Noland is a private individual.    He is not, therefore, subject to civil action predicated on alleged Constitutional violations.

In the first paragraph of his "SUMMON and Complain" plaintiff asserts that the allegedly

defamatory comments made by the defendant Noland during the trial of Case No. 00-8794-NI

"violat(ed) the 14 ammendment[5](sic) of the constitution which cause plaintiff unrecoverable (sic)

harm."

Nowhere in either of plaintiff's pleadings is it alleged that the defendant Noland is anything

other than a private individual.  Plaintiff, therefore, fails to state a constitutional claim against him.

His case must be dismissed pursuant to MCR 2.116(C)(8) under precedents including Harvey v

Aetna Life Insurance Company, 72 Mich App 285 (1976).[6]

> The proscriptions of the Equal Protection Clause and the Due Process
> Clause only apply to actions of the state and not to private conduct.
> Shelly v Kraemer, 334 US 1; 68 S Ct 836; 92 L Ed 1161 (1948).  * *
> *  The appellant's complaint alleges no state action.    * * *
> Consequently, summary judgment was properly granted."  72 Mich
> App at 287.

---

[5]U.S. Const. Am XIV, § 1 says in the part apparently pertinent
to plaintiff's "SUMMON and Complain" that:

> * * * No State shall make or enforce any law
> which shall abridge the privileges and
> immunities of citizens of the United States; nor
> shall any State deprive any person of life,
> liberty, or property, without due process of
> law; nor deny to any person within its
> jurisdiction the equal protection of the laws"
> (Emphasis added.)

[6]Summary judgment was granted to the defendant Aetna under the
predecessor rule, GCR 1963, 117.2(1).  72 Mich App at 287.

To the extent that either of plaintiff's pleadings is based upon the Fourteenth Amendment

to the United States Constitution, it fails to state a claim against Mr. Noland for his conduct as a

private individual. Plaintiff's case should and must be dismissed under MCR 2.116(C)(8).

### IV.    No claim for civil conspiracy lies against defendant Noland as the attorney for plaintiff's adversaries in litigation.

Plaintiff's second paper entitled "TORT CLAIM ACT - STRICT LIABILITY (Ultra hazardous

Activity)" implies at page 2 a conspiracy claim against the defendant Noland for his litigation of

Case No. 00-8794-NI: "* * * Mr. Craig Noland personally who has master mind(ed) the whole

case to with conspiracy * * * " (sic).

As a claim of alleged conspiracy plaintiff's pleading is legally insufficient because it makes

no factual allegations corresponding to any elements of the tort. It states only conclusions. It

must, therefore, be dismissed pursuant to MCR 2.116(C)(8).

> * * * It is not enough that plaintiff simply asserts a conclusion. Prelesnik v Esquina, 132 Mich App 341; 347 NW2d 226 (1984). Thus the proposed pleading is legally insufficient on its face. Ben P. Fyke & Sons v Gunter Co., 390 Mich 649, 660; 213 NW2d 134 (1973).
>
> We find that the trial court did not abuse its discretion by refusing plaintiff leave to file her third amended complaint containing the conspiracy claim.

Cousineau v Ford Motor Co., 140 Mich App 19, 37-38 (1985).

This rule of general application to pleadings asserting conspiracy is particularly pertinent

to cases where an attorney is, as in this case, apparently alleged to have conspired with a client.

As observed in 1 Mallen & Smith, Legal Malpractice, (5th Ed.558-559 (2000):

> * * * The elements of a claim of conspiracy consist of the participation of two or more persons who agree on an illegal or tortious objective,

9

> resulting in at least one overt act in furtherance of the conspiracy,
> which is the proximate cause of damage to the plaintiff. Thus liability
> as a conspirator requires pleading and proof that the attorney's
> participation involved more than the client's representation. For that
> reason, pleading a conspiracy by a lawyer and client requires factual
> specificity, not mere conclusions.

Contrary to this rule, the clear implication of plaintiff's pleadings is that Mr. Noland's

transactions with the City and Officer Kars and, for that matter, with the plaintiff himself, were

precisely in the course of client representation in Case No. 00-8794-NI.

As the Court of Appeals recognized in dismissing a claim for conspiracy in First Public

Corporation v Parfet, 246 Mich App 182 (2001), principals and agents can not be held liable as

conspirators.

> * * * We hold that the trial court did not err in granting summary
> disposition in favor of Watson on the basis of his agency status. * *
> * Because Watson was acting as an agent of Caledonia, Inc., and no
> other actionable tort is alleged against Watson in an individual
> capacity, the civil conspiracy count also fails. Roche v Blair, 305 Mich
> 608, 613-614; 9 NW2d 861 (1943)[7]; Early Detection Center, P.C. v
> New York Life Ins. Co., 157 Mich App 618; 632; 403 NW2d 830
> (1986).

246 Mich App at 193.

Even more so, as to agents who are attorneys representing their principals as clients:

> The rule is that wrongs attributed to an attorney as the client's agent
> do not support a conspiracy.

5 Mallen & Smith, Legal Malpractice, (5th Ed.) 557 (2000).

---

[7]The decisive issue in Roche v Blair, supra., was the statute
of limitations. Nevertheless, it contains an extensive review of
the law of civil conspiracy in Michigan which is still valid.
Moreover, one of the defendants whose dismissal the Supreme Court
affirmed was "Masters (the) attorney for both corporations." 305
Mich at 610.

Additionally, if plaintiff is held, as he should be, not to have stated against the defendant Noland any cause of action in addition to conspiracy, his conspiracy claim must fail. This is because "* * * [a]n allegation of civil conspiracy, standing alone, is not actionable * * *." Cousineau v Ford Motor Co., 140 Mich App at 37. (Citations omitted.)

Citing Cousineau, the court in Early Detection Center, P.C. v New York Life Insurance Company, supra., said:

> * * * [A] claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable, tort. * * * Therefore, since plaintiffs have failed to state any actionable tort theories in their proposed amended complaint, the conspiracy theory must also fail. * * *

The rule is stated in greater detail in Roche v Blair, supra.

> The law is well established that in a civil action for damages resulting from wrongful acts alleged to have been committed in pursuance of a conspiracy, the gist or gravamen of the action is not the conspiracy but is the wrongful acts causing the damages. The conspiracy standing alone without the commission of acts causing damage would not be actionable. The cause of action does not result from the conspiracy but from the acts done. * * *

305 Mich at 613-614.

To the extent that a claim of civil conspiracy against the defendant Noland is suggested by plaintiff's pleadings, it should and must be summarily dismissed pursuant to MCR 2.116(C)(8). This is because they fail to state a claim of conspiracy for each and all of the reasons stated.

11

### V.    Plaintiff's pleadings are not drawn in conformity with the Rules of Court.

Plaintiff's "SUMMON and Complain" and his TORT CLAIM ACT - STRICT LIABILITY (Ultra hazardous Activity)" are drawn in conformity with few, if any, of the Rules of Court applicable to pleading. They should, therefore, be struck pursuant to MCR 2.115(B).

### Rule 2.115 Motion to Correct or to Strike Pleadings

*    *    *

**(B) Motion to Strike.** On motion by a party or on the court's own initiative, the court may strike from a pleading redundant, immaterial, impertinent, scandalous, or indecent matter, or may strike all or part of a pleading not drawn in conformity with these rules.

However, plaintiff's filings, regardless of compliance with the applicable rules of pleading, obviously fail to state a claim for relief against the defendant Noland. The better course clearly is, therefore, to dismiss plaintiff's claims pursuant to MCR 2.116(C)(8) and (10) for one or all of the reasons stated in defendant's Motion and in preceding parts I through IV.

### CONCLUSION

All of plaintiff's claims against the defendant Craig Noland should be summarily dismissed.

Mr. Noland was the attorney for plaintiff's adversaries in Case No. 00-8794-NI. To the extent that this is not stated in plaintiff's papers in this case, it is established by the Court's file and record of proceedings in Case No. 00-8794-NI.

Whether under MCR 2.116(C)(8) or (10), it is first of all well established in the law that Mr. Noland owed plaintiff no actionable duty. Additionally, he enjoys absolute judicial immunity with respect to plaintiff's defamation claims.

12

Plaintiff has not pled that Mr. Noland acted as other than a private individual in defending his clients in Case No. 00-8794-NI.    Therefore, plaintiff's claims predicated on alleged constitutional violations fail to state a claim.

Finally, plaintiff has not and can not state a claim against the defendant Noland for civil conspiracy.

There is no genuine issue within the meaning of MCR 2.116(C)(10) that the Confidential Protective Order entered by the Court in Case No. 00-8794-NI on July 17, 2001, does not apply to or support plaintiff's claims.

Alternatively, and only to the extent that plaintiff's filings are not summarily dismissed under MCR 2.116(C)(8) and/or (10), they should be struck under MCR 2.115(B).  This is because they are not drawn in conformity with the Rules of Court applicable to pleadings.

Dated: November 19, 2002

Thomas F. Blackwell (P10856)
Attorney for Defendant Craig Noland
250 Monroe, N.W., Suite 200
Grand Rapids, MI  49503
(616) 774-8000

13

Rashid Jahm v Dennis D. Lieber, et. al.
United States District Court – District of Massachusetts
05-11638-JLT

# Affidavit-Exhibit 14
# Opinion and Order dated January 7, 2003

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF KENT
**************************

RASHID JAHM,

      Plaintiff,

v.

CITY OF WALKER, a Michigan Municipal Corporation, and CRAIG NOLAND,

      Defendants.

_____/

Case No.    02-10523-NI

Hon. Dennis B. Leiber

Opinion & Order

To the extent[1] that the Plaintiff alleges claims raised in 00-08794-NI, this Court GRANTS the Defendants' motions for summary disposition because this Court does not have jurisdiction of the cause while it is on appeal. MCR 2.116(C)(4), (6).

To the extent that the Plaintiff alleges claims that could have been raised in 00-08794-NI, this Court GRANTS the Defendants' motions for summary disposition pursuant to basic principles of *res judicata*. In sum, there is not an issue concerning any material fact and, thus, summary disposition of this claim is appropriate. MCR 2.116(C)(10).

To the extent that the Plaintiff alleges claims arising out the Defendant's actions during the representation of his client during the duration of 00-08794-NI, this Court GRANTS the Defendants' motions for summary disposition because counsel does not own "an actionable duty to an adverse party." <u>Friedman v. Dozorc</u>, 412 Mich. 1, 20 (1981). The Plaintiff was such an adverse party. In sum, there is not an issue concerning any material fact and, thus, summary disposition of this claim is appropriate. MCR 2.116(C)(10).

Finally, to the extent that the Plaintiff raises claims of constitutional origin, this Court GRANTS the Defendants' motions for summary judgment. Such claims require a defendant who is a *state actor*. The Defendant is not a *state actor*. In sum, there is not an issue concerning any material fact and, thus, summary disposition of this claim is appropriate. MCR 2.116(C)(10).

*It is so ordered.*

P1672 P60529

---

[1] It is not clear exactly what the Plaintiff is alleging. This Court commends the Defendants for their professionalism in dealing with this matter.

**REC'D & FILED**

JAN 0 7 2003

Dated this 7th day of January, 2003

at Grand Rapids, Kent County, Michigan.

ATTEST: A TRUE COPY

Dennis B. Leiber, Circuit Judge

_____

Deputy County Clerk

2

Rashid Jahm v Dennis D. Lieber, et. al.
United States District Court – District of Massachusetts
05-11638-JLT

# Affidavit-Exhibit 15
# Opinion and Order dated January 14, 2003

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF KENT
****************************

RASHID JAHM,

        Plaintiff,

v.

CITY OF WALKER, a Michigan Municipal Corporation, and CRAIG NOLAND,

        Defendants.

_____/

Case No.    02-10523-NI

Hon. Dennis B. Leiber

Opinion & Order

On or about January 13, 2003, Plaintiff Rashid A. Jahm filed a "motion of summary judgments for strict liability and tort claim, joint and several" against the Defendants. The motion raises the same issues that the Court decided only weeks ago. Therefore, this Court is treating the Plaintiff's motion as a *motion for reconsideration*.

This Court DENIES the Plaintiff's motion. The motion merely raises the same issues that this Court previously ruled on. Therefore, the motion ought to be, and is, hereby DENIED.

*It is so ordered.*

Dated this 14th day of January, 2003

at Grand Rapids, Kent County, Michigan.

Dennis B. Leiber, Circuit Judge

ATTEST: A TRUE COPY

Deputy County Clerk