UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RASHID JAHM,

        Plaintiff, pro se,

v                                       Case No. 05cv11638-JLT

DENNIS D. LIEBER, et al,

        Defendants

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS DEFENDANTS CATHERINE GARCIA-LINDSTROM, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, CITY OF WALKER POLICE DEPARTMENT AND MIDWEST CLAIMS SERVICES, INC., FOR WANT OF JURISDICTION AND IMPROPER VENUE

### INTRODUCTION

This Motion and Brief are brought on behalf of Catherine Garcia-Lindstrom, the City of Walker Police Department ("Garcia-Lindstrom") and Midwest Claims Service, Inc. ("Midwest Claims"), all represented by the undersigned counsel.[1] These Defendants do not have and never have had any contact with the Commonwealth of Massachusetts, and the facts and circumstances alleged by Plaintiff occurred in Michigan and have nothing to do with Massachusetts. Consequently, Garcia-Lindstrom and Midwest Claims ask that this Motion be granted and Plaintiff's case dismissed.

---

[1] With the Court's permission, following an appropriate motion, Mr. Thomas R. Meagher, of the Lansing, Michigan law firm of Foster, Swift, Collins & Smith, P.C., will join Mr. Patrick Dolan as counsel for these Defendants.

## **BACKGROUND FACTS**

Plaintiff allegedly was in a car accident in Michigan in 1999. He allegedly suffered serious injury. The Michigan jury that heard those allegations rendered a defense verdict of no cause of action, and judgment for Defendants thereafter entered. Plaintiff at that point had no recovery on his claims, but instead suffered a judgment in the amount of approximately $75,000 in favor of Defendants, representing fees and costs properly awarded by the Court pursuant to Michigan law. Plaintiff's journey through the Michigan appellate courts regarding the 1999 lawsuit was unsuccessful.

Plaintiff then pursued a second lawsuit in the Circuit Court for the County of Kent, State of Michigan. The Kent County Circuit Court granted Defendants' Motions for Summary Disposition and dismissed the second lawsuit, with prejudice, in January 2003. Plaintiff did not appeal.

Plaintiff next filed this Amended Complaint in November 2005, naming as Defendants many persons and entities, not least the Governor of the State of Michigan. Plaintiff's claims against these moving parties are unclear; yet, no matter the claims, it is beyond dispute that because Garcia-Lindstrom and Midwest Claims, along with all of the Defendants, have no contacts with the Commonwealth of Massachusetts, this Court lacks jurisdiction over these Defendants and, in all events, venue is not properly laid. For these reasons, as next fully explained, Garcia-Lindstrom and Midwest Claims ask that this Motion be granted and Plaintiff's case dismissed.

## FACTS REGARDING JURISDICTION

Exhibit A is the Affidavit of Catherine Garcia-Lindstrom. Exhibit B is the Affidavit of Mr. James Youngblood, President of Midwest Claims Service, Inc. The Affidavits establish that neither these individuals, nor the entities with whom they are associated, has any contacts with the Commonwealth of Massachusetts that could support the exercise of jurisdiction. These Defendants have never been domiciled in Massachusetts. They do not and never have resided there. They do not and never have conducted business there. They do not and never have had any contact with the Plaintiff in the State of Massachusetts. The principal place of business for Midwest Claims Service, Inc. is the City of Auburn Hills, State of Michigan. The principal place of business for the City of Walker and its Police Department are the City of Walker, State of Michigan. See Exhibits A and B.

## FACTS REGARDING VENUE

Plaintiff's Complaint makes clear that all of the Defendants are Michigan individuals and entities; all of the acts complained of occurred in Michigan; and all of the damages alleged arose in Michigan. Likewise, any witnesses that conceivably could be called to support Plaintiff's claims will be residents of Michigan. Nothing about this case implicates in any fashion Massachusetts actors, actions or results. Massachusetts has no interest in the pursuance of this litigation within its boundaries.

## LAW AND ARGUMENT

Plaintiff's claims against the Defendants, apparently, are based on 42 U.S.C. §1983, a federal statute that does not expressly authorize service of summons

and the complaint on Defendants.  In these circumstances, pursuant to Federal Rule of Civil Procedure 4(e), in order to obtain personal jurisdiction in a case of this nature, service "may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located".  See Pike v. Clinton Fish Packing, Inc., 143 F. Supp. 2d 162 (D. Mass. 2001).  Consequently, the law of Massachusetts controls the question of jurisdiction.  Pike, supra.

The relevant "long arm statute", M.G.L. c. 223A, §3, provides that jurisdiction may be established when a claim arises from a person or entity's transaction of any business within the Commonwealth.  This provision cannot be satisfied: Garcia-Lindstrom and Midwest Claims have never transacted any business in Massachusetts.  Likewise, none of the claims alleged arose from the transaction of any business by Garcia-Lindstrom and Midwest Claims in Massachusetts.

Additionally, the exercise of jurisdiction over these Defendants would not comport "with traditional due process requirements of fair play and substantial justice", as required for the exercise of jurisdiction under the Massachusetts long-arm statute.  See Turpin v. Mori Seiki, Co., Ltd., 56 F. Supp. 2d 121, 124 (D. Mass. 1999).  Where, as here, Defendants have no contact whatever with the forum, and none of the conduct or consequences alleged arose within the forum, fair play dictates that any litigation occur in some forum other than Massachusetts and in particular in these facts, in Michigan.  Substantial justice will be served only if these claims are pursued in Michigan, particularly where, as here, the Commonwealth of Massachusetts has no interest in the pursuance or resolution of this dispute.  See, for example, Pike, supra,

4

establishing that where the claim does not arise out of Defendants' forum state activities, Defendants have not purposely availed themselves of any privileges of acting in the forum state, and the exercise of jurisdiction in all the circumstances would not be reasonable, a motion for dismissal for want of personal jurisdiction should be granted. See also, Chlebda v. H. E. Fortna & Brothers, Inc., 609 F. 2d 1022, 1024 (1st Cir. 1979).

Based on the above established facts, and Plaintiff's complete inability to carry his burden to prove sufficient facts to permit this Court's exercise of jurisdiction over these Defendants, this Motion should be granted and Plaintiff's case dismissed with prejudice.

### IN THE ALTERNATIVE, THE CASE SHOULD BE DISMISSED BASED ON IMPROPER VENUE

Plaintiff's selected venue is improper because it does not comport with the requirements of 28 U.S.C. §1391(a) and is properly subject to dismissal pursuant to 28 U.S.C. §1406(a).

### CONCLUSION

Based on the above, Defendants request that this Motion be granted, and Plaintiff's case dismissed with prejudice.

CATHERINE GARCIA-LINDSTROM, CITY OF WALKER POLICE DEPARTMENT and MIDWEST CLAIMS SERVICE, INC.

By      /s/ Patrick Dolan
Dated: January 3, 2006           Patrick Dolan, BBO 564250
                                 Peabody & Arnold LLP
                                 30 Rowes Wharf
                                 Boston, MA  02110
                                 617-951-4724

|  |  |
|---|---|
| | By   /s/ Thomas R. Meagher        |
| Dated: <u>January 3, 2006</u> | Thomas R. Meagher (P32959) |
| | Foster, Smith, Collins & Smith, P.C. |
| | 313 South Washington Square |
| | Lansing, MI  48933 |
| | 517-371-8161 |

PABOS2:PDOLAN:629332_1

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RASHID JAHM, pro se,

    Plaintiff,

CASE NO. 05cv11638-JLT

CATHERINE GARCIA-LINDSTROM, et al,

    Defendants.

### AFFIDAVIT OF CATHERINE GARCIA-LINDSTROM

My name is Catherine Garcia-Lindstrom. I have personal knowledge of the facts set forth below, and am competent to testify to those facts. I attest as follows:

    1.    I am the Chief of Police of the City of Walker Police Department, located in Walker, Michigan. At all times and dates put in issue by the Complaint filed by Rashid Jahm in the case captioned above, I have been the Chief of Police for the Walker Police Department.

    2.    At no time, either as Chief of Police or as an individual, or in any other capacity, have I conducted business in the State of Massachusetts.

    3.    The City of Walker Police Department does not conduct business in the State of Massachusetts, and has never done so.

    4.    In absolutely no sense have I personally or as the Chief of Police for the City of Walker Police Department, had any contact with the Plaintiff, Rashid Jahm, in the State of Massachusetts.

    5.    The principal place of business for the City of Walker Police Department is the City of Walker, State of Michigan.

_1-3-2006_
Date

_Catherine Garcia-Lindstrom_
Catherine Garcia-Lindstrom

_Barb Haynes_
Barb Haynes

BARB HAYNES
Notary Public, Kent County, MI
My Commission Expires July 26, 2007

Signed and sworn to before me in Kent County, Michigan, on this 3rd day of Jan., 2006.

_Barb Haynes_
Notary Public, Kent County, MI

EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RASHID JAHM, pro se,

    Plaintiff,

v                                  CASE NO. 05cv11638-JLT

MIDWEST CLAIMS SERVICE, et al

    Defendants.

### AFFIDAVIT OF JAMES YOUNGBLOOD

    My name is James Youngblood. I have personal knowledge of the facts set forth below, and am competent to testify to those facts. I attest as follows:

    1.    I am the President of Midwest Claims Service, Inc. At all times and dates put in issue by the Complaint filed by Rashid Jahm in the case captioned above, I have been the President of Midwest Claims Service, Inc.

    2.    At no time have I conducted business in the state of Massachusetts.

    3.    Midwest Claims Service, Inc. does not conduct business in the state of Massachusetts, and never has done so.

    4.    In absolutely no sense have I, as President of Midwest Claims Service, Inc., had any contact with the Plaintiff, Rashid Jahm, in the state of Massachusetts.

5. The principal place of business for Midwest Claims Service, Inc. is the City of Auburn Hills, State of Michigan.

*James Youngblood*

Subscribed and sworn to before me this 28th day of December, 2005.

*Sharon L. DePriest*
Notary Public
County of Oakland, Michigan
Acting in _____ County
My commission expires: _____

SHARON L. DePRIEST
Notary Public, Oakland County, Michigan
My Commission Expires March 28, 2007

S:\161\rashid\affidavit.youngblood.wpd

2