UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**RASHID JAHM,**

    Plaintiff,

v

**DENNIS B. LEIBER, ET AL**

    Defendants.

_____/

CASE NO. 05-CV-11638-JLT

| | |
|---|---|
| Rashid Jahm<br>In Pro Per<br>49 Hallenan Ave.<br>Lawrence, MA 01841<br>(978) 258-9419 | George L. McCargar, III (P45588)<br>In Pro Per<br>161 Ottawa Ave. NW Ste 411-S<br>Grand Rapids, MI 49503<br>(616) 774-8422 |

_____/

### DEFENDANT GEORGE L. McCARGAR'S MOTION
### TO DISMISS UNDER RULE 12(b)

Pursuant to Fed R. Civ. P. 12(b), Defendant George L. McCargar, III ("McCargar") moves for entry of an order dismissing the above captioned case. In support he states as follows:

    1.    This Court lacks jurisdiction over the subject matter and over Defendant McCargar. Fed. R. Civ. P. 12(b)(1), (2). At all times relevant to the allegations made in the complaint, McCargar was (and is) an associate of a private law firm. As such, he was (and is) an individual and not acting "under color of law" or state statute. Accordingly, to the extent the complaint alleges that McCargar violated 42 U.S.C. §1983, Plaintiff's claims must be dismissed with respect to McCargar because state action in a section 1983 claim is a jurisdictional requirement.

2. The complaint fails to state a claim against McCargar upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). As set forth above, at all times relevant to the allegations in the complaint, McCargar was an individual and not acting under color of state law. Accordingly, Plaintiff's claims under 42 U.S.C. 1983 are not applicable to McCargar. Furthermore, to the extent federal claims are being made under 42 U.S.C. 1985, the allegations are completely conclusory and fail to allege that the conduct complained of resulted from an invidiously discriminatory class-based animus. The complaint states no factual basis for any federal claims with respect to McCargar and must be dismissed for failure to state a claim upon which relief can be granted.

3. Alternatively, in the event this action is not dismissed for the reasons set forth at paragraphs 1 and 2 above, venue is improper in this Court. Fed. R. Civ. P. 12(b)(3). Although it is difficult to ascertain the exact nature of Plaintiff's claims, all of the events or omissions which appear to give rise to the complaint occurred in the Western District of Michigan. Moreover, all of the Defendants named in the complaint reside in the State of Michigan or have sufficient contacts with the State of Michigan such that venue is proper in the Western District of Michigan.

4. McCargar is an individual residing in the State of Michigan and is not subject to service of process within the District of Massachusetts. Furthermore, Plaintiff has failed to comply with Fed. R. Civ. P. 4(c) and (e) in that: a) no summons was served with the purported complaint; and b) service of the complaint was not made pursuant to the law of the State of Michigan, nor was a copy of the complaint personally served on McCargar. Accordingly, this action must be dismissed for insufficiency of service of process. Fed. R. Civ. P. 12(b)(5).

5. In further support of this motion to dismiss under Rule 12(b), McCargar relies on the facts, law and argument set forth in the brief supporting this motion which is being filed concurrently herewith.

6.  Accordingly, for the reasons summarized above and as more fully explained in the brief accompanying this motion, Defendant McCargar respectfully requests entry of an order dismissing the above captioned case.

Date: 1/3/06

/s/ George L. McCargar
George L. McCargar, III (P45588)
Russell & McCargar, LLP
161 Ottawa, N.W., Ste. 411-S
Grand Rapids, Michigan 49503
(616) 774-8422