UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**RASHID JAHM,**

    Plaintiff,

v

**DENNIS D. LEIBER, ET AL.**

    Defendants.

_____/

CASE NO. 05-CV-11638-JLT

| | |
|---|---|
| Rashid Jahm<br>In Pro Per<br>49 Hallenan Ave.<br>Lawrence, MA 01841<br>(978) 258-9419 | George L. McCargar, III (P45588)<br>In Pro Per<br>161 Ottawa Ave. NW  Ste 411-S<br>Grand Rapids, MI 49503<br>(616) 774-8422 |

_____/

### DEFENDANT GEORGE L. McCARGAR'S MOTION FOR JUDGMENT UNDER RULE 12(c)

Pursuant to Fed. R. Civ. P. 12(c), Defendant George L. McCargar, III ("McCargar") moves for entry of an order granting judgment in his favor and against the Plaintiff. In support he states as follows:

1. Plaintiff has filed an incoherent and virtually incomprehensible complaint. Plaintiff appears to be making federal law claims under 42 U.S.C. §1983 and 1985(3). (*See* Complaint at 6.) As fully explained in the brief accompanying this motion, at the time period relevant to Plaintiff's allegations, McCargar was an associate employed by a private law firm. As such, he was (and is) a private individual and not acting "under color of law"; nor was he involved in any state action. Accordingly, the claims made under 42 U.S.C. §1983 are not, and cannot be, applicable to McCargar. Furthermore, although the complaint cites 42 U.S.C 1985,

no factual allegations or cognizable claims are made with respect to McCargar under that statute. Thus, McCargar is entitled to judgment on the pleadings regarding Plaintiff's federal claims.

2.  At page 17 of the complaint, Plaintiff appears to make state law attorney malpractice claims against McCargar arising from an attorney client relationship. The complaint further states at page 17, ¶ 58: "George L. McCarger (sic) (P45588) and Stephen C. Bransdorfer (P11133) was (sic) fired by Plaintiff prior to sep 15th 2002." As fully explained in the brief accompanying this motion, under Michigan law, there is 2 year statute of limitations on attorney malpractice claims. MCL § 600.5805(5). A claim based on attorney malpractice "[a]ccrues at the time [the attorney] discontinues serving the plaintiff in a professional or pseudo professional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL §600.5838(1).

Plaintiff filed his complaint alleging what appears to be state law malpractice claims on November 22, 2005. In that Complaint he states that he "fired" McCargar on September 15, 2002. By Plaintiff's own admission set forth in the complaint, McCargar had discontinued serving Plaintiff as to matters out of which Plaintiff's claims arise more than 2 years before the filing of the complaint. Accordingly, based on allegations stated in the complaint, Plaintiff's state law attorney malpractice claims are barred by the 2 year statute of limitations and McCargar is entitled to judgment on the pleadings.

3.  Accordingly, for the reasons stated above and as more fully set forth in the brief filed concurrently with this motion, McCargar respectfully requests that Judgment be entered in his favor and against Plaintiff, and that this cause of action be dismissed with prejudice regarding all claims made against McCargar.

Date: 1/3/06

George L. McCargar, III (P45588)
Russell & McCargar, LLP
161 Ottawa, N.W., Ste. 411-S
Grand Rapids, Michigan 49503
(616) 774-8422