UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


RASHID JAHM,                                    File No. 05-11638-JLT


            Plaintiff,


    v


DENNIS B. LEIBER, et al.


            Defendants.

_____/

## MOTION FOR SUMMARY JUDGMENT
## ON BEHALF OF DEFENDANTS LEIBER, BUTH
## KELLY AND BREIMAYER
## AND BRIEF IN SUPPORT OF MOTION

NOW COME Defendants Dennis Leiber and George Buth, Mary Kelly and Shawn

Breimayer and, pursuant to Fed. R. Civ. P. 12(b)(6)  and 56,  hereby move this Honorable Court

for summary judgment.  The bases for the Motion are: 1) this Court lacks subject matter

jurisdiction over this case; 2) this Court lacks personal jurisdiction over these Defendants; 3) the

venue of this case is improper; 4) these Defendants are entitled to judicial immunity from suit.

Their Motion is supported by the Brief which follows.

I.    **FACTS**

This case arises from two underlying lawsuits in the Kent County, Michigan Circuit

Court, entitled *Jahm v. City of Walker, File No. 00-08794-NI and File No 02-10523-NI.*

(Hereinafter "8794" and "10523").[1]  The first case was originally assigned to Judge Donald

Johnston, then transferred to Judge Dennis Leiber.  The second case was also assigned to Judge

_____

[1]Kent County, Michigan encompasses the City of Grand Rapids, where the circuit court is
physically located.

Dennis Leiber.  He is one of the Defendants here.  The cases involved an automobile accident between Plaintiff and a police car owned by the City of Walker, a small city outside Grand Rapids, Michigan.  Case No 8794 was tried to a jury.  On September 9, 2002 the jury returned a verdict in favor of the City of Walker. Because Plaintiff had earlier rejected a case evaluation award[2], he was assessed sanctions in the amount of $74,422.53. Plaintiff appealed, but his appeal was dismissed on May 20, 2003 for failure to file the trial transcript.  On January 8, 2004, the Michigan Supreme Court denied leave to appeal.  (Exhibit 1: copy of docket entries)

Plaintiff then filed Case No 10523, *pro se* against the City of Walker and Craig Noland, who defended the City in the earlier case.  (Exhibit 2) The basis for this lawsuit was Plaintiff's claim that Noland violated his rights at trial by: 1) referring to him as a Pakastani; and 2) falsifying photographs that were admitted into evidence.  On January 7, 2003, Judge Leiber entered an Order granting the Defendants' Motion for Summary Disposition on the ground that the claim was *res judicata.* (Exhibit 3)

Defendant Shawn Breimayer is a Certified Court Reporter.  She transcribed the Motion Hearing of October 4, 2002 in Case No. 8794.  That hearing had three essential purposes: 1) to enter Judgment over Plaintiff's objection; 2) to permit the withdrawal of Plaintiff's trial counsel; and 3) to treat Plaintiff's submissions to the Court as a Motion for a New Trial, which Judge Leiber denied.  According to Plaintiff, the fact that Breimayer reported the hearing is proof of some conspiracy.  His own documents contradict his factual allegations about why the October

---

[2]Case evaluation is a pre-trial proceeding used to evaluate cases for settlement.  In the event one of the parties does not accept the case evaluation award, he or she may later be liable for sanctions if the ultimate award at trial is not "more favorable" to that party than the case evaluation award.  The sanctions include the opposing party's attorney fees and costs, incurred since the date of the case evaluation.  See Mich. Ct Rule 2.403.

4th motion hearing was delayed. (See transcript - - Exhibit F- -attached to Plaintiff's Response to Defendant Noland's Motion p 3-4. It was the judge himself who was late for the 8:30 scheduled hearing).

At the time Plaintiff's case was pending, Mary Kelly was a deputy clerk with the Kent County Circuit Court. According to the Plaintiff, she handled some of the court filing in Case No. 8794. Yet, Plaintiff claims that filed documents are missing from the court file. (See Complaint at p 16, ¶51-56.)

At that same time, George Buth was the Chief Judge of the Court. Other than having been the recipient of one of Plaintiff's letters to the State Court Administrative Office concerning the composition of the jury pool, (Exhibit 4) it is unclear why he has become involved in this case. He is not personally mentioned in the Plaintiff's Complaint here.

On December 1, 2005 Mr. Jahm filed this Complaint against many of those involved in his lawsuits against the City of Walker, which he lost. This is precisely the type of case over which this Court has no jurisdiction because, it is essentially an attempted appeal of a state court action. In addition, none of these Defendants has any connection with the Commonwealth of Massachusetts and therefore, cannot be sued there. This Court lacks personal jurisdiction over these Defendants and the venue is improper. Finally, these Defendants are all entitled to absolute judicial immunity for any role they played in Plaintiff's state court lawsuits.

## II.    ARGUMENT

### A.    The Standards for Granting Summary Judgment.

Under Fed. R. Civ. P. 56, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

3

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As with Rule 12(b)(6), the Court is obligated to view all the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)*. To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank, 916 F.2d 337, 342 (6th Cir.1990)*.

Applying this standard, it is impossible for the Plaintiff to prevail against these Defendants here.

### B.    THIS COURT LACKS SUBJECT MATTER JURISDICTION DUE TO THE *ROOKER-FELDMAN* DOCTRINE

The *Rooker-Feldman* doctrine is essentially an abstention doctrine which prohibits a federal claim in the United States District Court stemming from an injury at the hands of a state court. The doctrine comes from the combined decisions in *Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)* and *District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)*. This doctrine concerns the federal district court's subject matter jurisdiction to hear this case because it arises from an earlier adjudication in state court. Congress created a scheme whereby only the United States Supreme Court, on petition for writ of certiorari has jurisdiction to review decisions of the highest state courts.

> In order to determine the applicability of the *Rooker-Feldman* doctrine, the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury alleged resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal courts lack jurisdiction. If

4

the injury alleged is distinct from that judgment, i.e., the party
maintains an injury apart from the loss in state court and not
'inextricably intertwined' with the state judgment. . . res judicata
may apply, but *Rooker-Feldman* does not.

. . .

**The focus upon injury at the hands of a state court is particularly
apparent in cases where the federal plaintiff is actually suing the state
court or state court judges.**
*Garry v. Geils, 82 F.2d 1362 (7th Cir.1996)*(emphasis added)

The reason for the *Rooker-Feldman* doctrine is to give state courts, in the first instance,

the opportunity to properly adjudicate controversies. State appellate courts exist to correct legal,

including constitutional errors by their trial courts. If they do not, then the United States

Supreme Court is a person's last resort. Jahm admits the purpose of this case is to correct the

alleged errors of the Kent County Circuit Court.

More recently, in *Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 Sup Ct 1517*

*(2005),* the Supreme Court clarified that the *Rooker-Feldman* doctrine is confined to cases:

of the kind from which the doctrine acquired its name: cases
brought by state-court losers complaining of injuries caused by
state-court judgments rendered before the district court proceedings
commenced and inviting district court review and rejection of
those judgments.
*Id at 1521-1522.*

The First Circuit explained in *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del*

*Trabajo de Puerto Rico, 410 F.3d 17 (2005)* that the *Rooker-Feldman* doctrine now only applies:

in the limited circumstances where the losing party in state court
filed suit in federal court after the state proceedings ended,
complaining of an injury caused by the state-court judgment and
seeking review and rejection of that judgment.
*410 F.3d at 24.*

Accord: *States Resources Corp v. The Architectural Team, Inc., 2005 U.S. App Lexis 28082*

*(2005).*

This is, of course, that "limited circumstance". Plaintiff filed more than one state court case arising out of his automobile accident with the City of Walker police car. He lost that case and was sanctioned. He is obviously dissatisfied with the results of his state-court cases and he wants this court to review his case under the guise of a violation of constitutional rights. But, if such occurred, that was an issue on appeal for the state courts. In order to prevail here, Jahm must necessarily convince this Court that there are errors related to the state-court judgment in his automobile accident case. His entire suit here is premised on the notion that his injury arose from the failure (from his point of view) of the state-court proceedings. He is clearly complaining of an injury at the hands of the state court, as evidenced by his joinder of two judges, a court reporter and a deputy clerk.

### C.    THESE DEFENDANTS ARE IMMUNE FROM SUIT

In *Pierson v Ray, 386 U.S. 547 (1967)* the Supreme Court again held that:

> Few doctrines were more solidly established at common law than
> the immunity of judges from liability for damages for acts
> committed within their judicial jurisdiction, as this court
> recognized when it adopted the doctrine, in *Bradley v Fisher, 13
> Wall 335 (1872).* This immunity applies even when the judge is
> accused of acting maliciously and corruptly, and it is not for the
> protection or benefit of a malicious or corrupt judge, but for the
> benefit of the public, whose interest it is that the judges should be
> at liberty to exercise their functions with independence and without
> fear of consequences.'
> *386 U.S. at 553-554*

"No immunity doctrine affecting persons is more strongly established than that of judicial immunity." *Kurz v State of Michigan, 548 F.2d 172, 174 (6th Cir.1977).* This immunity from suit applies whether the relief sought is money damages, declaratory or injunctive relief. *Schorn v*

*Larose*, 829 F Supp 215 (E.D. Mich.1993). see also *Alia* v *Michigan Supreme Court*, 906 F.2d 1100, 1102 (6th Cir.1990).

The long-settled doctrine of judicial immunity was not abolished by the enactment of *42 U.S.C. § 1983. Pierson v. Ray, 386 U.S. 547 (1967).*  This is because judges must be free to act without fear that unsatisfied litigants will hound them with litigation.  They cannot function freely if they may be sued in federal court for all kinds of civil rights claims just because they have disappointed a litigant. Every such litigant will claim that his or her civil rights were violated.  The Supreme Court has explained that:

> If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide decisions likely to provoke such suits.   The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.
> *Forrester v. White, 484 U. S. 219, 226-227 (1988).*

In other words, all such litigants have additional avenues of relief in the appellate courts to correct any perceived errors by the trial judge.

In determining whether a case should be dismissed based on the principle of judicial immunity, it is only necessary to look at the character of the conduct under attack. A judge's motivation for action taken within his or her judicial capacity is irrelevant. *Hampton v City of Chicago, 484 F.2d 602, 697-698 (7th Cir.1973)*.  It does not matter if the judge is motivated by ill will against a litigant.  See e.g. *Barnes v. Winchell, 105 F.3d 1111 (6th Cir.1997)*. It does not matter if the judge actually conspires with someone else to violate a litigant's civil rights.  See

*e.g. Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir.1985)* and *Ashelman v. Pope, 793 F.2d 1072, 1077-1078 (9th Cir. 1986)*. In *Cok v. Cosentino, 876 F.2d 1 (1989),* the First Circuit afforded absolute quasi judicial immunity to a guardian ad litem, acting on behalf of the court, commenting that: the entitlement is to:

> absolute immunity from civil liability for any normal and routine judicial act . . . This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive.
> *Id. at 2.*

The issue of motive is only relevant in those cases where the defendant has qualified immunity only if he or she acts in good faith. However, as to judicial officers, the only issue is whether he or she is clothed with the apparent authority to act on the case. Judges have absolute immunity whether they act in good faith or not. So long as the actions which form the basis for the complaint took place in the discharge of his or her official duties, the judge is immune from suit. *Kurz v State of Michigan, 548 F.2d 172, 174 (6th Cir.1977)*. The alleged errors may be remedied on appeal.

According to this test, Judges Leiber and Buth are clearly entitled to absolute judicial immunity from suit.

There are only two exceptions to this immunity doctrine. A judge is not immune from liability for "nonjudicial" actions, i.e., those not taken in his or her judicial capacity. And he or she is not immune from liability for actions taken in the absence of all jurisdiction. *Stump v. Sparkman, 98 S. Ct. 1099, 1106, 1104-1105 (1978); Pushard v. Russell, 815 F. 2d 1, 2 (1987).*

The content of Plaintiffs' Complaint makes clear that Judge Leiber is being sued for actions taken in his judicial capacity as a Kent County judge assigned to the underlying lawsuits.

It is unclear why Judge Buth is being sued; guessing only that it has something to do with his involvement in Plaintiff's complaint to the State Court Administrator about the jury pool.   In other words, Plaintiff admits that these judges were clothed with the authority to act in the underlying lawsuits.   There is no question about the Judges' jurisdiction to act in those cases. The subject matter of the cases was within the jurisdiction of the Kent County Circuit Court. Accordingly, there is no set of facts which the Plaintiff can present which would give him a right to recover against these two judges.   In addition, the documents attached from the underlying cases show that all actions taken by the Judges were in the exercise of their jurisdiction in the underlying lawsuits.

The same logic applies to Defendants Breimayer and Kelly.  According to the First Circuit Court's analysis, those who carry out judicial orders are also entitled to absolute immunity.  *Slotnick v. Staviskey, 560 F. 2d 31 (1ˢᵗ Ci*r. 1977) (holding that the court clerk is absolutely immune); *Forte v. Sullivan, 935 F. 2d 1, 3 (1ˢᵗ Ci*r. 1991) (holding that the court reporter is absolutely immune,

The Kent County Court personnel are being sued also for their roles in the proceedings related to Plaintiff's lawsuits against the City of Walker.

### D.    THIS COURT LACKS PERSONAL JURISDICTION OVER THESE DEFENDANTS

Attached to this Brief are Affidavits from each of these Defendants.  None of them have any contact with the Commonwealth of Massachusetts.

Under *Fed R. Civ. P 4(e)*, the federal court must look to the particular state statute or its state's  long-arm statute to determine if the defendant is amenable to service of process within

that state.

> [S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.
> Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. . .
> *Omni Capital Internat'l Ltd. v. Wolff & Co., 484 U.S. 97, 104 (1987).*

The minimum contacts test, as interpreted by the First Circuit, requires: 1) continuous and systematic general business contacts between the . . .defendant and the forum; and 2) that exercise of personal jurisdiction would be reasonable. *United States v. Swiss American Bank, Ltd., 274 F. 3d 610, 619 (1ˢᵗ Cir. 2001).* However, the inquiry ends if the defendant does not have sufficient minimum contacts with the jurisdiction in which the suit is brought. *Donatelli v. Nat'l Hockey League, 893 F.2d 459, 465 (1990).*

Plaintiff cannot show any of these Defendants have the requisite minimum contacts with the Commonwealth of Massachusetts to find fairness in making them defend a suit here.

## E.    THE VENUE OF THIS CASE IS IMPROPER

Finally, these Defendants move to dismiss on the basis that the venue of this case is improper. Venue in federal court actions is governed by *28 U.S.C. § 1391(b).* For federal question cases, suit may be filed in: 1) a judicial district where any defendant resides (if all defendants reside in the same district); 2) a judicial district in which a substantial part of the events or omissions giving rise to the subject of the action is situated; or 3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. The District of Massachusetts meets none of these criteria.

As best these Defendants can tell, at least the majority of the Defendants to this case reside in the Western District of Michigan. That is the district in which all the events which form the basis for this case occurred. The Western District of Michigan encompasses, essentially, the western half of the state, from its capital, Lansing to the lakeshore, including Grand Rapids, along the way. That is the city in which Plaintiff's auto negligence lawsuit was tried and he lost.

## III.    CONCLUSION

Simply put, Plaintiff has alleged no basis on which this Court should be involved with his complaints about the proceedings or results of his state-court lawsuit. This case is barred by the *Rooker-Feldman* doctrine since Plaintiff lost his state-court case and now essentially seeks to appeal it to a federal court. These particular defendants enjoy absolute immunity from suit as judicial and quasi-judicial employees of Kent County. In addition, none of these defendants are amenable to process within the Commonwealth of Massachusetts because they do not have sufficient minimum contacts with the Commonwealth to make it fair to have them defend a case there. These are sufficient reasons to simply dismiss this case, rather than deal with the alternative of transfer under the venue rules. If, however, this court gets to the last argument, that venue is improper, then these defendants request that the case be transferred to the Western District of Michigan.

Dated: February 13, 2006                          Respectfully submitted:


                                                   /s/John A. Christopher
                                                  John A. Christopher (#083320)
                                                  jchristopher@scalawyers.com
                                                  Spitzer, Christopher & Arvanites

Co-counsel for Defendants Leiber, Buth
     Kelly and Breimayer
Northwoods Business Park
199 Rosewood Drive, Suite 350
Danvers, MA 01923
(978) 777-5100


Dated: 2/13/08                       /s/ Judy E.Bregman
                                     Judy E. Bregman (P32252)
judy_bregman@yahoo.com
BREGMAN & WELCH
Co-counsel for Defendants Leiber, Buth
     Kelly and Breimayer
212 Washington/P O Box 885
Grand Haven, MI 49417
616-846-3145

12

FROM                                \WED\ DEC 28 2005 15:14, ST.15:iC→No.6810063279 P2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Rashid Jaiim,

Plaintiff,

v.

Dennis B. Leiber, et ail

Defendants.

_____/

Case No. 05-CV-11638-JLT

Hon.

**AFFIDAVIT**

STATE OF MICHIGAN )
                   )ss
COUNTY OF KENT     )

Shawn Breimayer, being duly sworn, says as follows;

1.    I am a freelance court reporter and periodically perform services for Kent County Circuit Court.

2. My residence is in the state of Michigan and I have no property or other economic connection to the state of Massachusetts.

3. 1 was notified of this present lawsuit by regular mail with no request for a waiver.

4.    To the best of my knowledge, Plaintiff Jahm was a pro se Plaintiff in a personal injury case in Kent County, Michigan.

Shawn Breimayer

Subscribed and sworn to before me this ___ day of _____, 2005

Vicki L. Vanden Berg
Notary Public, Kent County, Michigan
My Commission expires: 9/29/11
Acting in Kent County

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Rashid Jahm,

Case No. 05-CV-l 1638-JLT

           Plaintiff,

Hon.

v.

Dennis B. Lieber, et all

**AFFIDAVIT**

           Defendants.

_____/

STATE OF MICHIGAN )
                      )ss
COUNTY OF KENT      )

      Hon. George S. Buth, being duly sworn, says as follows:

1.      [ am a duly elected Judge with the Kent County Circuit Court in the State of Michigan.

2. My residence is in the state of Michigan and I have no property or other economic connection to the state of Massachusetts.

3. I was notified of this present lawsuit by regular mail with no request for a waiver.

4.      To the best of my knowledge, Plaintiff Jahm was a pro se Plaintiff in a personal injury case in Kent County, Michigan.

                    Hon. George S. Buth

Subscribed and sworn to before me this _2%_ day of _December_ .,2005

Vicki L. Vanden Berg
Notary Public, Kent County, Michigan
My Commission expires: 9/29/11
Acting in Kent County

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Rashid Jahm,

            Plaintiff,

v.

Dennis B. Leiber, et al,

            Defendants.

_____ /

Case No. 05-CV-l 1638-JLT

Hon.

**AFFIDAVIT**

STATE OF MICHIGAN)
                )ss
COUNTY OF KENT    )

    Hon. Dennis D. Leiber, being duly sworn, says as follows:

1.    I am a duly elected Judge with the Kent County Circuit Court in the State of Michigan.

2. My residence is in the state of Michigan and I have no property or other economic connection to the state of Massachusetts.

3. I was notified of this present lawsuit by regular mail with no request for a waiver.

4.    To the best of my knowledge, Plaintiff Jahm was a pro se Plaintiff in a personal injury case in Kent County, Michigan.

· Hon. Dennis B. Eeiber

Subscribed and sworn to before me this _^?_ day of _(u -*jjwI>M__, 2005

Vicki L. Vanden Berg
Notary Public, Kent County, Michigan
My Commission expires: 9/29/11
Acting in Kent County

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Rashid Jahm,

          Plaintiff,

v.

Dennis B. Leiber, et all

          Defendants.

_____ /

Case No. 05-CV-l 1638-JLT

Hon.

**AFFIDAVIT**

STATE OF MICHIGAN )
                )ss
COUNTY OF KENT    )

      Mary Kelly, being duly sworn, says as follows:

1. I was formerly employed as Deputy County Circuit Court Clerk for the Kent County
Circuit Court in the state of Michigan.

2. My residence is in the state of Michigan and I have no property or other economic
connection to the state of Massachusetts.

3. I was notified of this present lawsuit by regular mail with no request for a waiver.

4.     To the best of my knowledge, Plaintiff Jahm was a pro se Plaintiff in a personal
injury case in Kent County, Michigan.

                      Mary Kelly Y)

Subscribed and sworn to before me this f___day of J ^ - ^ W ^ \ _ , 2005

Vicki L. Vanden Berg
Notary Public, Kent County, Michigan
My Commission expires: 9/29/11
Acting in Kent County

**Date:** ~~DEC. 16, 2005 10:27AM~~ MIJR5926

**Docket** Sheet

ages 1

Detail

KSBT C0ONTY CIRCUIT COURT

,

| Case **Number** | Status | Judge |
|---|---|---|
| 00-OB794-HI | CLOSED | JOHNSTON, HONORABLE **DONALD** |

| In The Hatter Of | Action |
|---|---|
| JAHM, RASHID A vs. MICHIGAN STATE POLICE et a.1 | COMPLAINT FILED |

| Party | Type | Attorneys |
|---|---|---|
| JAHM, RASHXO A | PLNTF | |
| CITY OF WALKER | DFHDT | NOLAND, ĊfiAIG R.<br>350 KOMROB A.VE HW STE 200<br>3RAND EAPTDS, MI 49 503 |
| KftSS, EUGENE B | DFNDT | NOLAND, CRAIG EL.<br>250 MOWROE AVE NW STE 200<br>GRAND RAPIDS, MX 43503 |
| MICHIGAN STATE .POLICE | DFHDT | |

| oPenad | Judqment Date | Case Type |
|---|---|---|
| 09/oe/aooo | | NI -PERSONAL IKJTJRT, AUTO<br>NEGLIGENCE |

Comments:

| Ho. | Date of **Filing** | Operator | Pleadings and Actions<br>Journal Book-Page-Wbf　Ref **Nbr** | Original Amt Due/<br>Amt Dismissed | Balance Due |
|---|---|---|---|---|---|
| **1** | 07/02/04 | CLADELE | NOTICE OF INSTRUCTION TO SECURE ALL DISPOSITION OP DISCOVERY MATERIAL 1NCLODIMO CONFIDENTIALITY PROTECTIVE ORDER AND POS FILED<br>RASHID A JAHM (PLAINTIFF) | .0.00 | 0.00 |
| **2** | 06/16/04 | CLLINDA | CBRTIFICATIOH OP COMPLIANCE & POS FILEĎ | 0.00 | 0.00 |
| **3** | 01/09/04 | CLADSLE | ORDER FROM THE COtfRT OF APPHALS F1LBD (APPLICATION FOR LEAVE TO APPEAL DENIED)<br>**1719-100̱1-** | 0.00 | 0.00 |
| **4** | oa/11/03 | CLCARIA | WOTICE OF RECEIPT OF RECORD ON APPEAL FROM THE MICHIGAN COURT OF APPEALS FILED | 0.00 | 0.00 |
| **5** | 06/13/03 | CLLINDA | TRANSCRIPT OP MOTIONS FILED (27 PAGES, CCWTOBMSED) (HEARD OH &/22/02) (SHAWN M, SREIMAYER) | 0.00 | 0.00 |
| **6** | OS/13/03 | CLLINDA | TRANSCRIPT OF TRIAL - VOLOME II FILED {34 PASES, CONDENSED) (HEARD ON 822/02) (SHAWN M, BREIMAYER) | 0.00 | 0.00 |
| **7** | 05/21/03 | CLADELE | ORDER FROM THE CODRT OF APPEALS FILED (MOTION TO DISMISS GRANTED, MOTIOKf FOB EXTENSION OF TIME FOR BRIEFING DENIED)<br>1689-77S- | 0.00 | 0.00 |
| **8** | 04/24/03 | CLCARLA | ĊONTENT Of TEAHSMISSION TO THE MICHIGAN CODRT OF APPEALS | 0.00 | 0.00 |

Ex4tiBiT 1

Date: DEC. 16.2005 10:27AM                    Docket Sheet                    NO.475  P. 3 age: 2
MXJS.5926

KENT COUNTY CIRCUIT COURT                          PetaII

---

00-09794-NI    JAHM, RASHID A VS. MICHIGAN STATE POLICE et al

| NO- | Date of Filing | operator | Pleadings and Actions | Original Amt Due/ Amt Dismissed | Balance Due |
|-----|-----|-----|-----|-----|-----|
| | | | Journal Boolc-Fage-Hbr       s.ef Hbr | | |
| 9 | 04/34/03 | CLCA&LA | NOTICE Of TRANSMISSION TO THE MICHIGAN COOKS OF APPEALS | 0,00 | 0.00 |
| 10 | 12/27/02 | envKCVdk too | Motion for factual support with evidence of diposition, violation of confidential protected order, request for retrial, violation of due process, violation of constitutional right, defamation, slander, malicious statement, slander, per se, falsified statement and humiliation and * notice of hearing & proof or sex-vice filed. ( set for 1/3/03 ) | 0,00 | 0.00 |
| 11 | 12/23/02 | nnvKCVdk too | Traascripfc of closing argument by Mr. Noland filed. ( Pages=: 31, condensed )  (heard on 9/902)  (3*1* J. Lalla) | 0.00 | 0.00 |
| 12 | 12/23/02 | envKCVdk too | Hotice of filing of transcript & certificate of sexvice filed.    {Dale J- LalJea) | 0,00 | 0-00 |
| 13 | 12/17/02 | envKCVdk too | Reporter's statement for p.e. transcripts filed, | 0-00 | Q.OD |
| 14 | 12/13/02 | envKCVdk too | Response to plaintiff motion for suitmary disposition violation of confidential protected order, request Cor retrial, violation of due process & violation at constitutional right & proof of service filed- | 0.00 | 0.00 |
| is | 12/11/03 | envKCVdk tOO | Sxparte Affidavit for suspension of fees and court costs and ordar for suspension of fees and court costs filed. DENIED | 0-00 | 0-00 |
| is | 12/10/02 | cnvKCVdJc tOO | Request & order for court appointed attorney filed.   DENIED | 0,00 | 0,00 |
| 17 | 12/06/02 | wavKCVdk too | Motion for New Trial Amendment of Judgments filed. | 0.00 | 0-00 |

Docfcet sheet

Detail

:<EKT COUNTY CIRCUIT COURT

---

00-Oa794-NI    JAHM, RASHID A VS. MICHIGAN STATE POLICE *t &1

| No. | Date of Filing | Operator | Pleadings and actions | | Original Ant Due/ | Balance Due |
|-----|------|------|------|------|------|------|
| | | | Journal Book-Page-Nbr | Ref Sbr | Atnt Dismissed | |
| IS | 12/04/02 | cnvxcvdk too | Plaintiff motion for summary disposition violation of confidential protected order, request for retrial violation of due process & violation of constitution right, notice of motion *SL* proof of service filed, mt fee pd. ( set for 12.6.02 ) | | 0.00 | 0.00 |
| 19 | il/ia/oa | envKCVdk too | Proof of Service filed.  (judgment Awarding Case Evaluation Sanctions in favor of Defendants Against Plaintiff) | | CKDO | 0.00 |
| 20 | 11/15/02 | cnvKCv&fc ftOO | Judgment Awarding Case Evaluation Sanctions ia Pavor of Dsfandants Against Plaintiff filed.(in the amount of $74,422.S3) 16G7-400- | | 0. 00 | 0.00 |
| 21 | 10/30/02 | cnvKCVdk too | Traaacript filed. ( Pages= 10 Condensed ) (Partial Transcript of trial - August 28, 2002) | | (KQO | 0.00 |
| 22 | 10/28/02 | envKCV<ilE too | Defendants• response to response of plaintiff motion opposing defendants' proposed judgment and proof of service filed, by Craig R- Noland | | 0.00 | 0-00 |
| 23 | 10/15/02 | cnvKCVdk too | Motion for Entry of Further Judgment Order Requiring Plaintiff to Pay Defendants' case Evlauation Sanctions and Actual Costs, notice, brief & proof of service filed, mt fee pd. ( set for 11/15/02 1:30 ) | | 0.00 | 0.00 |
| 24 | 10/11/02 | cnvKCVdk too | Proof of Service filed.   (judgment for defendants) | | 0.OO | 0,00 |
| 25 | 10/04/02 | envKCVdk too | Judgment for Defendants filed. ( Judge Leiber ) (jury rendered unanimous -verdict in favor of defendants) 1GS1-204- | | 0.00 | 0.00 |
| 2S | 10/04/02 | cnvKCVdk too | order withdrawing- counsel filed. forJahm waose attorney- is Stephen c. Bransdorfer | | D.00 | 0.oO |

KENT CODHTY CIRCUIT COURT

---

00-087 94-HI    CTAHM, RASHIC A vs. MICHIGAN STATE POLICE et al

| No. | Date of filing | Operator | Pleadings and Actions | Original Amt Due/ Amc Dismissed | Balan.ee Due |
|-----|----------------|----------|------------------------|-------------------------------|--------------|
| | | | Journal **Book-Page-Nbr**    Sef **Nbr** | | |
| 27 | 10/04/02 | cavKCVdk, tOO | Proof of Service filed.  (Order Authorizing withdrawal of Counsel for Plaintiff Rashid A. **Jahm)** | 0.00 | 0.00 |
| 2B | 09/23/02 | cnvKCVdk too | Objection, response of plaintiff motion opposing defendant's proposed judgement filed.   by Rashid A. Jahm | 0.00 | 0.00 |
| *29* | Q9/23/02 | cnvKCVdfc too | Notice of hearing on plaintiff's motion and objection opposing defendants' proposed juttgmeat filed. ( set for 11/1/02 a ljao p.m. ) | 0.00 | 0.00 |
| 3 0 | 09/20/02 | envKCVdk too | Motion for entry of judgment, notice of **hearing,** brief & proof of sei-o-ice filed, rat fee pd. ( set for 10/4/02 <& S:30 **a.m. )** | o.ao | 0.00 |
| **31** | 03/18/02 | cnvKCvdk too | Request for retrial filed- | 0. 00 | o.oo |
| **32** | 09/17/02 | cuvKCVdk tOO | Motioafor witiidrawal as counsel for plaintiff Raetdd A. Jahm, notice ef hearing t proof of servic3e filed, nit fee pd. ( sec for 10/4/02 e B:30 a.m. ) | 0.00 | 0-00 |
| **3 3** | **09/17/02** | **cnvKCVdk too** | **Response to proposed judgment for defendants and proof of service filed, by Stephen C Bransdorfer on behalf of Rashid A. Jahm** | 0.00 | 0.00 |
| 34 | 09/16/02 | cnvKCVdk tOO | Notica of submission of order pursuant to MCR 2.602(B)(3) and proof of service filed- | 0.00 | 0.00 |
| 35 | 09/09/02 | cnvKCVdk too | Record Of jury trial filed. (11tk day, September *$,* 3002) | 0.00 | 0.00 |
| 3 6 | 09/05/02 | cnvECVdk too | verdict Form filed, | 0.00 | 0.00 |
| 37 | 09/06/02 | cnvKCVdk too | Partial transcript of trial filed. ( Pages= 43, condensed ) (heard on 8/28/02)   (Shawn M. Breimayer) | 0-00 | 0.00 |
| 3 6 | 09/06/02 | cnvKCVdk **tOO** | Record of jury trial filed. (10th day, September S, 2002) 1657-1000- | 0.00 | 0.00 |

Date: 12/16/2005  10:21:21                    **Docket Sheet**                              Page: 5
MXJR5926
                                                    Detail

KENT COUNTY CIRCUIT COURT

---

Q0-O8794-BX   JJISH, RASHIT5 A vs. MICHIGAN STATE POLICE et al

| No. | Date of Filing | Operator | Pleadings and Actions •Journal Book-Eag-e-Ntrf   Ref Nbr | Original Amt Due/ Amt Dismissed | Balance Due |
|---|---|---|---|---|---|
| 39 | 09/05/02 | cnvKCVdk too | Transcript of Excerpts of Jury Trial - Volume No. II filed. ( Pages= id )  (cross-examination of witness Dennis Michael Payne, Ph.D. held 8/12/02) | 0.oo | 0.00 |
| 40 | 09/05/02 | envKCVdk tOO | Transcript of tesetiaony of Eugene E, Kaxe filed. ( Pages= 28, condensed )  (heard on 9/3/03)(Dale J. Lalfca) | 0.00 | Q.QO |
| 41 | 09/05/02 | cnvKCVdfc too | Record or‾ jury trial filed. (9th day, September 5, 2002) 1657-1019- | 0.00 | o.oo |
| 42 | 0S/04/Q2 | envKCVdJc tOO | Record of jury trial filed. <8tb day, Septesober 4, 2002) | 0.00 | 0.00 |
| 43 | 09/03/02 | cnvKCVdk tOO | Record of jury trial filed. (7th day, September 3, 2002) | o.oO | o.oo |
| 44 | Q8/29/D2 | cnvKCVdk ZOQ | Record of jtiry trial filed. (6th. day, August 29, 2002) | O-OO | 0-DO |
| 45 | 08/33/02 | cnvKCVdk t00 | Record of jury trial filed. (5th day, August 2S, 2002} | o.GO | o.oo |
| 16 | 08/27/02 | cnvKCViJlc tOO | aecord of jury trial filed. (4th day, August 27, 2002) | 0.00 | 0.00 |
| 47 | oe/26/02 | cnvKCVOfc tOO | Defendants' Trial Exhibits filed. | 0.00 | o.oo |
| 48 | 03/26/02 | cnvXCVdk tOO | Record of jury trial filed. (3rd day, August 26, £003) | 0.00 | 0-00 |
| 49 | 09/22/02 | cnvKCVdk tOO | Record of jury trial filed. (2nd day, August 22, 2002) | Q.00 | 0.00 |
| 50 | 08/21/02 | envKCVdk too | Plaintiff's exhibit list and proof of sèrvice filled. | 0.00 | 0.oo |
| 51 | 08/23-/02 | envKCVdk too | order Regarding Motions in Itimine filed. | 0-00 | 0.00 |
| 52 | QS/21/02 | envKCVdk too | Record of jury trial filed. (1st day, August 21, 2002) | 0.00 | 0.00 |
| 53 | 08/19/02 | cnvKCVdk tOO | Transcript filed. ( Pages= 74 )  (Motions - July 26, 2002) | 0.00 | 0.00 |

DEC. 16.2005 10:27AM                    Docket Sheet                NO. 475  P. 1
                                                                              ←'age; 6
Date: j.i/J.U/iuui,  iuiiiiiii
MIJR5926                                   Detail
KENT COUNTY CIRCUIT COURT

---

**00-08794-NI**   JAHM, **RASHID** A vs. MICHIGAN **STATE** POLICE at al

| No. | Date of Filing | operator | Pleadings and Actions | Original Amt Due/ | Balance Due |
|---|---|---|---|---|---|
| | | | Journal BQok*-Pag"e-Nbr     Ref Hbr | Amt Dismissed | |
| 54 | OS/12/02 | cnvKCVdk, too | Defendant's jury instructions filed. | 0.00 | 0.00 |
| 55 | 0&/12/Q2 | cnvKCVdk too | Dafftndant's trial exhibits filed, | 0.00 | O-OO |
| 56 | 08/13/02 | cnvKCVdk COO | Dftfand&nts' trial brief filed, | 0.00 | 0.00 |
| 57 | 03/12/02 | caviccvdk tOO | plaintiff's request for jury instructions and proof of service filed. | 0.00 | 0,00 |
| SS | 08/12/02 | cnvKCVafc too | Plaintiff's trial brief and proof of service filed. | 0.00 | 0,00 |
| 53 | oa/12/02 | cnvKCVdk too | Proof of **Service** filed.   (Defendant's Trial Brief, Jury instructions and trial Exhibits) | 0.00 | 0.00 |
| SO | 07/25/02 | cnvKCVdk too | Plaintiff's second supplemental list of expert t trial **witnesses** and proof of service filed. | 0.00 | 0.00 |
| Si | 07/36/03 | cnvKCVdk too | notice of taking cle toene esse deposition via long distance telephone of Dr. Harold McCoy and proof of serviea filed. | 0-00 | 0.00 |
| 62 | 07/24/02 | cnvKCVdk tOO | Re-notice of taking de beae esse deposition of Faxook J. Kidwai, M.D- and proof of service filed. | 0.00 | 0.00 |
| **63** | 07/23/02 | cnvKCVdl too | Defendants' brief in response and opposition to plaintiff's motion in 1 inline filed. | 0.00 | 0.00 |
| 64 | 07/23/02 | cnvKCVdk tOO | Proof of Service filed.   (defendants' brief in. response and opposition to plaintiff's motion in limine) | 0.00 | O-OO |
| 55 | 07/19/02 | cnvKĆVdk tOO | Proof of Service of Response of plaintiff opposing- defendants' motion in limiu.e as not applying to lost wages & Breif filed. | 0.00 | 0.00 |
| 66 | 07/19/02 | cnvKCVdk too | Brief of plaintiff opposing defendants' in limine motion as it applies to lost wages filed. | 0.00 | 0.oo |

MIJR5926

KEIIT COJVTY CIRCUIT COURT

'

0Q-0B734-UI   JAHM, RASHID A VFi. MICH2GW9 STATE POLICE et **al**

| No. | Date of Filing | operator | pleadings and Actions | Original flmt Due/ Ant Dismissed | Balance Due |
|-----|----------------|----------|----------------------|----------------------------------|-------------|
| | | | **Journal Boolc-Page-Nbr     Ref Nbr** | | |
| S7 | 07/19/02 | cnvXCVdk too | Response of plaintiff opposing defendants[1] motion in limine as not applying to lose wages filed. | o.oo | 0.00 |
| 68 | 07/19/02 | cnvXCVdk too | Response of plaintiff opposing defendant'e motion in liaine & proof of service filed.  (142 attached) | 0.00 | O.OO |
| **69** | 07/19/02 | cnvKCVdk tOO | Plaintiff's motion in limin« as to staged photographs and vidao tapes, notice of héaring, brief t proof of service filed, mt fee pd- C set for 7/2S/02 9 3;30 p.m.  ) | 0.00 | o.CO |
| 70 | 07/17/oa | cnvKCVdX too | Proof of Service filed.   (Plaintiff's Supplemental Answers to interrogatoriès and Request to Produce) | 0.00 | 0,00 |
| 71 | 07/11/02 | cnvKCVdk too | Re-Hotica of taking deposition of Keith tfavery r>0 and proof of service filed. | 0.00 | 0.00 |
| 72 | 07/03/02 | cnvECVdk tOO | Motion to enforce discovery order and. for coets, notice of bearing, brief & proof of servicé filed, mt fee pd.- ( sat for 7/19/02 S 1:30 p.m.  ) | 0.00 | 0.00 |
| 73 | 07/03/02 | cnvKCVdk too | Notice of taking deposition of Keith Javery DO and proof of service filed.   (August 12, 2002 g 5:00 p.m) | 0.00 | 0-00 |
| 74 | 07/02/02 | cnvKCVdk too | Notice of taking de bene esse deposition of Steve R. Lasater, M.D- and proof of service filed. | 0.00 | 0.00 |
| 75 | 07/02/02 | cnvKCVdk tOO | Notice of taking de bene esee deposition of Dr. Warner De Leeuw and proof of service filed- | 0-00 | 0.00 |
| 76 | 07/02/02 | cnvKCVdk too | Notice of taking de bene esee deposition of FarooJc J. Kidwai, M.D. and proof of sèrvice filad. | 0-00 | O.oo |
| 77 | QS/21/Q2 | cnvKCVdlt too | Uneontasted Order to Produce filed.   (any health care individual/facility to produces all diagnostic examination/treatment test for Jahm) | 0.00 | 0-00 |

DEC. 16. 2005 10:23AM                                                NO. 475   P. 9

Docket Sheet                         age ; a

Date:
MIJR5S26                                               Detail

KENT COUNTY CIRCUIT COURT

---

Q0-0B794-NI   JAHM, RASHID A vs. MICHIGAN STATE POLICE et al

| No. | Date of Filing | operator | Pleadings and Actions<br><br>Journal Book-Page-Nhr      Ret Nbr | original Amt Due/<br>Amt Dismissed | Balance Due |
|---|---|---|---|---|---|
| 7B | 06/21/02 | cnvKCVdk tOO | Order Compelling Plaintiff to provide full and Complet<br>Answers and Documents Responsive to Defendants' Discovery<br>Requests filed. | 0.00 | 0.00 |
| 19 | 06/20/02 | cuvKCVdk too | Notice of taking- discovery deposition duees tecvm and proof<br>of service filed. | 0.00 | 0.00 |
| eo | OS/19/02 | cnvKCVdk tOO | Wotice of talcing da bene eese deposition of Ellen M.<br>Crowley, Ph.D. and proof of service filed. | D.OO | 0-00 |
| Si | 06/19/02 | cnvKCVdk too | Amendad notice of taking dè bene esse deposition of Nicole<br>PbiHips-smith, HA, CDHS, LPC, ABDA and proof of service<br>filed. | 0.00 | 0.00 |
| 82 | 06/18/02 | cnvKCVdk too | Plaintiffs brief in opposition to defendants⁴ motion to<br>compel discovery and for costs and proof Qf sarvice filed- | 0.00 | 0.00 |
| S3 | OS/14/02 | cnvKCVdk too | Plaintiffs motion, for order compelling discovery, notice of<br>hearing, brief 5= proof of service filed, mt fee pd.. ( set<br>for 6/21/02 a l;30 p.m. ) | 0.00 | 0.00 |
| 84 | OS/14/02 | cnvKCVdk too | Defendants¹ motion in limine and brief in support,<br>defendants motion in limine regarding claim of damages for<br>loss of earning capacity and brief in support, notice of<br>hearing & proof of service filed, mt fee pd. ( set for<br>7/26/02 9 3:30 p.m. ) | 0.00 | 0.00 |
| 85 | 06/11/02 | cnvxqvdk too | Notice of taking video De Bene Eese deposition of Donald<br>Huefcle, Ph.D. (8/9/02 11;00) and proof of service filed. | 0.00 | 0.00 |
| 66 | 06/11/02 | cnvKCVdk too | Notice òf taking discovery deposition Duoes Tecum of Kenneth<br>Markiewiez, M.D. (7/24/02 6:30 àm) ànd proof of service<br>filed. | 0.00 | 0.0a |

**Date:** DEC. 16.2005 10:28AM          Docket, sheet          NO. 475  P. 1

MIJR5926

Detail

KENT COUWTY CIRCUIT COURT

---

OO-09794-NI   JAHM, RASHID A vs. MICHIGAN STATE POLICE ftt al

| No- | Date of Filing | Operator | Pleadings and Actions<br>Journal Book-Page-Nbr     Kef Nbr | Original Amt<br>Due/<br>Amt Dismissed | Balance Due |
|---|---|---|---|---|---|
| 87 | 05/11/02 | cnvKCVdk too | Notice of taking discovery deposition Duces Tecum of Patrick Ronan, M.D. (7/3/02  6s00) and proof of service filed. | 0.0O | 0.00 |
| 88 | 06/01/02 | cnvKCVdk too | Amended notice of taking video de betie esse deposition of Dr. David Frye (6/25/02  9:00) and proof of service filed. | 0.00 | 0.00 |
| as | 0 6/06/02 | cnvKCVdk too | Defendants¹ supplemental brief in support of motion to compel discovery and for costs and proof of service filed. | 0.00 | 0.00 |
| 90 | os/31/02 | cnvKCVdk too | Amended Notice of hearing & proof of service filed. ( set for 6/21/02 ) | 0.0O | 0.00 |
| 91 | D5/24/02 | cnvKCVdfc too | Defendants' motion to compel discovery and for costs, notice of tearing, brief fc proof of service filed, mt fee pd. ( set for 6/7/02 9 1:30 p.m. ) | 0.00 | 0.00 |
| 92 | 03/13/02 | cnvKCVdk too | Plaintiff's supplemental list of expert & trial witnesses and proof of service filed. | 0.00 | 0.00 |
| 93 | 03/19/02 | cnvKCVdk too | Notice of jury trial & proof Of service filed- Trial set for OS/19/02 at 8:30 | 0.00 | 0.00 |
| 3 4 | 03/04/02 | cnvKCVdk too | Transcript filed. ( Pa$es= 49 )  (Motion for summary Disposition - February 9, 2002) | 0.00 | 0.00 |
| 35 | 02/26/02 | cnvKCVdk tOO | Order Denying Plaintiffs Motion for Summary Disposition and Defendants' Cross Request for Summary Disposition filed. | 0.00 | 0.00 |
| 35 | 02/21/02 | cnvKCVdk too | Notice of settlement conference and proof of service filed. settlement conference reset for 03/ia/02 at 2:30 | 0.00 | 0-00 |

DEC. 16.2005 10:28AM                        Docket sheet                    N3.475   P. 11

Date: Ufi
MIJE.5926                                       Detail

KENT COUNTY CIRCUIT COURT

---

00-08794-SI   JAHM, RASBIE A VS. MICHIGAN STATE POLICE St &1

| No. | Date of Filing | Operator | Pleadings and. Actions / journal Book-Page-Hbr    Ret Nbr | Original Amt Due/ Amt Dismissed | Balance Due |
|-----|------|------|------|------|------|
| 97 | 02/16/02 | cnv&CVdk too | Proof of Service filed-   (Notice of Objection to Proposed Order and Order Denying Plaintiff's Motion for Summary Disposition and Defendants' Cross Request for Summary Disposition) | 0.00 | 0.00 |
| 98 | 02/1S/02 | anvKCVdk too | Notice of Objection to Proposed Order filed. | 0.00 | 0.00 |
| 99 | 02/12/02 | cnvKCVdk too | Proof of Service filed-   (Notice of Entry of Ordsr and attached Order Denying Plaintiff's Ifotion for Summary Disposition) | 0.00 | 0.00 |
| 100 | 02/12/02 | cnvKCVdk too | Notice of submission of order pursuant to MCR 2.602(E)<3) . | 0.00 | 0.00 |
| 101 | 02/12/02 | cnvKCVdk tOO | Unsigned document filed.   {Order Denying Plaintiff's Motion for summary Disposition) | 0.00 | 0.00 |
| 102 | C2/11/02 | cnvKCVdk too | Mediation evaluation? notice of acceptance/rejection and mediation clerk's notice to the parties re: acceptance/ rejection of mediation evaluation filed, (ia sealed. envelope) | 0.00 | D.00 |
| 103 | 02/08/02 | cnvKCVdk too | Proof of Service filed.   (Plaintiff's Reply to Defendant's Brief in Opposition to Plaiatiff's Motion, for Summary Disposition and Supplemental Brief in Support of Plaintiff'a Motion fox Summary Disposition) | 0-00 | 0.00 |
| 104 | 02/03/02 | cnvKCVdk too | Plaintiff's corrected reply to defendant's brief in opposition to plaintiff's motion for summary disposition and Supplemental brief in support of plaintiff's motion for summary disposition filed, by Stephen C. Bransdorfer | 0.00 | 0.00 |
| 105 | 02/07/02 | anvKCVdk too | defendant'3 brief in response and opposition to plaintiff's motion for order compelling discovery and proof af service filed. | 0-00 | 0.00 |

DEC. 16.2005 10:28AM                    Docket Sheet                    NO. 475  P. 12 s. 11

Date: iiyxujiuvj  j.v.*J..il
MIJR5926

                                                            Detail

KENT COUNTY CIRCUIT COURT

---

00-D673+-KI   JAHM, RASHIP A vs. MICHIGAN STATE POLICE fit al

| No. | Date of Piling | Operator | Pleadings and Actions / Journal Book-Pag-e-Nbr    S.ef Hbr | Original Ant Due/ ftmt Dismissed | Balance Due |
|-----|------|------|------|------|------|
| 106 | 02/07/02 | envKCVdk too | Plaintiff's reply to defendant's brief in opposition to plaintiffs motion for summary disposition and supplemental brief in support of plaintiff's motion for eiuranary disposition filed. | 0.00 | 0.oo |
| 107 | 02/01/02 | cnvKCVdlc too | Plaintiff's motion for ordèr compelling discovery, notice of hearing, brief & proof of service filed, mt fee pd. ( get for 2/6/02 a 3:30 p.m. } | 0.00 | 0.00 |
| 106 | 01/31/02 | cnvKCVdk too | Defendant's brief in opposition to plaintiff's motion for summary disposition and proof of service filed. | 0.00 | 0.00 |
| 109 | 01/03/02 | cnvKCVdk too | Corrected notice of Hearing on plaintiff's motion for summary disposition and proof of service filed- ( set for 2/8/02 a 3s30 p.m. ) | 0.00 | ·0.00 |
| 110 | 12/31/01 | envKCVdk too | Plaintiff's motion for siunmary disposition, notice of hearing, brief & proof of service filed- mfc fee pd. ( set for 2/1/02 9 1:30 p.m. ) | 0.00 | 0.00 |
| 111 | 12/27/01 | cnvKCVdk tOO | Proof of Service of Plaintiff's ansvers to defendant's fourth set of interrogatories filed, | 0.oo | 0.00 |
| 112 | 12/07/01 | envKCVdk too | Proof of Service filed. (Plaintiff's Answer to Defendant'a Third Set of ·Interrogatories) | 0.00 | 0.00 |
| 113 | 11/15/01 | cnvKCVdk too | Proof of Service filed. (notica of discovery deposition duces tecum of Dr. Dennis M, Payne and notice of discovery deposition duces tecuro of Marvin Devries, Ph.D.) | 0.00 | 0.00 |
| 114 | j.l/14/01 | envKCVdk too | Case evaluation mediation hearing notice filed. ( set for 1/10/02 at 3s30 suite 3100 ) | 0.00 | 0.00 |
| 115 | 11/13/oi | envKCVdk too | Proof of Service filed. (plaintiff's ansvers to defendant's second interrogatories and request to produce directed to plaintiff) | 0.00 | 0.00 |

DEC. 16.2005  i 0:28AM                    Docket Sheet                    NO. 475   P. i3ge: 12

Date: li/to/iuv;  ±u:Ji:i[1]
MIJR5326                                                    Detail

KENT COUHTY  CIRCUIT COURT

'

OO-0S794-MI   JAHM, RASHID A. vS- MICHIGAN STATE POLICE et 3.1

| NO, | Date of Filing | Operator | Pleadings and Actions<br><br>Journal Book-Pag-e-Nbr      Ref Hbr        · | Original Ant<br>Due/<br>Amt Dismissed | Balance Due |
|---|---|---|---|---|---|
| 116 | 11/05/01 | cnvKCVdk too of | Proof of service filed,   (plaintiff's fourth set of<br>interrogatories to defendants and related<br>document requests) | 0.00 | 0.00 |
| 117 | u/os/01 | cnvKCVdk too | Plaintiff's disclosure of trial witnesses &<br>proof of service<br>filed. | 0.00 | 0.00 |
| 11$ | 11/02/01 | cnvKCVdk too | Defendants[1] Disclosure of Trial Witnesses and<br>proof of<br>service filed. | 0.00 | 0,00 |
| 119 | io/19/oi | cnvKCVdk too | Defendant City of walker's answers to<br>plaintiffs second set<br>of recjutsts for admissions, defendant Eugene E.<br>Kars[1]<br>answers to plaintiff's second set of raquest3<br>for admissions<br>and proof of service filed, by Craig R. Noland | 0.00 | 0,00 |
| 120 | 10/01/01 | cnvKCVdk tOO | Defendant's disclosure of expert witnesses and<br>proof of<br>service filed. | 0.00 | 0.0C |
| 121 | 09/24/01 | cavKCVdk too of | Proof of service filed.   (plaintiff's third set of<br>interrogatories to defendants and related<br>document<br>requèsts, plaintiff[1]? second set of requests for<br>admissions<br>to defendant City of Walker and. plaintiff's<br>second set of<br>requests for admissions to defendant Eugene E.<br>Kara) | 0,00 | 0-00 |
| 122 | OB/14/01 | anvKCVdk too | Notice of hearing on defendant city of Walker<br>and Eugene<br>E. Kars[1] motion to compel discovery and proof of<br>service<br>filed. ( set for B/17/OI » 1:30 p.m. ) | 0.00 | 0-00 |
| 123 | 06/09/01 | GLTIWA | Defendant's Supplemental Affirmative Defenses<br>and Proof of Service filed.    · | 0. 00 | 0.00 |
| 124 | 08/02/01 | cnvKCVdk tOO | Plaintiff'a Disclosure Of Expert Witnesses and<br>proof of<br>service filed. | 0.00 | 0-00 |

DEC. 16, 2005 10:29AM

Date: 12/16/2005   10:21:27                      Docket sbeet                      NO.475   P. It_{ye = 13}

MIJRS925

                                                                Detail

KENT COONTY CIRCUIT COURT

---

00-06794-NI   JAHM, RASHID A vs. MICHIGAN STATE POLICE et al

| No. | Date of Piling | Operator | Pleadings aad Actions<br>Journal Book-Page-Nbr   Ref Ntor | original Amt Due/<br>Arot Dismissed | Balance Due |
|---|---|---|---|---|---|
| 12 5 | 07/30/01 | envKCVdk too | Answer to Second Amended Complaint with affirmative defenses aad reliance on jury demand and proof of service filed, by craig R. Noland  on behalf of City of Walker and Eugene E- Kara | 0.00 | 0.00 |
| 126 | 07/17/01 | cnvKCVdk too | second Amended Complaint and Jury Demand filed, (6 pgs) | 0.00 | 0.00 |
| 127 | 07/17/01 | cnvKCVdk too | Stipulation & Order for Leave to File Second Amended Complaint filed- 1592-453- | 0.00 | 0.00 |
| 129 | 07/17/01 | snvXCVdk too | Confidentiality Protective Order filed, 1592-457- | 0.00 | 0.00 |
| 139 | 07/05/01 | cnvKCVdk too | Brief in Opposition to Plaintiff's Motion for protective Order and proof of service filed. | 0.00 | 0-00 |
| 13 0 | 06/29/01 | cnvKCVdfc too | Proof of Service filed.   (plaintiff's second set of interrogatories to defendant) | 0.00 | 0.00 |
| 131 | OS/29/01 | cnvKCVdk too | Plaintiff's Motion for Protective Order, notice of bearing, brief ia support & proof of service filed, mt fee pd. ( set Cor 7/6/01 1:30 ) | 0.00 | 0.00 |
| 132 | 06/07/QI | cnvKCVdk too | Plaintiffs Answers to Defendants[1] Request for Admissions and proof of service filed. | 0-00 | 0.00 |
| 133 | 05/10/01 | cnvKCVdk too | Defendant's Request for admissions directed to plaintiff a proof of service filed. | 0.00 | 0.Q0 |
| 134 | 05/04/01 | cnvECVdfc too | proof of Service of def.'s initial response a objection to plaintiff's first set of interrogatories to defendants & related document requests filed. | 0,00 | 0.00 |
| 135 | 05/04/DI | cnvKCVdk too | Motion to compel discovery, brief and proof of service filed, mt fee pd. | 0.00 | 0.00 |

DEC. 16. 2005  10:29AM                    **Docket** sheet                    NO. 475    P. 15 **ja: 14**

Date* X4/IOJ£UVU    i^ujx^1                    **Detail**

**KENT COUNTY CIRCUIT COURT**

---

00-087&4-NX    **JAHM,** RASHID A VS. MICHIGAN **STATE** POLICE et **al**

| No. | Date of Filing | Operator | Pleadings and Actions<br>Journal Book-Page-Hbr    Ref itbr | **Original** Arot<br>Due/<br>ftmt Dismissed | Balance **Due** |
|---|---|---|---|---|---|
| 136 | 04/ae/OL | cnvKCVdk<br>tOO | Plaintiff's first set of interrogatories to<br>defendants and<br>related document requests and proof ofi service<br>filed. | 0.00 | 0,0Q |
| **137** | 03/30/01 | cnvKCVdk<br>tOO | Defendant Eugene E. Kars Answers to Plaintiff's<br>Request<br>for Admissions and Defendant City of walker's<br>Answers to<br>Plaintiff's Requests for Admissions and proof of<br>service<br>filed. | O-OO | 0.00 |
| 138 | 03/09/01 | cnvKCVdk<br>tOO | 2 of plaintiff's first sets of requests for<br>admission? to<br>defendant Eugene E. Kars and defendant City of<br>walker and<br>proof of service filed. | 0.00 | 0,00 |
| **139** | 02/23/01 | cnvKCVdk<br>too | Scheduling Order filed.<br>1566-815- | 0.00 | 0.00 |
| 140 | 0l/16/oi | cnvKCVdk<br>too | Notice of scheduling conference and proof of<br>service filed.<br>scheduling conference set for 02/22/01 at 4;30,<br>courtroom<br>3D6 | 0.00 | 0.00 |
| 141 | 11/27/00 | cnvKCVdk<br>tOO | Proof of Service filed,  (answer to<br>interrogatories and<br>requests to produce directed to plaintiff,<br>Rashid A. Jahm) | 0-00 | 0.00 |
| 142 | 10/27/00 | cnvKCVdk<br>too | Answer to First Amended Complaint with.<br>affirmative defenses<br>and reliance on jury dem&nd and proof of service<br>filed. Jay<br>Craig £. Noland on behalf of City of Walkar, on<br>behalf of<br>**Eugene** E. Kars | 0.00 | 0,00 |
| L4 3 | 09/27/00 | cnvKCVdk<br>tOO | Summons issued- filing deadline set for 12/27/00<br>for City of<br>walker | 0.00 | 0.00 |
| 144 | 09/27/00 | cnvKCVdJt<br>tOO | First Amended Complaint *and* Jury Demand filed- (<br>5 pgs )<br>City of walker | 0.00 | 0.00 |
| 145 | 09/14/00 | cnvKCVdk<br>too | Voluntary dismissal on selected defendants<br>filed, (toy<br>Attorney for Plaintiff   as to Michigan State<br>Police | 0 .00 | 0.oo |

DEC. 16. 2005 10:29 AM

Docket Sheet

NO. 475    P. 16 ies  is

Detail

KENT COUNTY CIRCUIT COUB.T

---

**0Q-GS794-NI    JAHM, EASH1D A VS. MICHIGAN STATE POLICE et al**

| NO. | Date of Filing | Operator | Pleadings and Actions | | original Amt Due/ | Balance Due |
|-----|----------------|----------|-----------------------|--|-------------------|-------------|
| | | | Journal Book-Page-Mbr    Ref **Nbr** | | Amt **Dismissed** | |
| 14S | 09/06/00 | cnvKCVdt too | summons issued, filing deadline set for 12/06/00 for Eugene E. Ksrs, for Michigan State **Police** | | 0.00 | 0.00 |
| **147** | 09/06/00 | cnvKCVdk too | Complaint, notice to clerk & jury demand filed. f&* pd.-   (5) | | 0.00 | 0.00 |

---

Totals Syt    **INFORMATION**        0.00            0.00

STATE OF MICHIGAN
IN THE CIRCUIT COURTFOR THE COUNTY OF KENT

RASKD A JAHM
                    Plaintiff,

v

CITY OF WALKER, a Michigan Municipal                    O X ~ t(3S>"3 - AJ ^
Corporation.
**Craig Noland**
                                                        DENNIS B_B LEIBER
                    Defendant,                          (P-22889)


SMITH,HAUGHEY_S RICE & ROEGGE
Craig Noland Attorney
200 Calder Plaza Building
250 Monroe,NW
Grand Rapids, MI 49503-2251
(616)774-8000

                    SUMMON and Complain

Here come Rashid Jahm filing law suit against Walker Muncipai Corp and Craig Noland.
plaintiff request to Honorable court to find both to bring them to justice, which have been
both liable for the injuries to plaintiff. .Walker muncipai is liable because plaintiff was injure
in the car accident on 31 Oct, 1999 on Alpine ave and three mile road.Mr E. Kars was the
driver and employ of the Walker muncipai, Walker Muncipai was the owner of the car.Mr.
E. Kars admit that he did not apply the break and mention dont know the reason why he
did not use the breaks, on this statement. Walker Muncipai is the liable tort, stric Liability
Claim and Craig Noland have master mind the case to his advantage for making over
$74000 and falsified,tamper the picture,defamation and violating the 14 ammendment of
the constitution which cause plaintiff unrecoverable harm. Mentioning 911, mentioning
about my disability and Pakistan which were intentional harm and degrading, malicious
statment, Hbeious, slander per se, violation of privacy and violation of protected order.
I request for the damages which already have been filel ,500,000., phis recovery of
humaliation, defamation. Which ever justice find appropeate for the demages under the
constitution.


Evidence are so strong and proveable that Mr. E. Kars was not wearing the Eye Glasses,
clear that It is mater of law to grant a new trial. MCR 2.116 (C)(8)
under this violation by Craig Noland. Law make him equaly liable for injury to plaintiff,
and plaintiff request to Honorable court to review the transcript by US federal proseucter.
MCL 600.2925a, MCL 600.2925a(2) MCL 600.2957(1), MCL 600.6304(1), MCL
600.6304(4)

MCL 600.2925a, MCL 600.6304


EXHIBIT 2

Respectfully

Rashid Jahm

3009 Eastern SB APT 303E

Grand Rapids ML 49508

616-559-6185

10-22-02

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KENT
*****************************

RASH ID JAHM,

        Plaintiff,

v.

CITY OF WALKER, a Michigan
Municipal Corporation, and CRAIG
NOLAND,

        Defendants.

Case No.     02-10523-NI

Hon. Dennis B. Leiber

Opinion & Order

      To the extent[1] that the Plaintiff alleges claims raised in 00-08794-NI, this Court GRANTS the Defendants' motions for summary disposition because this Court does not have jurisdiction of the cause while it is on appeal.  MCR 2.116(C)(4), (6).

      To the extent that the Plaintiff alleges claims that *could have been* raised in 00-08794-NI, this Court GRANTS the Defendants' motions for summary disposition pursuant to basic principles of *resjudicata.*  In sum, there is not an issue concerning any material fact and, thus, summary disposition of this claim is appropriate.  MCR2.116(C)(10).

      To the extent that the Plaintiff alleges claims arising out the Defendant's actions during the representation of his client during the duration of 00-08794-NI, this Court GRANTS the Defendants' motions for summary disposition because counsel does not own "an actionable duty to an adverse party."  <u>Friedman v. Dozorc</u>, 412 Mich. 1, 20 (1981).  The Plaintiff was such an adverse party.  In sum, there is not an issue concerning any material fact and, thus, summary disposition of this claim is appropriate.  MCR 2.116(C)(10).

      Finally, to the extent that the Plaintiff raises claims of constitutional origin, this Court GRANTS the Defendants' motions for summary judgment.  Such claims require a defendant who is a *state actor.*  The Defendant is not a *state actor.*  In sum, there is not an issue concerning any material fact and, thus, summary disposition of this claim is appropriate.  MCR 2.116(C)(10).

*It is so ordered.*

JRL1S72 PG052S

---

[1] It is not clear exactly what the Plaintiff is alleging.  This Court commends the Defendants for their professionalism in dealing with this matter.

REC'D ft **FILED**

JAN Q 7 2003

JUDGE I FIFRFR

EXHIBIT 3

Dated this 1^ day of & W***, 2003

at Grand Rapids, Kent County, Michigan.

Dennis B. Leiber, Circuit Judge

ATTEST: A TRUE COPY

_____

Deputy County Clerk

JR 1672 PG0530



# Michigan Supreme Court
## State Court Administrative Office

P.O. Box 30048
Lansing, Michigan 48909
Phone: (517) 373-9353    Fax: (517) 373-8760
hughesj@courts.mi.gov
James P. Hughes, Regional Administrator

October 20, 2003

Rashid Jahm
3009 Eastern, S.E.
Apartment 303E
Grand Rapids, Michigan 49508

Dear Mr. Jahm:

The State Court Administrative Office, Region II, received your letter on November 12, 2002. I apologize for the delay in responding, however, our current workload and staffing levels made a quicker response impossible.

We have forwarded a copy of your letter to the Chief Judge of the 17th Circuit Court, Judge George S. Buth.

You may also wish to consult with an attorney to discuss any appellate options that may be available to you.

Sincerely,

James P. Hughes
Regional Administrator, Region II

rkg

cc:   Hon. George S. Buth

y
L
o¹ ⁷

STATE COURT ADMINISTRATOR
Region, 2
P.O Box. 30048
Lansing, MI. 48909.

Rashid Jahm                          Case No. 00-08794-NI
3009 Eastern SE, APT 303E            Hon. Dennis B. Leiber.
Giand Rapids, MI 4950$
616-559-6185

### Complaint of jury pooling producers and pre Selection injury favoring Defendant and In Investigation Of Michigan State Violations.

Dear Administrator of Courts Sate of Michigan

I am Rashid Jahm I have be Racial Discriminated by juries member was all white. There was no mix race in the entire jury. Which was violation of my constitutional right! And I believe some of the juries member knew me and two members all ready know each other. As far as I can tell by the comment was made by the defendant attorney.

Respectfully

Rashid Jahm

DT: 11-12-02

RECEIVED

NOV 1 2' 2002

JAMES P. HUGHES
REGIONAL ADMINISTRATOR
REGION 2