UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05CV11638-JLT

```
* * * * * * * * * * * * * * * * *
                                 *
RASHID JAHM,                     *
      Plaintiff,                 *
                                 *
v.                               *
                                 *
DENNIS D. LIEBER; et al,         *
      Defendants.                *
                                 *
* * * * * * * * * * * * * * * * *
```

## MEMORANDUM OF LAW IN SUPPORT OF KEMPER'S
## MOTION TO DISMISS THE COMPLAINT

The defendant Kemper Insurance Companies (Kemper) moves to dismiss plaintiff Rashid Jahm's (Jahm) complaint against it pursuant to Fed. R. Civ. P. 12(b)(6) because the complaint does not name, refer to, or otherwise describe any act or inaction on the part of Kemper sufficient to articulate a viable legal claim upon which relief might be granted.

### Factual Background

On November 22, 2005, Jahm filed a *pro se* complaint naming fifteen defendants, including Kemper. Within the complaint, under the section entitled, "Nature of this Action," Jahm asserts three separate claims: "federal rights action, pursuant to 42 U.S.C. § 1983, and § 1988," and a claim of intentional infliction of emotional distress. Under the section of the complaint entitled, "Jurisdiction of the Court," Jahm lists nine additional claims:

strict liability; fraud and misrepresentation; conspiracy to misrepresent; violation of his due process rights under the United States Constitution; extortion; slander per se; defamation, libel, and a violation of "MRC. 9.104(3)(4)."

It is unclear from the language of the complaint exactly what actions give rise to the claims. It appears that Jahm is aggrieved by the proceedings and outcome of a prior Michigan state court civil action in which he was the plaintiff. Most of the named defendants are judges, attorneys, and court personnel who were affiliated with that case. The complaint does not set forth any facts which describe how Kemper or its actions might relate to any of Jahm's claims. Nowhere within the complaint is Kemper named, or acts by Kemper described or referenced.

### Standard of Review

Rule 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b). Such a motion tests the legal sufficiency of the plaintiff's claim for relief. Under the Rule, a claim for relief can be dismissed where it either fails to assert a legal theory of recovery that is cognizable at law or fails to allege sufficient facts to support a cognizable claim. Id.

For the purposes of a Rule 12(b)(6) motion to dismiss, the court may consider the allegations in the complaint, any attached exhibits, and any matters subject to judicial notice. Fed.R.Civ.P. 12(b); *LLC v. F.D.I.C.*, 244 F.3d 193 (1st Cir.2001). All

well-pleaded facts are taken as true, and the pleading is viewed in the light most favorable to the plaintiff. *Cooperman v. Individual, Inc.*, 171 F.3d 43 (1st Cir.1999). Jahm, however, may not rest his case on subjective characterizations or conclusory statements unsupported by pleaded facts. *Eggert v. Merrimac Paper Co., Inc. Leveraged Employee Stock Ownership Plan*, 311 F. Supp. 2d 245, 257 (D. Mass. 2004) (conclusory allegations unsupported by actual facts warrant dismissal). In order to withstand a Rule 12(b)(6) challenge, Jahm must allege facts, either directly or indirectly, that satisfy each required element under an actionable legal theory of recovery. *Aulson v. Blanchard*, 83 F.3d 1 (1st Cir.1996).

**Argument**

I. <u>The Failure To Set Forth Facts Sufficient To Support A Viable Legal Claim Against Kemper Warrants Dismissal.</u>

Jahm's complaint involves a challenge to a Michigan state court judgment rendered in a case in which he was the plaintiff. The complaint filed in this Court appears to contain twelve claims. It is Jahm's obligation to allege facts sufficient to support the essential elements of each of the asserted claims. *Romero-Barcelo v. Hernandez-Agosto*, 75 F.3d 23 (1st Cir.1996). He has not satisfied his obligation with respect to Kemper, and in all likelihood with respect to any of the defendants.

While it is named in the caption, Kemper is not mentioned once within the body of Jahm's complaint. Only one statement might be construed to be applicable to Kemper. On page five, the complaint

states: "Michigan State employee and Others including defendant attorney Craig Nolan (P30717), and including insurance companies together has conspire against plaintiff." Jahm does allege that Kemper is one of these insurance companies, or provide any facts from which one might discern Kemper's role in this alleged conspiracy. This is not enough to sustain a viable case. In the absence of any alleged facts that directly or indirectly connect Kemper to any of Jahm's claims, the complaint fails under Rule 12(b)(6) and must be dismissed.

### Conclusion

Kemper respectfully requests that its Rule 12(b)(6) motion be granted.

KEMPER INSURANCE COMPANIES

/s/ Robert P. Powers

Robert P. Powers, BBO #544691
Evan C. Ouellette, BBO #655934
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
617-523-6200
rpowers@melicklaw.com

### Certificate of Service

I certify that Kemper's Rule 12(b)(6) Motion and Supporting Memorandum filed through the ECF system on February 14, 2006, will be electronically sent to registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be mailed to non registered participants.

/s/ Robert P. Powers
Robert P. Powers, BBO No.544691
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
617-523-6200