UNITED STATES DISTRICT COURT
District of Massachusetts
1 courthouse way, suite 2300
Boston, Massachusetts. 02210
617-748-9152



FILED
IN CLERKS OFFICE
2006 MAR -1 P 1: 17
U.S. DISTRICT COURT
DISTRICT OF MASS.

Rashid Jahm
    Pro se
    Plaintiff
Vs
Kemper Insurance Companies
Attorney for Defendant
Robert P. Powers
Melick, Porter& Shea, LLP
28 State Street
Boston, MA 02109-1775
617-523-6200

Case No:05CV11638-JLT
**Jury Trial Demanded**

**Plaintiff Answer to Motion of Kemper's rule 12 (b) (6)**

Plaintiff believes that Kemper insurance was the insurer of police car who ran in to plaintiff's car. But Midwest Claim was the handler of the claim. plaintiff can prove set of facts, consistent with the complaint, which would entitle the plaintiff to relief.'" *Orwick v. Seattle*, 103 Wn.2d 249, 254, 692 P.2d 793 (1984) (quoting *Corrigal v. Ball & Dodd Funeral Home, Inc.*, 89 Wn.2d 959, 961, 577 P.2d 580 (1978)). Under this rule, a plaintiff's allegations are presumed to be true. *Lawson v. State*, 107 Wn.2d 444, 448, 730 P.2d 1308 (1986); Bowman v. John Doe, 104 Wn.2d 181, 183, 704 P.2d 140 (1985).

1: Kemper is responsible if Kemper hired Midwest claim for processing and providing funding for defending the case.

2: Who had relationship with Craig Noland?

3: Through research plaintiff have found out through third party that some check were issues on plaintiff name but plaintiff has no knowledge about these checks where and who cashed them.

WHEREFORE Plaintiff do request to Hon. Court to order discovery and plaintiff demand equally relief from all defendants.

Very truly yours

Rashid Jahm
49 Hallenan ave
Lawrence, MA. 01841
978-258-9419

## CERTIFICATE OF SERVICE

Dear Clerk

I hereby certify that a true copy of the foregoing document was served on all know parties herein by causing a copy of the same to be mailed, postage prepaid on February 27, 06.