UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RASHID JAHM, | CASE NO. 05-CV-11638-JLT |
| Plaintiff, | Hon. Joseph L. Tauro |
| v | |
| DENNIS D. LEIBER, ET AL | |
| Defendants. | |

_____/

**BRIEF IN SUPPORT OF DEFENDANT GEORGE L. McCARGAR'S
MOTION FOR ORDER GRANTING LEAVE TO ATTEND
SCHEDULING CONFERENCE VIA TELEPHONE**

Defendant George L. McCargar submits the following brief in support of his Motion For Order Granting Leave To Attend Scheduling Conference Via Telephone.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This action originates from an automobile accident in Kent County, Michigan. Plaintiff was injured in the accident and filed a personal injury action in the State of Michigan Kent County Circuit Court. The defendants in the personal injury action were a police officer and his employer, the City of Walker, a Michigan municipality.

Defendant George L. McCargar ("McCargar") was an associate of the law firm Bransdorfer & Bransdorfer, PC, which initially represented Plaintiff in his personal injury action. As an associate of that firm, McCargar was not the lead attorney on the case. McCargar performed his duties in accordance with the Michigan Rules of Professional Conduct and under the supervision and direction of Stephen C. Bransdorfer, a principal and shareholder of the firm. As an associate of the firm representing Plaintiff, McCargar's duties primarily involved matters relating to discovery.

1

In October of 2000, the firm of Bransdorfer & Bransdorfer, PC merged with the firm Russell & Batchelor, LLP and formed Bransdorfer & Russell, LLP.[1]  McCargar continued to work as an associate for that new firm. However, after the merger, McCargar had very little involvement in Plaintiff's personal injury case.

Plaintiff's personal injury case was tried to a jury. McCargar had absolutely no involvement in the jury trial. He did not participate in any representation of Plaintiff regarding the actual trial nor did he discuss the trial with, Stephen C. Bransdorfer or David C. Bransdorfer, the attorneys who appeared on behalf of Plaintiff at the trial. With the exception of discovery and related matters that took place prior to trial, McCargar had no contact or communication with the attorneys that represented the defendants in the personal injury case.

The jury found for the defendants in Plaintiff's state court personal injury case. On October 4, 2002, a judgment was entered in favor of those defendants. McCargar had no involvement with post-trail proceedings. On October 4, 2002, upon the motion for withdrawal filed by Bransdorfer & Russell, LLP, an Order Authorizing Withdrawal of Counsel for Plaintiff Rashid A. Jahm was entered in Plaintiff's personal injury case. A copy of that Order is attached to this brief as Exhibit 1 and to the Answer filed by McCargar.

Unbeknownst to McCargar, Plaintiff attempted to appeal the state court judgment. His appeal was dismissed. Plaintiff then filed *pro se* an action in the State of Michigan Kent County Circuit Court, Case No. 02-10523-NI, against the City of Walker and Mr. Craig Noland ("Noland"), the attorney that represented the defendants in the personal injury action. Like the instant case, Plaintiff alleged that Noland violated his constitutional rights and falsified photographs that were admitted into evidence. Plaintiff's *pro se* action against Noland and the City of Walker was decided by an Order

---

[1] In October 2003, Stepehen C. Bransdorfer retired from the practice of law. The law firm Bransdorfer & Russell, LLP has been dissolved and is no longer in existence.

2

granting the defendants in that action summary disposition on the grounds that the claims were *res judicata* and that the constitutional claims could not be sustained because the defendants were not state actors. (Exhibit 2, Opinion and Order, Hon. Dennis B. Leiber.)

McCargar has no connection with the Commonwealth of Massachusetts. He resides in the State of Michigan. (Exhibit 3, Affidavit of George L. McCargar.) As fully set forth in McCargar's brief in support of his motions for dismissal under Rule 12(b) and(c), previously filed with the Court, this Court does not have personal jurisdiction over McCargar nor subject matter jurisdiction. Furthermore, to the extent Plaintiff is making pendant state claims, they are barred by Michigan's statute of limitations applicable to an action charging attorney malpractice. In addition, venue is not properly in this Court.

McCargar received Plaintiff's Complaint via U.S. mail at his office in Grand Rapids, Michigan. No summons was included nor was a request for waiver provided. Notwithstanding that Plaintiff's service and venue are improper, and that this Court lacks jurisdiction, McCargar filed responsive pleadings including motions for dismissal under Rule 12(b) and (c) and an Answer. All of the other defendants have filed similar pleadings seeking dismissal of Plaintiff's claims or, alternatively, a change of venue.

The Court has set a Scheduling Conference for March 20, 2006, pursuant to Fed. R. Civ. P. 16(b) and LR 16.1. Pursuant to Local Rule 7.1, in a telephone conversation on March 1, 2006, McCargar discussed this motion with Plaintiff and Plaintiff concurred with the motion. Given the circumstances of this case, and for the reasons fully explained below, McCargar is seeking an order permitting him to participate in the Scheduling Conference via telephone.

## II.   LAW AND ARGUMENT

Fed.R.Civ.P. 16(b) provides that the district judge or magistrate judge may consult with attorneys for the parties and any unrepresented parties by "[a] scheduling

3

conference, telephone, mail or other suitable means" regarding entering a scheduling order. Fed.R.Civ.P. 16(b). Subpart (c)(16) of that Rule provides in part: "If appropriate, the court may require that a party or its representative be present or reasonably available by telephone to consider possible settlement of the dispute."

McCargar is a resident of Michigan where he works as an attorney in a small law firm. He would not be involved in this case except that he was formerly an associate of the firm that represented Plaintiff in a personal injury action over five years ago. McCargar's representation of Plaintiff in his personal injury action was limited to pre-trial proceedings. At all times, his representation was diligent, competent and in accordance with the Michigan Rules of Professional Conduct. Plaintiff's conclusory claims that McCargar somehow conspired with opposing counsel or other defendants to violate his constitutional rights, particularly in view of the fact that McCargar was not involved in *any* manner with the trial of Plaintiff's personal injury case, are completely without merit. In fact, the opposite is true. As an associate of the firm that represented Plaintiff in a difficult personal injury case, McCargar vigorously advocated Plaintiff's claims. Moreover, McCargar does not have even minimal contacts with the Comonwealth of Massachusetts such that it would be fair or reasonable to have him defend a case in this honorable Court. (See Exhibit 3.)

Because of the undue financial burden when weighed against the merits of Plaintiff's claims, McCargar has not retained counsel in Massachusetts. Similarly, requiring McCargar to appear in person at the Scheduling Conference will also result in substantial travel costs and an undue financial burden.

In view of the undisputed factual and procedural circumstances of this case, the undue financial burden and the reasonable likelihood that this Court will grant in whole or in part the pending motions for dismissal or change of venue, it is not only "appropriate" and "suitable," but also fair and reasonble, to permit McCargar to participate in the Scheduling Conference by telephone. Plaintiff has concurred with this

4

motion. Accordingly, McCargar respectfully requests entry of an order allowing him to participate in the Scheduling Conference via telephone.

### III. CONCLUSION

McCargar is not seeking special treatment. He is simply requesting that, when determining whether it is appropriate to permit him to attend the Scheduling Conference by telephone, just as this Court will fairly and reasonably consider Plaintiff's claims in accordance with applicable law, that it equally consider all of the circumstances in this case and the merits of McCargar's defenses.

Respectfully Submitted,

Dated: 2/24/06

_George L. McCargar_
George L. McCargar, III (P45588)
161 Ottawa Ave. N.W. Ste. 411-S
Grand Rapids, Michigan 49503
(616) 774-8422

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

RASHID A. JAHM,

        Plaintiff,

v.

CITY OF WALKER, a Michigan Municipal Corporation and EUGENE E. KARS,

        Defendants.

File No.: 00-08794-NI

HON. DENNIS B. LEIBER

EXHIBIT 1
Def. McCargar

BRANSDORFER & RUSSELL, LLP
Stephen C. Bransdorfer (P11133)
George L. McCargar III (P45588)
Attorneys for Plaintiff
161 Ottawa Avenue, NW
Suite 411-S
Grand Rapids, MI 49503
(616) 774-8422

SMITH, HAUGHEY, RICE & ROEGGE
Craig R. Noland (P30717)
Attorneys for Defendant
200 Calder Plaza Building
250 Monroe, NW
Grand Rapids, MI 49503-2251
(616) 774-8000

## ORDER AUTHORIZING WITHDRAWAL OF COUNSEL FOR PLAINTIFF RASHID A. JAHM

Trial by jury in this cause having been completed and Bransdorfer & Russell, LLP, as successor to Bransdorfer & Bransdorfer, P.C., having filed a Motion for Withdrawal as Counsel for Plaintiff Rashid A. Jahm in accordance with Rule of Professional Conduct 1.16(b)(3) and (b)(5) and the Court having heard said counsel and having heard Plaintiff at the hearing on this matter held October 4, 2002 and being fully advised in the premises,

IT IS ORDERED that the Motion to Withdraw as Counsel for Plaintiff, as to Bransdorfer & Russell, LLP and Bransdorfer & Bransdorfer, P.C., be and the same is granted with said counsel to take all necessary actions in accordance with Rule of Professional Conduct 1.16(d).

Dated: October 4, 2002

DENNIS B. LEIBER
_____
Hon. Dennis B. Leiber

Attest: A True Copy

DB



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KENT
****************************

RASHID JAHM,

        Plaintiff,

v.

CITY OF WALKER, a Michigan Municipal Corporation, and CRAIG NOLAND,

        Defendants.
_____/

Case No. 02-10523-NI

Hon. Dennis B. Leiber

Opinion & Order

    To the extent[1] that the Plaintiff alleges claims raised in 00-08794-NI, this Court GRANTS the Defendants' motions for summary disposition because this Court does not have jurisdiction of the cause while it is on appeal. MCR 2.116(C)(4), (6).

    To the extent that the Plaintiff alleges claims that *could have been* raised in 00-08794-NI, this Court GRANTS the Defendants' motions for summary disposition pursuant to basic principles of *resjudicata*. In sum, there is not an issue concerning any material fact and, thus, summary disposition of this claim is appropriate. MCR2.116(C)(10).

    To the extent that the Plaintiff alleges claims arising out the Defendant's actions during the representation of his client during the duration of 00-08794-NI, this Court GRANTS the Defendants' motions for summary disposition because counsel does not own "an actionable duty to an adverse party." Friedman v. Dozorc, 412 Mich. 1, 20 (1981). The Plaintiff was such an adverse party. In sum, there is not an issue concerning any material fact and, thus, summary disposition of this claim is appropriate. MCR 2.116(C)(10).

    Finally, to the extent that the Plaintiff raises claims of constitutional origin, this Court GRANTS the Defendants' motions for summary judgment. Such claims require a defendant who is a *state actor*. The Defendant is not a *state actor*. In sum, there is not an issue concerning any material fact and, thus, summary disposition of this claim is appropriate. MCR 2.116(C)(10).

*It is so ordered.*

JRL1S72 PG052S

---

[1] It is not clear exactly what the Plaintiff is alleging. This Court commends the Defendants for their professionalism in dealing with this matter.

RECD ft FILED

JAN Q 7 2003

EXHIBIT 3

JUDGE LEIBER

Dated this 1^ day of &W***, 2003  
at Grand Rapids, Kent County, Michigan.

Dennis B. Leiber, Circuit Judge

ATTEST: A TRUE COPY

_____  
Deputy County Clerk

JL1672 PG0530

2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**RASHID JAHM,**

    Plaintiff,

v

**DENNIS D. LEIBER, ET AL**

    Defendants.

_____/

**CASE NO. 05-CV-11638-JLT**

**Hon. Joseph L. Tauro**

## AFFIDAVIT OF GEORGE L. McCARGAR

George L. McCargar, the undersigned, being duly sworn deposes and states that he has personal knowledge of the facts set forth in this Affidavit and, if called as a witness, he will testify as follows.

1. I am a defendant in the above-captioned case.

2. I reside in the State of Michigan and I have no property or other economic connection to the Commonwealth of Massachusetts.

3. During the time period relevant to this case, I was employed as an associate attorney in the law firms Bransdorfer & Bransdorfer, PC and Bransdorfer & Russell, LLP.

4. The legal services I provided Plaintiff as an associate of the law firms identified above primarily involved discovery proceedings in a personal injury action filed in the State of Michigan Kent County Circuit Court, Case No. 00-0874-NI. I did not represent Plaintiff in the trial of that action nor was I involved in the trial in any manner. All legal services I provided Plaintiff were in accordance with the Michigan Rules of Professional Conduct.

5. I received the Complaint filed in the above-captioned case via U.S. mail at my current business address. No summons or waiver were delivered with the Complaint.

6. I contacted Plaintiff by telephone on March 1, 2006 regarding my motion for leave to attend the Scheduling Conference by telephone. The Plaintiff concurred in the motion.

7. I am seeking leave to attend the Scheduling Conference via telephone because of the undue financial burden which will result if I am required to appear in person and because of the pending motions for dismissal and change of venue that are before the Court.

Date: 3/1/06

_____
George L. McCargar III

Subscribed and sworn to before me this
1st day of March, 2006.

_____
Sandra J. Rickert, Notary Public
Kent County, Michigan acting in
Kent County, Michigan.
My commission expires: 12-20-06