UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RASHID JAHM,

        Plaintiff,

v

MICHIGAN STATE, STATE OF MICHIGAN, DENNIS D. LEIBER, MARY KELLY, JENNIFER M. GRANHOLM, PAUL J. FISCHER, CRAIG NOLAND, KEMPER INSURANCE PRESIDENT CLAIM DEPARTMENT, CATHERINE GARCIA-LINDSTROM, GEORGE S. BUTH, SHAWN M. BREIMAYER, STEPHEN C. BRANDSDORFER, STEVEN C. COUCH, GEORGE L. McGARGER and MIDWEST CLAIMS SERVICES,

        Defendants.

No. 1:05-CV-11638-JLT

HON. JOSEPH L. TAURO

---

Rashid Jahm
In *ProPer*
49 Halleman Avenue
Lawrence MA 01841
(617) 780-1704

Mark E. Donnelly  (P39281)
Attorney for Defendants Fisher and the Michigan Judicial Tenure
Michigan Department of Attorney General
Public Employment, Elections & Tort Division
P.O. Box 30736
Lansing, MI  48909
(517) 373-6434

Judy E.  Bregman (P32252)
Bregman & Welch
Attorney for Defendants Leiber, Buth, Kelly and Breimayer
212 Washington
PO Box 885
Grand Haven, MI 49417
(616) 846-3145

Patrick J. Dolan, BBO#56450
Peabody & Arnold LLLP
Attorneys For Defs Garcia-Lindstrom, City Of Walker Police Dept., And Midwest Claims Services, Inc.
30 Rowes Wharf
Boston MA 02110
(617) 951-2100

Thomas R. Meagher
Foster, Swift, Collins & Smith, P.C.
313 S Washington Square
Lansing MI 48933

Robert P. Powers
Melick, Porter & Shea, LLP
Attorney For Def Kemper Insurance Co.
28 State Street
Boston, MA 02109-1775
(617) 523-6200

George L. McCarger
161 Ottawa , Nw
Suite 411-S
Grand Rapids MI 49503

| | |
|---|---|
| John A. Christopher<br>Spitzer, Christopher & Arvanites<br>Attorneys for Defendant Defendants Leiber,<br>Buth, Kelly and Breimayer<br>199 Rosewood Drive, Ste 350<br>Danvers, MA 01923<br>(978) 521-0940 | Stephen J. Duggan<br>Lynch & Lynch<br>Attorney for Defendant Noland<br>45 Bristol Drive, Third Floor<br>South Easton, MA 02375<br>(508) 230-2500 |

**BRIEF IN SUPPORT OF DEFENDANTS FISHER, GRANHOLM, STATE OF MICHIGAN AND MICHIGAN STATE'S MOTION FOR ORDER GRANTING LEAVE TO ATTEND SCHEDULING CONFERENCE VIA TELEPHONE**

Defendants Fisher, Granholm, State of Michigan and Michigan State submit the following brief in support of their Motion for Order Granting Leave to Attend Scheduling Conference via Telephone.

This action originates from an automobile accident in Kent County, Michigan. The plaintiff was injured in the accident and filed a personal injury action in the Kent County Circuit Court. The defendants in the personal injury action were a police officer and his employer, the City of Walker, a Michigan municipality.

The plaintiff's personal injury case was tried to a jury. The jury found for the defendants in the plaintiff's state court personal injury case. On October 4, 2002, a judgment was entered in favor of those defendants. The plaintiff attempted to appeal the state court judgment. His appeal was dismissed.

The plaintiff then filed pro se an action in the State of Michigan Kent County Circuit Court, Case No. 02-10523-NI, against the City of Walker and Mr. Craig Noland ("Noland"), the attorney that represented the defendants in the personal injury action. Like the instant case, the plaintiff alleged that Noland violated his constitutional rights and falsified photographs that were admitted into evidence. The plaintiff's pro se action against Noland and the City of Walker was decided by an order granting the defendants in that action summary disposition on the grounds

2

that the claims were *res judicata* and that the constitutional claims could not be sustained because the defendants were not state actors.[1]

Apparently dissatisfied with the outcome of his civil cases, plaintiff filed a complaint against Judge Lieber with Michigan's Judicial Tenure Commission. The commission dismissed the plaintiff's complaint and so the plaintiff has filed this federal civil rights action in U.S. District Court in Massachusetts against the State of Michigan, Governor Granholm and Paul Fischer, the executive director of the Michigan Judicial Tenure Commission.

The court lacks subject matter jurisdiction over plaintiff's complaint against the State of Michigan defendants because it is barred by Eleventh Amendment immunity. The plaintiff's complaint is also barred because this court lacks personal jurisdiction over the State of Michigan defendants because none of them have any connection with the Commonwealth of Massachusetts. Even if this court had jurisdiction over the State of Michigan defendants, venue is improper.[2]

The Court has set a Scheduling Conference for March 20, 2006, pursuant to Fed R Civ P 16(b) and LR 16 1. Pursuant to Local Rule 7.1, in a telephone conversation on March 6, 2006, counsel for the State of Michigan defendants discussed this motion with the plaintiff and he concurred with the motion. Given the circumstances of this case, and for the reasons explained below, counsel for the State of Michigan defendants is seeking an order permitting him to participate in the Scheduling Conference via telephone.

Fed R Civ P 16(b) provides that the district judge or magistrate judge may consult with attorneys for the parties and any unrepresented parties by " scheduling conference, telephone, mail or other suitable means" regarding entering a scheduling order, Fed R Civ P 16(b). Subpart

---

[1] (Exhibit 2 to Co-Defendant McGargar's Brief in Support of Motion to Appear at Scheduling Conference Via Telephone, Opinion and Order, Hon Dennis B. Leiber.)
[2] See all co-defendants' motions to dismiss.

(c)(16) of that Rule provides in part: "If appropriate, the court may require that a party or its representative be present or reasonably available by telephone to consider possible settlement of the dispute"

In view of the undisputed factual and procedural circumstances of this case, the undue financial burden and the reasonable likelihood that this Court will grant in whole or in part the pending motions for dismissal or change of venue, it is not only "appropriate" and "suitable," but also fair and reasonable, to permit counsel for the State of Michigan defendants to participate in the Scheduling Conference by telephone. Plaintiff has concurred with this motion. Accordingly, counsel for the State of Michigan defendants respectfully request entry of an order allowing him to participate in the Scheduling Conference via telephone.

Plaintiff's complaint against the State of Michigan defendants is, on its face, clearly frivolous. The court lacks jurisdiction over plaintiff's complaint against the State of Michigan defendants. Defendants Fisher, Granholm, State of Michigan and Michigan State respectfully request that they, through their counsel, be permitted to attend the scheduling conference via telephone.

        Respectfully submitted,

        MICHAEL A. COX
        Attorney General

        */s/ Mark E. Donnelly*
        Mark E. Donnelly (P39281)
        Assistant Attorney General
        Public Employment, Elections
        &Tort Defense Division
        P.O. Box 30736
        Lansing, Michigan 48909-8236
        Telephone: (517) 373-6434

Dated: March 6, 2006
2000/Jahm/Brf4Lv Sch Conf

Certificate of Service

    I, <u>Mark E. Donnelly</u>, Assistant Attorney General, hereby certify that I have on this day served the above document upon all parties by electronic notice to ECF registered parties and by mailing a copy first class, postage prepaid to: Rashid Jahm, pro se, 49 Halleman Avenue, Lawrence, MA 01841.

                                                                          s/ Mark E. Donnelly
                                                                          Mark E. Donnelly (P39281)
                                                                          Assistant Attorney General
                                                                          Michigan Department of Attorney General
                                                                          P.O. Box 30736
                                                                          Lansing, MI 48909
                                                                          (517) 373-6434

Date: March 6, 2006