UNITED STATES DISTRIC COURT
District of Massachusetts
1 courthouse way, suite 2300
Boston, Massachusetts. 02210
617-748-9152

Rashid Jahm                                           Case No:05CV11638-JLT
    Pro se                                        **Jury Trial Demanded**
    Plaintiff
Vs
Dennis B. Leiber et al
John A. Christopher
Spitzer, Christopher & Arvanites
Attorney for defendant
Northwoods business Park
199 Rosewood drive, suite 350
Danvers, MA. 01923
978-777-5100
    Defendant


**Plaintiff Answer to Defendant's (Leiber, Buth, Kelly and Breimayer)
Motion For Summery Judgment**


NOW COME plaintiff who has provided proof for wrong doing by defendant in his complaint against defendant. Defendants have failed to answer to plaintiff complaint instead come up with untruthful facts story which to much away from the facts and try to confuse to Court. Why don't just admit it and done with it.

Plaintiff believes no judicial immunity for violation of plaintiff's civil right and Acts in excess of judicial authority which constitutes misconduct, particularly when Judge Dennis Leiber and other State employees deliberately disregards the requirements of fairness, violate plaintiff's constitutional right, unfaithful to his oath and due process. See *Cannon v. Commission on Judicial Qualifications,** (1975) 14 Cal. 3d 678, 694.

1. Plaintiff can prove set of facts, consistent with the complaint, which would entitle the plaintiff to relief."' Orwick v. Seattle, 103 Wn.2d 249, 254, 692 P.2d 793 (1984) (quoting Corrigal v. Ball & Dodd Funeral Home, Inc., 89 Wn.2d 959, 961, 577 P.2d 580 (1978)).

2. In 1996, Congress passed a law to overcome this ruling, which stated that judicial immunity doesn't exist; citizens can sue judges for prospective injunctive relief. See **Pulliam v. Allen**, 466 U.S. 522 (1984); 104 S. Ct. 1781, 1980, 1981, and 1985

3. Plaintiff believes Defendants state officials acted in violation of federal law. See **Warnock v. Pecos County**, Texas. 88 F3d 341 (5th Cir. 1996)

4. Plaintiff's Denial of Constitutional right and refusing to hear plaintiff's motion by Judge Dennis Leiber and Judge Buth did not inquiry on letter sent to him by Michigan Supreme court State Court Administrative office that was a denial of due process of law". **Simmons v. United States**, 390 U.S. 377 (1968)

**2: Plaintiff side Facts**

This case was given to Judge Donald Johnston by Computer selection. **EXHIBIT (A) PAGE** 1. Computer selects the Judge. Judge Donald Johnston was Trial Judge from 2000 to August 2002 on this case and he knew all about the case. Both side parties met for final settlement conference with Judge Donald Johnston. Defendant refused the offer and Judge Donald Johnston order the case for trial date.

Both parties went to Judge Donald Johnston Court for jury selection. But all the sudden between two days of talking between both attorneys going back and forth in the Judge chamber. Plaintiff waited two days out side the Judge Donald Johnston Court room. News came through plaintiff's attorney that Trial will be held in New Judge Dennis Leiber Court and Jury selection will be in his Court.

When Plaintiff filed second case instead of giving case to Judge selected by the computer. Instead Clerk of the court gave Plaintiff Judge Dennis Leiber. Even though plaintiff insisted that he should be given judge by computer selection. But Clerk refused and said you will only get Judge Dennis Leiber.

1:Out come of the case made by conspiracy, violation of due process. 2: tampering of the transcript by Court reporter. 3: Dennis Leiber allowed altered and tampered pictures by Craig Noland in to the trial. 4: Planting the jury member to get benefit..5: Remarks by Dennis Leiber that defendant did not have X rays vision to see plaintiff.6: Not going with police report which show there was not any obstruction to seeing plaintiff car.

Plaintiff is not agreeing with defendants facts story why don't defendants admit the fact. That they did in fact conspire, fraud, violate, when plaintiff have given proof. Defendants still confusing to the Court.

It was not the wait for the judge it was the wait for the freelance Reporter breimayer who was off that day She was specially brought to report. Plaintiff can proof.

**3: The Rooker- Feldman Doctrine.**

The Rooker- Feldman Doctrine is way off to apply in this case because plaintiff has filed fraud and conspiracy case against state judicial, official and individual in the federal Court. Who has intentionally and knowingly harm plaintiff. Following the reason

1: Court reporter was not reporting some of the report. **EXHIBIT (B) 1**. That is not The Rooker- Feldman Doctrine EXHIBIT (B) 1

2: Dennis Leiber intentionally refused to accept Testimony of Dr Payne Ph. D. That is not The Rooker- Feldman Doctrine EXHINIT (B) 2.

3: Officer Kar admit that there was not any obstruction in the intersection to see plaintiff car but Dennis Leiber said that officer Kar did not have X ray vision to see plaintiff car in the intersection. That is not The Rooker- Feldman Doctrine **Exhibit (B) Page 3, see Oct. 4 02 report.**

4: Forcing Plaintiff to accept Oct. 4,02 when plaintiff don't want to accept it because of fraud. That is not The Rooker- Feldman Doctrine EXHIBIT (B) 5

5: dennis Leiber allowed tampered and altered in to the trial document, Photos presented by Craig Noland tampered. that is not The Rooker- Feldman Doctrine

Plaintiff cannot get justice in Michigan State because what plaintiff has seen what goes on. That kind of case only federal court can hear.

Plaintiff is not agreeing with line No. 4 of all Affidavits. It is confusing to me.

The entire defendants are financially well to defend in this court.

WHEREFORE Plaintiff requests a sworn statement with proof from defendant Dennis Leiber and request to Hon. Court for relief to plaintiff from defendant and plaintiff request jury trial. So jury can decide the relief for plaintiff. And penalize the defendant in a way that it should not happen again.

Dated: March 01, 2006

Rashid Jahm
Pro se

49 Hallenan Ave
Lawrence, MA.01841
978-258-9419

Ex B (A)

(i)

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

RASHID A. JAHM,

    Plaintiff,      FILE NO. 00-08794-NI

v.        HON. DONALD A. JOHNSTON

CITY OF WALKER,
a Michigan Municipal Corporation
and EUGENE E. KARS,

    Defendants.

_____/

**Plaintiff's Request For Jury Instructions**
**Attachment 1**

```
 1   should not attack me personal and bring it to my -- that is
 2   a lie.  That's under PRE 405 and 404.  No correct --
 3        THE COURT:  Slow down.  You're talking too fast.  My
 4   court reporter can't keep up with you, and I don't know
 5   what PRE is.  What is PRE?
 6        MR. JAHM:  Well, I don't know.  That's what I read
 7   it in the law book, which I can explain it, you know.  I
 8   thought the Court will know what PRE mean.
 9        THE COURT:  Well, I don't know, sir.  I have lots of
10   letters.  I have to learn.
11        MR. JAHM:  I'm sorry.
12        THE COURT:  It has no magic significance.
13   Professional rule of evidence, I don't know what it is.
14        MR. JAHM:  It says -- if you want me to read it, I
15   can read it.
16        THE COURT:  No.  It's just gobbledygook.  It's
17   nothing unless there's a context.  All of these concerns
18   that you have I'm not going to try to dissuade you --
19        MR. JAHM:  Your Honor, who is the court reporter
20   that's reporting that?
21        THE COURT:  This young lady is the court reporter.
22        MR. JAHM:  She is the reporter.
23        THE COURT:  She is taking everything down, but you
24   talk so fast because of your condition that I can't follow
25   you and we're not making a proper record.  Now, I've tried
```

| | | |
|---|---|---|
| 1 | Q | I think Officer Kars drew in, in the accident -- |
| 2 | A | I read that, but I did not get it and I can't even -- I |
| 3 | | don't even try to guess what they're saying because I'm not |
| 4 | | there.  Where was this car -- where was that -- no, I |
| 5 | | didn't see that. |
| 6 | Q | But there was some discussion in the deposition, you recall |
| 7 | | that there -- that at least according to Officer Kars that |
| 8 | | there were other vehicles southbound who had stopped.  And |
| 9 | | you would agree that that situation may potentially, at |
| 10 | | least, put Officer Kars in a situation where he cannot -- |
| 11 | | you know, all of the sudden now you've got an obstruction |
| 12 | | of vision. |
| 13 | A | Could be.  *I don't know.* |
| 14 | Q | But that -- all right.  It doesn't matter to you if that |
| 15 | | *was the fact or not?* |
| 16 | A | Well, I don't know what the facts are and I *don't know who* |
| 17 | | they -- |
| 18 | Q | All right.  Have you -- you've commented a few times that |
| 19 | | you do not approve of the City of Walker's policy as it |
| 20 | | characterizes a burglar alarm as an emergency response. |
| 21 | | You don't approve of that? |
| 22 | A | Well, I'm not -- I think what I read -- if that's their |
| 23 | | policy, that one-page document is very poor policy.  It |
| 24 | | doesn't give much guidance.  It's vague and I'm sure it was |
| 25 | | written by -- under the former chief, not the current |

Ex B (3)

Page 65

|   |    |   |
|---|---|---|
| 1 |    | They were not in the two traffic lanes immediately to your |
| 2 |    | left. And when I say, "immediately to your left," I'm |
| 3 |    | talking -- |
| 4 | A. | You're talking about Three Mile Road, not Alpine. |
| 5 | Q. | That is correct. |
| 6 | A. | Correct. |
| 7 | Q. | All right. So, when you started, there was nothing in |
| 8 |    | those two lanes on Three Mile Road that obstructed your |
| 9 |    | view of Mr. Jahm's car? |
| 10 | A. | No. Those are westbound lanes. |
| 11 | Q. | And they were clear? There was nothing there that |
| 12 |   | prevented you from seeing his car, correct? |
| 13 | A. | In the intersection. |
| 14 | Q. | That's what I'm talking about. |
| 15 | A. | No. |
| 16 | Q. | Okay. Thank you. Now, looking at Photograph 12, there's |
| 17 |   | a piece of metal that's depicted in Exhibit 12 [sic]. |
| 18 | A. | Yes. |
| 19 | Q. | And isn't that part of the vehicle that Mr. Jahm was |
| 20 |   | driving? |
| 21 | A. | I believe it was. |
| 22 | Q. | Okay. And that's also shown in Exhibit 11 [sic]? |
| 23 | A. | Yes. |
| 24 | Q. | And am I correct, so far as you know, that part of his car |
| 25 |   | was not moved before the picture was taken? That's |



A RECORD OF EXCELLENCE

Troy          Lansing          Grand Rapids
                               616-456-6300

Jahm then made a statement to the Court making specific complaints about why the trial was not conducted fairly and contained prejudicial statements made by Noland. He referred to "9-11." He also referred to Officer Kars not putting on the brakes of his car when he struck Rashid Jahm's car. He showed the Judge two pictures of the post that Rashid Jahm's car hit when sliding off the road in the second automobile accident when he was returning from Ann Arbor. The Judge told him that had these been submitted, he would not have permitted them into evidence because of the confusion those exhibits would have created. The Judge said, "That accident was not on trial." Following a heated and oblique type recitation by Jahm, the Judge raised his voice and told him to be quiet. He said the court reporter could not take down his statements because he was talking so fast.

Following the presentation by Jahm, Judge Leiber said that he was treating the information that Jahm supplied to the Judge at this hearing as a motion for a new trial. He then said he was denying the motion for a new trial for the reason that the proofs indicated that there was no negligence or gross negligence. He said the proofs showed that Officer Kars looked to his left before going into the intersection and striking Jahm's car. He said the vision was blocked by two vehicles that had stopped to the left of the intersection. Accordingly, he said this was a "accident without fault on any party." The Judge then said, "It's your decision whether you or your lawyer take an appeal." He referred to Rashid Jahm getting the Michigan Rules of Court by calling 1-800-328-9352. The Judge explained to him that he or his other possible lawyer had to comply with the Michigan Rules of Court as to any possible appeal.

The Judge then signed the Judgment and gave confirmed copies to Noland. Noland attempted to hand a copy to Jahm. Jahm refused to accept it saying, "Put it in the mail." Judge Leiber then shouted to Jahm, "You take that paper now. I am directing you to take that now." Jahm then accepted the copy of the Judgment.

Upon returning to the office, SCB prepared a letter of today's date, 10-4-02, to Rashid Jahm enclosing the Proof of Service of the Order of Withdraw of Counsel. The letter to Jahm was mailed today also enclosing a copy of the Judgment and a copy of the applicable court rules dealing with judgment and possible appeal. The letter also stated that this office would be fully cooperative in making available all files in this case.

```
                                        Lawrence, MA.01841
                                        978-258-9419
```

CC:
Document mailed by us postal to all
Patrick Dolan
John A. Christopher
Stephen J. Duggan
Juliana deHaan rice
George L. McCarger
Mark E. Donnelly (P39281) Pro Hac Vice
Robert P. Powers,
Thomas R. Meagher
Judy E. Bregman

## CERTIFICATE OF SERVICE

Dear Clerk

I hereby certify that a true copy of the foregoing document was served on all

know parties herein by causing a copy of the same to be mailed, postage

prepaid on March 01, 06.

Respectfully                              Dated: 03-01-06
Rashid jahm
49 Hallenan Ave
Lawrence, MA.01841
978-258-9419