UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RASHID JAHM,

        Plaintiff,

v

MICHIGAN STATE, STATE OF MICHIGAN, DENNIS D. LEIBER, MARY KELLY, JENNIFER M. GRANHOLM, PAUL J. FISCHER, CRAIG NOLAND, KEMPER INSURANCE PRESIDENT CLAIM DEPARTMENT, CATHERINE GARCIA-LINDSTROM, GEORGE S. BUTH, SHAWN M. BREIMAYER, STEPHEN C. BRANDSDORFER, STEVEN C. COUCH, GEORGE L. McGARGER and MIDWEST CLAIMS SERVICES,

        Defendants.

No. 1:05-CV-11638-JLT

HON. JOSEPH L. TAURO

---

Rashid Jahm
In *ProPer*
49 Halleman Avenue
Lawrence MA 01841
(617) 780-1704

---

Mark E. Donnelly  (P39281)
Attorney for Defendants Fisher, Granholm, State of Michigan and Michigan State
Michigan Department of Attorney General
Public Employment, Elections & Tort Division
P.O. Box 30736
Lansing, MI  48909
(517) 373-6434

Judy E.  Bregman (P32252)
Bregman & Welch
Attorney for Defendants Leiber, Buth, Kelly and Breimayer
212 Washington
PO Box 885
Grand Haven, MI 49417

Patrick J. Dolan, BBO#56450
Peabody & Arnold LLLP
Attorneys For Defs Garcia-Lindstrom, City Of Walker Police Dept., And Midwest Claims Services, Inc.
30 Rowes Wharf
Boston MA 02110
(617) 951-2100

Thomas R. Meagher
Foster, Swift, Collins & Smith, P.C.
313 S Washington Square
Lansing MI 48933

Robert P. Powers
Melick, Porter & Shea, LLP
Attorney For Def Kemper Insurance Co.
28 State Street
Boston, MA 02109-1775
(617) 523-6200

George L. McCarger
161 Ottawa , Nw

(616) 846-3145

John A. Christopher
Spitzer, Christopher & Arvanites
Attorneys for Defendant Defendants Leiber,
Buth, Kelly and Breimayer
199 Rosewood Drive, Ste 350
Danvers, MA 01923
(978) 521-0940

Suite 411-S
Grand Rapids MI 49503

Stephen J. Duggan
Lynch & Lynch
Attorney for Defendant Noland
45 Bristol Drive, Third Floor
South Easton, MA 02375
(508) 230-2500

**DEFENDANTS STATE OF MICHIGAN, MICHIGAN STATE, GOVERNOR JENNIFER M. GRANHOLM, AND PAUL J. FISCHER'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Fed R Civ P 10, Defendants State of Michigan, Michigan State, Governor Jennifer M. Granholm, and Paul J. Fischer adopt and incorporate by reference the facts and arguments set forth in the filings of the co-defendants.

This action originates from an automobile accident in Kent County, Michigan. The plaintiff was injured in the accident and filed a personal injury action in the Kent County Circuit Court. The defendants in the personal injury action were a police officer and his employer, the City of Walker, a Michigan municipality.

The plaintiff's personal injury case was tried to a jury. The jury found for the defendants in the plaintiff's state court personal injury case. On October 4, 2002, a judgment was entered in favor of those defendants. The plaintiff attempted to appeal the state court judgment. His appeal was dismissed.

The plaintiff then filed pro se an action in the State of Michigan Kent County Circuit Court, Case No. 02-10523-NI, against the City of Walker and Mr. Craig Noland ("Noland"), the attorney that represented the defendants in the personal injury action. Like the instant case, the plaintiff alleged that Noland violated his constitutional rights and falsified photographs that were admitted into evidence. The plaintiff's pro se action against Noland and the City of Walker was

2

decided by an order granting the defendants in that action summary disposition on the grounds that the claims were *res judicata* and that the constitutional claims could not be sustained because the defendants were not state actors.[1]

Apparently dissatisfied with the outcome of his civil cases, plaintiff filed a complaint against Judge Lieber with Michigan's Judicial Tenure Commission. The commission dismissed the plaintiff's complaint and so the plaintiff has filed this federal civil rights action in U.S. District Court in Massachusetts against the State of Michigan, Governor Granholm and Paul Fischer, the executive director of the Michigan Judicial Tenure Commission.

There are no allegations in the complaint against Defendants State of Michigan, Michigan State, Governor Jennifer M. Granholm. The allegations against Fischer are found at 46-50 of the complaint. The sum of plaintiff's allegations is that Fischer ignored the information that plaintiff submitted in his complaint to the Judicial Tenure Commission against Judge Lieber.

The court lacks subject matter jurisdiction over plaintiff's complaint against the State of Michigan defendants because it is barred by Eleventh Amendment immunity. The plaintiff's complaint is also barred because this court lacks personal jurisdiction over the State of Michigan defendants because none of them have any connection with the Commonwealth of Massachusetts. Even if this court had jurisdiction over the State of Michigan defendants, venue is improper.[2]

**1.      Plaintiff's claim is barred by Eleventh Amendment Immunity**

For over a century now, the United States Supreme Court has made it clear that the U.S. Constitution does not provide for federal jurisdiction over suits against non-consenting states. See, *College Savings Bank v Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 US 666, 670;

---

[1] (Exhibit 2 to Co-Defendant McGargar's Brief in Support of Motion to Appear at Scheduling Conference Via Telephone, Opinion and Order, Hon Dennis B. Leiber.)

119 S Ct 2219, 2223, 144 L.Ed.2d 605 (1999); *Seminole Tribe v Florida*, 517 US 44, 54, 116 S Ct 1114; *Hans v Louisiana*, 134 US 1, 15, 10 S Ct. 504, 33 L Ed 842 (1890). The claim against the State of Michigan/Michigan State is, therefore, jurisdictionally barred, and otherwise fails to state a claim.

Jurisdiction over plaintiff's claims against Governor Granholm is also barred by US Const, Amend XI. *Pennhurst v State School & Hospital v Halderman,* 465 US 89, 99-101; 104 S Ct 900; 79 L Ed 2d 67 (1984); *Seminole Tribe of Florida v Florida,* 517 US 44, 116 S Ct 114; 134 L Ed 2d 353 (1996). Additionally, Governor Granholm, as an officer of the State of Michigan, is not a "person" within the meaning of 42 USC §1983 and, thus, not subject to suit in her official capacity. *Will v Dept of State Police,* 491 US 58; 109 S Ct 2304; 105 L Ed 2d 45 (1989). The claim against Governor Granholm is, therefore, jurisdictionally barred, and otherwise fails to state a claim.

**2.      This court lacks jurisdiction over any of the State of Michigan defendants**

The plaintiff bears the burden of persuading the court that jurisdiction exists. *Mass. Sch. of Law v ABA*, 142 F3d 26, 34.

> On a motion to dismiss for want of in personam jurisdiction, Fed. R. Civ. P. 12(b)(2), the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists. See M*cNutt v.* G*eneral Motors Acceptance Corp*., 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936);*Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 83 (1st Cir. 1997). In conducting the requisite analysis under the prima facie standard, we take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim. See *Ticketmaster, Inc. v. Alioto,* 26 F.3d 201, 203 (1st Cir. 1994). We then add to the mix facts put forward by the defendants, to the extent that they are uncontradicted. See, e.g., *Topp v. Compair Inc.*, 814 F.2d 830, 836-37 (1st Cir. 1987). We caution that, despite the liberality of this approach, the law does not require us struthiously to "credit conclusory allegations or draw farfetched inferences." *Ticketmaster-N.Y.*, 26 F3d at 203.

---

[2] See all co-defendants' motions to dismiss.

4

Plaintiff's complaint makes no allegations that would support a finding that jurisdiction exists in the Massachusetts federal district court. Plaintiff was a resident of Michigan when he was involved in an automobile accident with another Michigan resident. Plaintiff filed a civil lawsuit in a Michigan court and had a jury trial. Plaintiff lost and, while still a Michigan resident, filed a complaint about the trial judge with the Michigan Judicial Tenure Commission.

It is plaintiff's burden to establish that a defendant has sufficient minimum contacts with the forum state "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co v Washington*, 326 US 310, 316, 66 S Ct 154, 90 L Ed 95 (1945). There is nothing in plaintiff's complaint that even remotely suggests that this court has either specific or general in personam jurisdiction over any of the State of Michigan defendants.

Defendants State of Michigan, Michigan State, Governor Jennifer M. Granholm, and Paul J. Fischer respectfully request that the Court dismiss plaintiff's complaint and award any other relief that it deems equitable and just.

    Respectfully submitted,

    MICHAEL A. COX
    Attorney General

    */s/ Mark E. Donnelly*
    Mark E. Donnelly (P39281)
    Assistant Attorney General
    Tort Defense Division
    P.O. Box 30736
    Lansing, Michigan 48909-8236
    Telephone: (517) 373-6434

Date:  March 10, 2006
2006/Jahm/M2D

Statement of Compliance with Local Rule 7.1(A)(2)

The undersigned counsel hereby certifies that, on March 6, 2006 I reached the plaintiff *pro se* Rashid Jahm by telephone at 616-780-1704. Mr. Jahm stated that he could not agree to the dismissal of his complaint against the State of Michigan, Michigan State, Governor Jennifer M. Granholm, and Paul J. Fischer.

   s/ Mark E. Donnelly
Mark E. Donnelly (P39281)
Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

Certificate of Service

I, Mark E. Donnelly, Assistant Attorney General, hereby certify that I have on this day served the above document upon all parties by electronic notice to ECF registered parties and by mailing a copy first class, postage prepaid to: Rashid Jahm, pro se, 49 Halleman Avenue, Lawrence, MA 01841.

   s/ Mark E. Donnelly
Mark E. Donnelly (P39281)
Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
 (517) 373-6434

Date: March 10, 2006