1

## UNITED STATES DISTRIC COURT
District of Massachusetts
1 courthouse way, suite 2300
Boston, Massachusetts. 02210
617-748-9152



FILED
IN CLERKS OFFICE

2006 MAR 16 A 18 50

US DISTRICT COURT
DISTRICT OF MASS.

Rashid Jahm
        Pro se
        Plaintiff
Vs
Paul J. Fischer
Juliana deHaan Rice
Assistant Attorney General
One Ashburton Place –Room 2019
Boston, MA. 02108
(617) 727-2200, ext. 2062

Case No:05CV11638JLT
Jury Trial Demanded

Mark E. Donnelly
    Pro Hac Vice
Attorney for defendant
State of Michigan
P. O. Box 30736
Lansing, MI. 48909
(517) 373-6434

### Plaintiff Answer with brief to Defendant Paul J. Fischer

NOW COME Plaintiff wanted to clear Facts about two cases one Lawsuit was against the police car driver who ran in to plaintiff's car and the second lawsuit plaintiff filed when plaintiff found out proofs (Police Officer admitted he did not apply break) regarding responsibility under **tort claim act- strict liability (ultra hazardous activity)** of city of walker who was the owner of the car at the time of accident Michigan has owner liability Law which imposes liability on the owner of the motor vehicle when ( Police Officer admitted he did not apply break) that alone give the rise to Strict Liability against city of walker under provision of M. C. L. 691. 1405. Craig Noland's fraudulent activity together with other against plaintiff. City of Walker and Craig Noland was party in the second lawsuit. This case was nothing to do with first police car accident. That was Dennis Leiber fabricated statement that plaintiff brought same issues in second lawsuit as was in the first lawsuit.

Paul J. Fischer has intentionally, knowingly, violating his duty to his oath and the State of Michigan and violating plaintiff constitutional right by not investigating against Dennis Leiber and Dennis Kolendra who dismissed plaintiff pip benefit claim case against State Farm insurance. If Paul J. Fischer has done investigation against these defendants then plaintiff have never went through these suffering but

he choose defendant side. Few other complaints have been made against these defendants but still Paul J. Fischer chooses defendants side. And when plaintiff called the office and talked to a person who took the application ask him why did you close the investigation. He said he cannot discuss with me and when plaintiff told him you are violating my right I will complaint to higher authority then he said our office has immunity. Paul J. Fischer encourage to defendants to violate MCR 9. 104 and MCR 9. 205, which Michigan Supreme Court imposed on defendant. Plaintiff can bring more proof through discovery. Some proof are attached

1: when Dennis Leiber warn plaintiff not to mentions against tampered pictures presented by Craig Noland. Plaintiff attorney right notes during trial on the edge of the paper sheet Judge warn Rashid. That was enough to investigate against Dennis leiber. EXHIBIT (A) Page 1

2: Dennis Leiber Forcing Plaintiff to take order of judgment which plaintiff refused to take because it was prudently prepared in front of plaintiff Oct. 4. 2002 EXHIBIT (A) Page 2, 3,

3: Dennis Leiber intentionally hearing plaintiff case even though he has been working as prosecutor for the city of Grand Rapids MI. for 12 years that was clearly conflict of interest hearing case against city of walker.

Under these proofs plaintiff believe Paul J Fischer has violated plaintiff constitutional right. This court has jurisdiction over state employee who violated plaintiff constitutional right

WHEREFORE plaintiff request to Hon. Court for relief to plaintiff from defendant and plaintiff request jury trial. So jury can decide the relief for plaintiff. And penalize the defendant in a way that it should not happen again.

Dated: March 14, 2006                    Rashid Jahm

                                         Pro se

                                         49 Hallehan Ave

                                         Lawrence, MA.01841

                                         978-258-9419

(4) Page 1
(5)

8:50
8/28/02

Day 5 of Trial

Re Cross of JAHM by Noland

6/25/51

K.3    (1)  Dr. Lassater Rept by John : No depression
                                        6 months after accd

K4     (2)  Dr. Trankly Rept by JAHM :

X25    (3)  : No depression indicated

D      (4)  : He did wear a shoulder harness
Photo 3

Photos  (5)  : Shoulder Harness — not in car.

Judge
Warned
Reed    (6)  He traveled to Pakistan — & did not say
                anything about accident

       (7)  Oct. 31, 2001 — Dr. Fox
                                ↑
                    Dr. Lassater sent him there

              A. Jury Excused
                          Re State Farm Letter
                    { Stress : (1) S.S. Benefits
Re 403              {         (2) Attack              }
                    {         (3) On going case       }

(2)

# BRANSDORFER & RUSSELL, LLP

## MEMORANDUM

To:        File

From:      SCB

Date:      October 4, 2002

Client:    Jahm

The following memorandum is dictated following the hearing on October 4, 2002, before Judge Leiber regarding: (1) the Motion for this firm to Withdraw as Counsel and (2) the Entry of Judgment based on the jury verdict.

The hearing for these motions was scheduled for 8:30 a.m. based on the Kent County Clerk's office indication that civil hearings would be held today by Judge Leiber at that time. The commencing time was wrong. Judge Leiber was scheduled to hold civil case hearings today commencing at 1:30 p.m. Accordingly, Rashid Jahm, SCB and Craig Noland waited an hour and a half before Judge Leiber came to court.

After he arrived, he discussed the pending motions in chambers with Attorney Noland and SCB. He apologized for the misunderstanding as to the time of commencement. He agreed to hold the hearings that morning. Among the matters discussed by Noland in chambers was his concern that Rashid Jahm might pose a physical threat to him. The Judge said he had been threatened many times and that Noland could treat his concern accordingly as he saw fit.

The hearing in open court on the Motions was held commencing at 10:15 a.m.

The first matter heard was the motion for this firm to withdraw as counsel. After SCB's presentation the Judge asked Rashid Jahm to respond. The thrust of his response was that he did not object to the motion but felt he was improperly treated at trial. The Judge told him to bring that up at the hearing on Entry of Judgment. During this part of the proceeding the Judge stated that he had received a letter with handwriting from Rashid Jahm regarding the Judgment. He asked Rashid Jahm as to whether a copy was sent to Noland. Jahm said, "No." The Judge told him that this was wrong and that on any matters that go to a Judge, he must give opposing counsel a copy of all such materials.

Following the hearing on this matter, the Judge stated he would enter the Order Allowing Withdrawal of this firm as counsel. The Order was then entered as prepared by SCB. A copy was then served personally on Noland and Jahm by SCB.

The next matter to be heard was Entry of the Judgment. Noland made a brief statement indicating that the Judgment was based upon the entry of the verdict in favor of defendants based on its finding in the jury verdict form; that there was no negligence or gross negligence. The Judge then called on Rashid Jahm for his response. The Judge said that he had received from Jahm a statement giving notice that Attorney Noland had committed fraud and defamation. The contents of that letter and its attachments were not read into the record but were kept by the Judge. He made a copy of those materials and gave them to Noland.

3

Jahm then made a statement to the Court making specific complaints about why the trial was not conducted fairly and contained prejudicial statements made by Noland. He referred to "9-11." He also referred to Officer Kars not putting on the brakes of his car when he struck Rashid Jahm's car. He showed the Judge two pictures of the post that Rashid Jahm's car hit when sliding off the road in the second automobile accident when he was returning from Ann Arbor. The Judge told him that had these been submitted, he would not have permitted them into evidence because of the confusion those exhibits would have created. The Judge said, "That accident was not on trial." Following a heated and oblique type recitation by Jahm, the Judge raised his voice and told him to be quiet. He said the court reporter could not take down his statements because he was talking so fast.

Following the presentation by Jahm, Judge Leiber said that he was treating the information that Jahm supplied to the Judge at this hearing as a motion for a new trial. He then said he was denying the motion for a new trial for the reason that the proofs indicated that there was no negligence or gross negligence. He said the proofs showed that Officer Kars looked to his left before going into the intersection and striking Jahm's car. He said the vision was blocked by two vehicles that had stopped to the left of the intersection. Accordingly, he said this was a "accident without fault on any party." The Judge then said, "It's your decision whether you or your lawyer take an appeal." He referred to Rashid Jahm getting the Michigan Rules of Court by calling 1-800-328-9352. The Judge explained to him that he or his other possible lawyer had to comply with the Michigan Rules of Court as to any possible appeal.

The Judge then signed the Judgment and gave confirmed copies to Noland. Noland attempted to hand a copy to Jahm. Jahm refused to accept it saying, "Put it in the mail." Judge Leiber then shouted to Jahm, "You take that paper now. I am directing you to take that now." Jahm then accepted the copy of the Judgment.

Upon returning to the office, SCB prepared a letter of today's date, 10-4-02, to Rashid Jahm enclosing the Proof of Service of the Order of Withdraw of Counsel. The letter to Jahm was mailed today also enclosing a copy of the Judgment and a copy of the applicable court rules dealing with judgment and possible appeal. The letter also stated that this office would be fully cooperative in making available all files in this case.

2

George L. McCarger

Mark E. Donnelly (P39281) Pro Hac Vice

Robert P. Powers,

Thomas R. Meagher

Judy E. Bregman

FILED
IN CLERKS OFFICE

2006 MAR 16  A 8:50

U.S. DISTRICT COURT
DISTRICT OF MASS.

## CERTIFICATE OF SERVICE

Dear Clerk

I hereby certify that a true copy of the foregoing document was served on all

know parties herein by causing a copy of the same to be mailed, postage

prepaid on March 14, 06.

Respectfully                                    Dated: 03-14-06

Rashid Jahm

49 Hallenan Ave
Lawrence, MA. 01841
978-258-9419