UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RASHID JAHM, pro se,   )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>   )<br>DENNIS D. LIEBER, et al,   )<br>   )<br>   Defendants.   )<br>   )<br>   ) | CASE NO. 05-CV-11638-JLT<br><br>HON. JOSEPH L. TAURO |

### DEFENDANT, GREAT AMERICAN INSURANCE COMPANIES', BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

### INTRODUCTION

Defendant Great American Insurance Companies ("Great American") moves to dismiss plaintiff's claims against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The plaintiff's Complaint asserts claims against Great American in three clauses (Paragraphs 76, 77, and 78) and one sentence under "Relief Requested" on page 20 of the Complaint. These claims do not state facts which constitute an actionable claim against Great American. The plaintiff's claims against Great American, therefore, are subject to dismissal for failure to state a claim upon which relief can be granted.

## ARGUMENT

Great American is mentioned by the plaintiff only on page 20 of his Complaint. The plaintiff labels a section of his Complaint on page 20 as "Defendant great [sic] American Insurance". Under that heading, paragraphs numbered 76, 77 and 78 state as follows:

76. Refuse to accept claim form [sic] professional malpractice claim.

77. And refuse to give me information about this type of insurance.

78. And refuse to give me information about what kind of professional insurance he carries. And what is cover [sic].

Under the label "Relief Requested" on page 20, the plaintiff states "Great American is liable for not cooperating with Plaintiff".

At best, the plaintiff appears to be claiming that he was unable to obtain from Great American certain information about Attorney Craig Noland's malpractice insurance. The plaintiff does not assert that Great American owed any duty to provide him with information about Attorney Noland's malpractice insurance or any duty to "cooperat[e]" with the plaintiff. The plaintiff does not assert that Great American breached any duty to him by refusing to provide him with insurance information or by "not cooperating" with him. The plaintiff asserts no legal theory and cites no statutory authority by which such a duty would be imposed on Great American. The plaintiff likewise provides no legal basis which would support his claimed right to damages from Great American for failing to provide him with information about Attorney Noland's legal malpractice insurance or for "not cooperating" with the plaintiff. The plaintiff's allegations, even if assumed to be true, do not provide any legal basis for recovery from Great American.

Fed. R. Civ. P. 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief". By any reasonable reading of plaintiff's Complaint, it clearly fails to satisfy this requirement as to Great American. The plaintiff's Complaint merely makes vague factual assertions which are not actionable on their face and which are unsupported by any meritorious legal theory of recovery. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), Great American is entitled to dismissal of plaintiff's claims against it for failure to state a claim upon which relief can be granted.

## CONCLUSION

The defendant, Great American Insurance Companies, requests that this Court grant its Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

The Defendant,
**GREAT AMERICAN INSURANCE COMPANIES**,
By its Attorneys,

**ADLER POLLOCK & SHEEHAN, P.C.**

/s/ Patrick T. Voke
Patrick T. Voke BBO #553033
175 Federal Street, 10th Floor
Boston, MA 02110
Tel.: (617) 428-0600
pvoke@apslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 27, 2006.

/s/ Patrick T. Voke
Patrick T. Voke

*376310_1*