UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RASHID JAHM, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 05-11638-JLT |
| DENNIS D. LEIBER, in his official and individual capacity as Circuit Court Judge, MARY KELLY, in her official and individual capacity as Deputy County Circuit Court Clerk, CRAIG NOLAND, SHAWN BREIMAYER, GEORGE S. BUTH, in his official and individual capacity as Circuit Court Judge, STATE OF MICHIGAN, CITY OF WALKER, MICHIGAN, GOVERNOR JENNIFER M. GRANHOLM, PAUL J. FISCHER, in his official and individual capacity, CATHERINE GARCIA-LINDSTROM, in her official and individual capacity, KEMPER INSURANCE COMPANIES, STEVEN C. COUCH, in his capacity as Assistant Vice President of Claims for Great American Insurance, MIDWEST CLAIM SERVICES, GEORGE L. McCARGAR, and STEPHEN C. BRANSDORFER, | * | |
| Defendants. | * | |

ORDER

April 5, 2006

TAURO, J.

This court hereby orders that:

1.   Defendant Craig Noland's Motion to Dismiss for Lack of Personal Jurisdiction and

1

Improper Venue [# 5] is ALLOWED as this court lacks personal jurisdiction over Defendant Noland;

2. Defendants Catherine Garcia-Lindstrom, City of Walker Police Department, and Midwest Claims Services, Inc.'s Motion to Dismiss for Want of Jurisdiction and Improper Venue [# 10] is ALLOWED as this court lacks personal jurisdiction over these three Defendants;

3. Defendant George L. McCargar's Motion to Dismiss Under Rule 12(b) [# 18] is ALLOWED as this court lacks personal jurisdiction over Defendant McCargar;

4. Defendant George L. McCargar's Motion for Judgment Under Rule 12(c) [# 19] is DENIED AS MOOT;

5. Defendants Dennis B. Leiber, George S. Buth, Mary Kelly, and Shawn Breimayer's Motion for Summary Judgment [# 33] is ALLOWED. This court lacks subject-matter jurisdiction over these Defendants under the *Rooker-Feldman Doctrine*. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923);

6. Defendant Kemper Insurance Companies' Motion to Dismiss the Complaint under Rule 12(b)(6) [# 34] is ALLOWED because Plaintiff's Complaint fails to state any facts that directly or indirectly connect Defendant Kemper Insurance Companies to Plaintiff's claims;

7. Defendants State of Michigan, Governor Jennifer M. Granholm, and Paul J. Fisher's Motion to Dismiss [# 49] is ALLOWED. This court lacks subject-matter jurisdiction over Defendant State of Michigan under the Eleventh Amendment to

the United States Constitution and lacks personal jurisdiction over Defendants Granholm and Fisher;

8. Defendant Great American Insurance Companies' <u>Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)</u> [# 54] is ALLOWED because Plaintiff's complaint fails to state any recognizable claim upon which relief can be granted as to Defendant Great American Insurance Companies, or to Steven C. Couch in his capacity as Assistant Vice President of Claims for Great American Insurance;

9. Plaintiff's complaint is DISMISSED as against Defendant Stephen C. Bransdorfer on the grounds that this court lacks personal jurisdiction over Defendant Bransdorfer;

10. Defendants Catherine Garcia-Lindstrom, City of Walker Police Department, Midwest Claims Services, Inc., and Craig Noland's <u>Motion to Stay Discovery Pending Hearing and Decision on Motions to Dismiss</u> [# 44] is DENIED AS MOOT;

11. Defendant Great American Insurance Companies' <u>Motion to Strike Plaintiff's "Answer" to Motion to Dismiss</u> [# 57] is DENIED AS MOOT; and

12. Plaintiff's complaint, for the above reasons, is DISMISSED in its entirety.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge