UNITED STATES DISTRIC COURT
District of Massachusetts
1 courthouse way, suite 2300
Boston, Massachusetts. 02210
617-748-9152

FILED IN CLERKS OFFICE
2006 APR -4 P 12: 41
U.S. DISTRICT COURT DISTRICT OF MASS.

Rashid Jahm
Pro se
Plaintiff

Case No:05CV11638-JLT
**Jury Trial Demanded**

Vs
Peabody & Arnold LLP
Patrick Dolan, BBO 564250 Attorney for Defendants
Catherine Garcia- Lindstorm in his official and individual capacity
Walker Police Department and Brian Cardecia vice president, James Youngblood of Midwest Claim services Inc
30 Rowes Warf
Boston, Ma 02110
(617) 951-4724
Defendant-Appellees

**PLAINTIFF ANSWER TO MOTION OF DEFENDANTS CATHERINE GARCIA LINDSTROM, MIDWEST CLAIM AND CRAIG NOLAND TO STAY DISCOVERY PENDING**

Now come the plaintiff Rashid Jahm pro se move this Honorable Court for demand of Compelling discovery and request by jury trial for clearly on the ground of defendants want to get away and escape from the discovery because Craig Noland and Midwest claim know lot more will come from Discovery. When plaintiff will request from both of them for10 years back documents various claimant and their settlement difference between Midwest claim and insurance carrier.

1: plaintiff have found out that Plaintiff's Attorney Steve on August 8th 2002 inquiry from Transamerica life insurance and Annuity Company of Single Life Quotations of 500,000 of structural settlement talk between Craig Noland and plaintiff attorney when the case was in the Court of Hon. Judge Donald Johnston. If this case was in the court of Hon. judge Donald Johnston. These settlements

talked have gone to resolution. But instead Craig Noland got this case in the hand of Dennis Leiber and Craig Noland was able got changed the whole out come of the case against the undisputable medical evidence by violating due process, violating constitutional right. **EXHIBIT (A) Page 1.** Was inquiry on 8-12-2002 from Mark Lavandoski **page 2**

2: plaintiff's attorney Steve on august 14, 2002 talked with Mr. Paul Lesti Legal Economic Evaluations Inc on the phone and then send him Letter as to a proposed $500,000 structural settlement summery. That time the case was in the Court of Hon. Donald Johnston Court. **EXHIBIT (A) Page 3** plaintiff was not aware of this. Only Compelling discovery will find out that where that settlement gone and why gone nowhere and what was the reason of that. Midwest claim will know that how many and what amounts of Checks was issued on Plaintiff name and who cashed them only way can be found out by Compelling discovery. Plaintiff was not aware of anything.

3: It was car accident but who reported claim under professional Liability rather auto Claim. Compelling discovery will find out if Midwest Claim reported or Craig Noland and why it was reported under professional liability.

4: Craig has own attorney how come this new joint union what is their interest with each other. Defendant attorney only filed to represent Midwest claim and Catherine Garcia- Lindstrom.

Defendants has failed to answers to plaintiff's complaint truthfully Instead bring irrelevant issues which is not relevant to case in the federal Court. Plaintiff do request to Honorable Court for compelling defendant to answer truthfully. This Court has Jurisdiction on conspiracy, violation of due process and violation of constitutional right.Jurisdiction of this action is based upon federal question jurisdiction pursuant to Title 28, United States Code, Sections 1331, 1331(a) and the Due Process Clause of Art. IV of the United States Constitution. This court has jurisdiction over plaintiff's common law claims, infra, and venue is proper

pursuant to Title 28, United States Code, Section 1391. The issue before this court is the violation of the Plaintiff's civil rights pursuant to Title 42 U. S. C. § 1983 and 1985(2) and raises federal questions and constitutional issues.

WHEREFORE, plaintiff request to Honorable Court for compelling discovery or if court will found fair to give this case to trial by jury or trial by judge as all defendant has failed to refuse to answer truthfully. Plaintiff seeks relief from all defendants for their inhuman actions and harmful act toward plaintiff. Plaintiff should be compensated in such way that as Court feel after defendants refusing to answers truthfully so defendant have closer instead defendants looking for way out without answers.

Dated: April 1, 2006

Rashid Jahm
Pro se

49 Hallenan Ave
Lawrence, MA.01841
978-258-9419

Document mailed by us postal to all
Patrick Dolan
John A. Christopher
Stephen J. Duggan
Juliana deHaan rice
George L. McCarger
Mark E. Donnelly (P39281) Pro Hac Vice
Robert P. Powers,
Thomas R. Meagher
Judy E. Bregman
Patrick, T. Voke # 553033

CERTIFICATE OF SERVICE

Dear Clerk

I hereby certify that a true copy of the foregoing document was served on all know parties herein by causing a copy of the same to be mailed, postage prepaid on April 1, 06.

/



# Transamerica Life Insurance and Annuity Company
## Qualified Single Premium Immediate Annuity (SPIA)
**Secure Rewards**

## Single Life Quotations
August 08, 2002

*These quotations are based on the information shown below, including the annuity options listed. If any of this information is incorrect or changes, the annuity payment amounts quoted below will also change.*

Owner: RASHID A JAHN
Owner's State: MI

Single Premium: $500,000.00

Annuitant: RASHID A JAHN
Annuitant Gender: Male
Date of Birth / Age: (06/25/1951) 51 Years and 1 Months
Residence State: MI

Date Premium to be Received: 08/08/2002
Date of First Annuity Payment: 09/01/2002
Frequency of Annuity Payments: Monthly
Assumed Tax Rate: 28%

| | **Lifetime Annuity** | **Lifetime Annuity With 120 Monthly Guaranteed Payments** | **120 Monthly Guaranteed Payments Only** |
|---|---|---|---|
| Standard Monthly Annuity Amount | 2,951.90 | 2,920.93 | 4,914.20 |
| Net After Tax Amount of Each Annuity Payment* | 2,125.37 | 2,103.07 | 3,538.22 |

The annuity payments shown are based on applying our current annuity purchase rates to the single premium shown.

**The rates used in this quotation will be available to you if we receive your single premium before 08/22/2002.**
If we receive your single premium after this date, the annuity purchase rates when the single premium is received will be used and, as a result, your annuity payments may be higher or lower than those shown in this quotation.

* In arriving at the Net After Tax Amount, we have assumed that your monthly annuity payments are fully taxable. However traditional IRAs (including SEP-IRAs) and certain other qualified plans or programs may include non-deductible or after-tax contributions. Transamerica is generally required to report the entire amount of the payments you receive from qualified SPIAs as income. If the single premium used to fund your qualified SPIA includes either non-deductible contributions or after-tax contributions, please consult your tax advisor.

Policy Form # 4-601 11-196

SPIA Codes: 300/312/372/485/581/656

This quotation was prepared using Sex-Distinct Rates.

2

*1100 Walnut Street*
*Kansas City, Missouri 64106*

HOME OFFICE: Charlotte, North Carolina

PRESENTS

# A CUSTOM ILLUSTRATION OF OUR SINGLE PREMIUM IMMEDIATE ANNUITY

**Secure Rewards**

FOR
Owner

PRESENTED BY

**MARK LAVANDOSKI**
161 OTTAWA NW, S-607
GRAND RAPIDS, MI 49503

License Number: 621905

August 12, 2002

# BRANSDORFER & RUSSELL, LLP

ATTORNEYS AT LAW

WALTER J. RUSSELL
STEPHEN C. BRANSDORFER

161 Ottawa Ave. NW, Suite 411-S
GRAND RAPIDS, MICHIGAN 49503-2705

MARK S. BRANSDORFER
GEORGE L. MCCARGAR III

Telephone (616) 774-8422
Facsimile (616) 774-0326
Email bandrilp@iserv.net

August 14, 2002

**Via Facsimile (650) 969-0266**

Mr. Paul Lesti
Legal Economic Evaluations, Inc.
100 Elwell Court, No. 203
Palo Alto, CA 94303

Re: Rashid Jahm v. City of Walker
Kent County Circuit Court No. 00-08794-NI

Dear Mr. Lesti:

This letter is sent pursuant to our telephone conference of yesterday regarding review of a possible structured settlement in the above case. As requested, enclosed are the following medical documents:

a) Final Report, Outpatient Neuropsychological Evaluation/Discharge Summary dated October 25, 2000, prepared by Ellen (Ballard) Crawley, Ph.D.

b) Affidavit of Philip Fox, M.D., Psychiatrist, dated February 7, 2002, and

c) Summary report from Philip S. Fox, M.D., Psychiatrist, to Linda Bradley, Claims Specialist, dated February 19, 2002

Based on our telephone conference of yesterday, I understand that you will call me and forward by facsimile documentation as to a proposed $500,000 structured settlement summary.

Thank you for your assistance in this matter. I am looking forward to working with you.

Sincerely,

BRANSDORFER & RUSSELL, LLP

Stephen C. Bransdorfer

SCB:ry
Enclosures